Henry L. Self III (California State Bar No. 223153)
Ryan W. Powers (California State Bar No. 291784)
SELF & POWERS
1645 Vine Street, Suite 307
Los Angeles, California 90028-8805
Phone: (323) 487-0383
Fax: (323) 487-0384
E-mail: hself@selfandpowers.com

Matthew F. Schwartz  * Pro Hac Vice to be filed
Brian S. Levenson  * Pro Hac Vice to be filed
SCHWARTZ, PONTERIO & LEVENSON, PLLC
134 West 29th Street, Suite 1006
New York, New York 10001
Phone: (212) 714-1200
Fax: (212) 714-1264
E-mail: mschwartz@splaw.us
E-mail: blevenson@splaw.us

Oren S. Giskan  * Pro Hac Vice to be filed
GISKAN SOLOTAROFF & ANDERSON LLP
90 Broad Street, 10th Floor
New York, New York 10004
Phone: (212) 847-8315
Fax: (646) 520-3237
E-mail: ogiskan@gslawny.com

*Attorneys for Plaintiffs*
SA MUSIC, LLC and
HAROLD ARLEN TRUST

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SA MUSIC, LLC and HAROLD ARLEN TRUST, | Case No. |
| Plaintiffs, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT AND JURY DEMAND** |
| v. | |
| APPLE INC., AMAZON.COM, INC., AMAZON DIGITAL SERVICES LLC, GOOGLE INC., GOOGLE LLC, MICROSOFT CORPORATION, PANDORA MEDIA, INC., THE ORCHARD ENTERPRISES, INC., ORCHARD ENTERPRISES NY, INC., BELIEVE, BELIEVE, SAS, BELIEVE DIGITAL SAS, ISOLATION NETWORK, INC. d/b/a INGROOVES, SECOND WIND DIGITAL, THE STATE51 CONSPIRACY LTD, NAXOS OF AMERICA, INC., PHONOFILE AS, ADASAM LIMITED, | |

CLEOPATRA RECORDS, INC., PICKWICK GROUP
LIMITED, CUGATE LTD., WNTS, IDEAL MUSIC,
SHAMI MEDIA INC., BLUE SOUNDS, TVP, INC., J.
JOES J. EDIZIONI MUSICALI, MARATHON
MEDIA INT. LTD., THOMAS COLLEY, BEST
RECORDS, WERNER LAST'S FAVOURITES JAZZ,
BROKEN AUDIO, RELOADED MUSIC, VINTAGE
MUSIC SL, ACROBAT MUSIC LTD., FUTURE
NOISE MUSIC LIMITED, PINK DOT,
PRIMEPHONIC USA INC., DWK RECORDS,
SENDDIGITAL, CTS DIGITAL, MICHAEL
BENNETT, AP MUSIC LTD, JAZZSENTIAL,
HASMICK PROMOTIONS LIMITED, HENRY
HADAWAY ORGANIZATION LIMITED,
ENTERTAIN ME LTD., OVC MEDIA, MACH60
MUSIC, AVID GROUP, IMPRESSIONS, GRALIN
MUSIC, JAZZ CO., MOVE, XELON
ENTERTAINMENT PTY. LTD., CHERISHED
RECORDS, RAILROAD, VINTAGE RECORDS,
PLENTY JAZZ RECORDS, JAZZ MOON,
FAVORITE CLASSICS, HISTORICAL JAZZ,
RARITY MUSIC, LIONFISH MUSIC, LLC, TRITON,
SMITH & CO B.V., BRISA RECORDS, CLASSICS,
ROBA MUSIC VERLAG GMBH, BACCI BROS
RECORDS, DIGITAL GRAMOPHONE, PLAZA
MAYOR COMPANY LIMITED, BLARICUM C.D.
COMPANY (B.C.D.) BV, and John Doe Distributors
and John Doe Pirate Labels 1–10,

Defendants.

## Introduction

1.      This case is about massive music piracy operations in the digital music stores and streaming services of some of the largest tech companies in the world. Apple, Amazon, Google, Microsoft, and Pandora and their distributors have joined with notorious music pirates to sell and stream thousands of pirated recordings embodying copyrighted musical works owned by plaintiffs SA Music, LLC and the Harold Arlen Trust ("Plaintiffs").

2.      Plaintiffs are the legal and/or beneficial copyright owners of musical works authored by Harold Arlen, a premier composer of American music. Arlen wrote and co-wrote some of the most popular modern songs, including *Over the Rainbow* from The Wizard of Oz and many other seminal works in the American

songbook, including *I've Got the World on a String*, *Stormy Weather*, *The Devil and the Deep Blue Sea*, *Come Rain or Come Shine*, *Get Happy*, *Ill Wind* and *It's Only A Paper Moon*. A list of Plaintiffs' copyrighted compositions at issue in this case is annexed as Exhibit A (the "Subject Compositions").

3.     Arlen's masterpieces have been recorded by the most prominent jazz and popular artists of all time, including Art Tatum, Benny Goodman, Billie Holliday, Cab Calloway, Charlie Parker, Coleman Hawkins, Count Basie, Dizzy Gillespie, Duke Ellington, Ella Fitzgerald, Etta James, Frank Sinatra, John Coltrane, Lena Horne, Louis Armstrong, Miles Davis, Ray Charles, and Sarah Vaughan to name only a few. These monumental works of art are, quite literally, national treasures.

4.     These and other recordings of Arlen's musical works have been pirated by the Defendants in this case. They are players in the digital music business that participate in, and jointly profit from, making digital phonorecord deliveries, (*i.e.*, downloads and interactive streams), of pirated recordings of the Subject Compositions.

5.     Digital phonorecord deliveries of musical recordings constitute a reproduction and distribution of the musical work embodied in the digital recording and require a negotiated license from the copyright owner of the musical composition, sometimes referred to as a "mechanical license."

6.     Defendants have failed to obtain any license that would authorize them to reproduce, distribute, sell or stream the pirated recordings of the Subject Compositions and, as a result, Defendants have infringed Plaintiffs' exclusive rights of reproduction and distribution of the Subject Compositions, under 17 U.S.C. §§ 106(1) and 106(3).

7.     Further, the activity of making digital phonorecord deliveries of pirated recordings of the Subject Compositions does not qualify for a compulsory license under Section 115 of the Copyright Act.

8.     A list of the pirated recordings of the Subject Compositions that Defendants have reproduced and distributed without authorization, including by making digital phonorecord deliveries, and various methods of reproduction and distribution, thus far identified, is set forth in the Infringement Chart annexed as Exhibit B.

9.     Over 6,000 pirated recordings of the Subject Compositions have been separately reproduced and distributed as digital phonorecord deliveries by Defendants as set forth in the Infringement Chart annexed as Exhibit B. Defendants have infringed these works in concerted and distinct distribution chains, each of which gives rise to an award for statutory damages under the Copyright Act.

10.     To put this case in context, in 2007, Jammie Thomas-Rasset, a single mother of four in Brainerd, Minnesota, was found liable, after three separate jury trials, for copyright infringement for using file sharing software that enabled the unauthorized downloading and distribution of 24 recordings by the Goo Goo Dolls and Def Leppard, among others. The juries awarded statutory damages in all three trials of up to $80,000 per infringement. The Eighth Circuit Court of Appeals ultimately affirmed statutory damages in the amount of $9,250 for each infringed recording, for a total award of $222,000. Ms. Thomas-Rassett declared bankruptcy as she had "no other option."

11.     In 2009, Joel Tenenbaum, a Massachusetts college student, who also used file-sharing software that permitted others to download 30 recordings by Limp Bizkit and Blink-182, was found liable and the jury awarded statutory damages of $22,500 per recording, for a judgment that totaled $675,000 forcing Mr. Tenenbaum to file for Chapter 7 bankruptcy.

12.     Unlike Ms. Thomas-Rassett and Mr. Tenenbaum who were not alleged to have sold their infringing recordings or profited from their conduct, Defendants in this case have engaged in massive music piracy operation for the purpose of generating profits from their sales and streams of pirated recordings and by other means.

13.     The copyright infringement operation detailed in this Complaint is only the latest in a long line of piracy schemes that have plagued composers, publishers, and record labels since the inception of the music industry over 100 years ago, when the perforated rolls used by player pianos to perform musical works were pirated. See *Aeolian Co. v. Royal Music Co.*, 196 F. 926 (W.D.N.Y. 1912).

14.     As the technology employed by the music industry to reproduce musical works advanced, bootlegging efforts by music pirates kept pace. In the 1960s and 1970s, organized criminal enterprises engaged in record and tape piracy operations on a scale that is dwarfed by the infringing conduct explained herein. Like the Defendants in this case, the "tape pirates" and "record pirates" of years past unlawfully duplicated popular pre-existing recordings, and then claimed their liability was limited by the compulsory license provision of the 1909 Copyright Act, Section 1(e).

15.     The landmark case *Duchess Music Corp. v. Stern*, 458 F.2d 1305 (9th Cir. 1972) settled the issue as to whether tape pirates could limit their liability for piracy under the compulsory license provision of the 1909 Copyright Act. In *Duchess*, the defendant tape pirate engaged in the same conduct identified in this Complaint, and claimed her conduct was lawful because the compulsory license provision of the Copyright Act authorized the reproduction and distribution of the musical works embodied on the recordings she pirated. The Ninth Circuit rejected the argument, stating, "She may not continue her piracy under the flag of compulsory licensing." The *Duchess* court concluded that the tape pirates' activity

1  was ineligible for a compulsory license and that reproduction of a musical
2  composition on a pirated recording infringed the copyright in the composition, even
3  when a compulsory license was claimed.[1]

4      16.    The holding in *Duchess* was codified when the Copyright Act was
5  revised in 1976. The statutory bar against compulsory licensing of pirated
6  recordings continues in the recent amendments to Section 115 of the Copyright Act,
7  which provides that reproduction and distribution of pirated sound recordings is an
8  activity that is ineligible for a compulsory license.

9      17.    Defendants are nothing more than modern tape pirates flying the flag of
10  compulsory licensing. Their conduct constitutes willful copyright infringement of
11  the Subject Compositions in violation of the United States Copyright Act [17 U.S.C.
12  §§ 101, 106, 115, 501, 602 *et seq.*] (the "Copyright Act").

**The Parties**

14      18.    Plaintiff SA Music, LLC is a Nevada limited liability company and
15  Sam Arlen is the sole member of the company.

16      19.    Plaintiff Harold Arlen Trust is a trust created by Harold Arlen in his
17  will. Sam Arlen is the beneficiary of the trust.

18      20.    Defendant Apple, Inc. ("Apple") is a California corporation with a
19  principal place of business in Cupertino, California.

20      21.    Defendant Amazon.com, Inc. is a Delaware corporation with its
21  principal place of business in Seattle, Washington.

22      22.    Defendant Amazon Digital Services LLC is a Delaware limited liability
23  corporation with its principal place of business in Seattle, Washington and

---

[1] The criminal conduct of "tape pirates" became a priority of the Attorney General of the United States, Edward H. Levi, in 1975 when the Justice Department determined that decisions reached by four Circuit Courts of Appeals, including the Ninth Circuit in *Duchess*, rendered tape pirates criminally liable even where the statutory royalty was tendered. See *Heilman v. Levi*, 391 F.Supp. 1106 (E.D.Wisc. 1975). Criminal copyright infringement sentences continue to this day. See *Matter of Zaragoza-Vaquero*, 26 I&N Dec. 814 (BIA 2016)(defendant sentenced to 33 months in prison and ordered to be removed from the United States for selling bootleg copies of music CDs at a Florida flea market, as a crime involving moral turpitude).

authorized to do business in California. Defendants Amazon.com, Inc. and Defendant Amazon Digital Services LLC shall be referred to collectively as "Amazon."

23.     Defendant Google, Inc. is a Delaware corporation with it principal place of business in Mountain View, California.

24.     Google LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Mountain View, California. Defendants Google, Inc. and Google LLC shall be referred to collectively as "Google."

25.     Defendant Microsoft Corporation ("Microsoft") is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, Washington and authorized to do business in California.

26.     Defendant Pandora Media, Inc. ("Pandora") is a Delaware Corporation with its principal place of business at 2101 Webster Street, Suite 1650, Oakland, CA 94612.

27.     Upon information and belief, Defendant The Orchard Enterprises, Inc. is a corporation organized under the laws of Delaware with a principal place of business at 11444 W Olympic Blvd, Los Angeles, CA.

28.     Upon information and belief, Defendant Orchard Enterprises, NY, Inc. is a corporation organized under the laws of New York with a principal place of business at 11444 W Olympic Blvd, Los Angeles, CA. Defendants The Orchard Enterprises, Inc. and Orchard Enterprises, NY, Inc. shall be referred to herein as "Orchard."

29.     Upon information and belief, Defendant Believe is a business entity organized under the laws of France with a principal place of business at 2 Place du Colonel Fabien, Paris, France.

30.     Upon information and belief, Defendant Believe, SAS is a business entity organized under the laws of France with a principal place of business at 2 Place du Colonel Fabien, Paris, France.

31.     Upon information and belief, Defendant Believe Digital SAS is a business entity organized under the laws of France with a principal place of business at 2 Place du Colonel Fabien, Paris, France. Defendants Believe, Believe, SAS, and Believe Digital, SAS shall be referred to as "Believe Digital."

32.     Upon information and belief, Defendant Isolation Network, Inc. d/b/a INgrooves ("Ingrooves") is a corporation organized under the laws of California with a principal place of business at 15821 Ventura Blvd # 420, Encino, CA.

33.     Upon information and belief, Defendant Second Wind Digital is a business entity organized under the laws of United Kingdom with a principal place of business at 34 Trinity Crescent, London, UK.

34.     Upon information and belief, Defendant The State51 Conspiracy Ltd ("State51") is a business entity organized under the laws of United Kingdom with a principal place of business at 17 Hereford Street, London, UK.

35.     Upon information and belief, Defendant Naxos of America, Inc. is a corporation organized under the laws of Tennessee with a principal place of business at 1810 Columbia Avenue Suite 28, Franklin, Tennessee.

36.     Upon information and belief, Defendant Phonofile AS is a business entity organized under the laws of Norway with a principal place of business at Storgata 7 NO-0155, Oslo, Norway.

37.     Upon information and belief, Defendant Adasam Limited is a business entity organized under the laws of United Kingdom with a principal place of business at The Allbrite Building, Darley Dale Road, Corby, Northamptonshire, UK.

38.     Upon information and belief, Defendant Cleopatra Records, Inc. is a corporation organized under the laws of California with a principal place of business at 11041 Santa Monica Blvd, Los Angeles, CA.

39.     Upon information and belief, Defendant Pickwick Group Limited is a business entity organized under the laws of United Kingdom with a principal place of business at Suite 1 Second Floor - Merritt House, Hill Avenue, Buckinghamshire, UK.

40.     Upon information and belief, Defendant Cugate Ltd. is a business entity organized under the laws of Germany with a principal place of business at Belziger Str. 72, Berlin, Germany.

41.     Upon information and belief, Defendant Shami Media Inc. is a corporation organized under the laws of New York with a principal place of business at 265 West 37th Street, New York, NY.

42.     Upon information and belief, Defendant Blue Sounds is a business entity organized under the laws of Spain with a principal place of business at 26 Carrer de Benet i Mateu, Barcelona, Spain.

43.     Upon information and belief, Defendant TVP, Inc. is a business entity organized under the laws of Florida with a principal place of business at 701 NE 195th St, Miami, Florida.

44.     Upon information and belief, Defendant J. Joes J. Edizioni Musicali is a business entity organized under the laws of Italy with a principal place of business at Via Dei Campigli 110, Verese, Italy.

45.     Upon information and belief, Defendant Marathon Media Int. Ltd. is a business entity organized under the laws of United Kingdom with a principal place of business at 69 Twyford Abbey Road, London, UK.

46.     Upon information and belief, Defendant Thomas Colley is an individual residing in the United Kingdom.

47.     Upon information and belief, Defendant Vintage Music SL is a business entity organized under the laws of Spain with a principal place of business at c/ Lepanto 339-341 Local 4, Barcelona, Spain.

48.     Upon information and belief, Defendant Acrobat Music Ltd. is a business entity organized under the laws of United Kingdom with a principal place of business at 42A Cannon Lane, Middlesex, UK.

49.     Upon information and belief, Defendant Future Noise Music Limited is a business entity organized under the laws of United Kingdom with a principal place of business at Unit 1L, Clapham North Art Centre, London, UK.

50.     Upon information and belief, Defendant Primephonic USA Inc. is a corporation organized under the laws of Delaware with a principal place of business at c/o Bailey Duquette P.C., 100 Broadway, 10th Floor, New York, NY.

51.     Upon information and belief, Defendant Michael Bennett is an individual residing in the United Kingdom.

52.     Upon information and belief, Defendant AP Music Ltd is a business entity organized under the laws of United Kingdom with a principal place of business at Gable House, London, UK.

53.     Upon information and belief, Defendant Hasmick Promotions Limited is a business entity organized under the laws of United Kingdom with a principal place of business at Unit 8 - Forest Hill Trading Estate, London, UK.

54.     Upon information and belief, Defendant Henry Hadaway Organization Limited is a business entity organized under the laws of United Kingdom with a principal place of business at Hatton House - Church Lane, Hertfordshire, UK.

55.     Upon information and belief, Defendant Entertain Me Ltd. is a business entity organized under the laws of United Kingdom with a principal place of business in London, UK.

56.     Upon information and belief, Defendant OVC Media is a business entity organized under the laws of United Kingdom with a principal place of business at 34 Salisbury Street, London, UK.

57.     Upon information and belief, Defendant Avid Group is a business entity organized under the laws of United Kingdom with a principal place of business at 15 Metro Centre Dwight Road, Watford, Hertsfordshire, UK.

58.     Upon information and belief, Defendant Xelon Entertainment Pty. Ltd. is a business entity organized under the laws of Australia with a principal place of business at 294A Bridge Road, Richmond, VIC, Australia.

59.     Upon information and belief, Defendant Lionfish Music, LLC is a limited liability company organized under the laws of New York with a principal place of business at 809 Union Street - Apt 4, Brooklyn, NY.

60.     Upon information and belief, Defendant Smith & Co B.V. is a business entity organized under the laws of Netherlands with a principal place of business at PO Box 608, 1620 AR, Hoorn, Netherlands.

61.     Upon information and belief, Defendant Brisa Records is a business entity organized under the laws of Spain with a principal place of business at Calle Llobregat (Pol Ind. El Pla), 8 - Nav 5, 8750, Molins De Rei, Barcelona, Spain.

62.     Upon information and belief, Defendant ROBA Music Verlag GmbH is a business entity organized under the laws of Germany with a principal place of business at Neue Rabenstrasse 3, Hamburg, Germany.

63.     Upon information and belief, Defendant Digital Gramophone is a business entity organized under the laws of United Kingdom with a principal place of business at 22a St Gabriels Road, London, UK.

64.     Upon information and belief, Defendant Plaza Mayor Company Limited is a business entity organized under the laws of United Kingdom with a principal place of business at Lower Ground Floor, One George Yard, London, UK.

65.     Upon information and belief, Defendant Blaricum C.D. Company (B.C.D.) BV is a business entity organized under the laws of Netherlands with a principal place of business at Dalkruidbaan 109, Capelle Aan Den Ijssel, Netherlands.

66.     Upon information and belief, Defendants Wnts, Ideal Music, Best Records, Werner Last's Favourites Jazz, Broken Audio, Reloaded Music, Pink Dot, DWK Records, SendDigital, CTS Digital, Jazzsential, Mach60 Music, Impressions, Gralin Music, Jazz Co., Move, Cherished Records, Railroad, Vintage Records, Plenty Jazz Records, Jazz Moon, Favorite Classics, Historical Jazz, Rarity Music, Triton, Classics, and Bacci Bros Records, are trade names for business entities and/or persons whose identities and locations are unknown to plaintiffs but known to the Online and/or Distributor Defendants.

## Jurisdiction and Venue

67.     The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a) because this is an action arising under the Copyright Act of 1976, 17 U.S.C. §§ 101, 106, 115, 501, 602 *et seq.*

68.     This Court has personal jurisdiction over Defendants because they do systematic and continuous business and/or have a place of business in this Judicial District. Further, Plaintiffs' copyright infringement claims arise out of the reproduction and distribution of pirated recordings of the Subject Compositions listed in Exhibit B, occurring in California, by the Pirate Label, Distributor and/or Online Defendants. The Pirate Label Defendants expressly aimed their infringing conduct at this jurisdiction by specifically selecting which Distributor and Online Defendant would distribute its pirated recordings of the Subject Compositions to for further reproduction, distribution, sales and streams, and directly engaging in and/or authorizing such infringing activity in California. The Distributor Defendants expressly aimed their infringing conduct at this jurisdiction by specifically selecting

California Pirate Label Defendants' recordings to aggregate and distribute, and/or which Online Defendant it would distribute its pirated recordings of the Subject Compositions to for further reproduction, distribution, sales and streams, and directly engaging in and/or authorizing such infringing activity in California. The Online Defendants expressly aimed their infringing conduct at this jurisdiction by selecting the pirated recordings of the California Pirate Labels and/or California Distributor Defendants to unlawfully reproduce and distribute in California and directly engaging in such activity.

69.     Venue is proper in this District pursuant to 28 U.S.C §§ 1391(b), 1391(c) and 1400(a) because Defendants are subject to personal jurisdiction in this Judicial District and have committed unlawful acts of infringement in this Judicial District. In addition, several Defendants have places of business in this Judicial District.

**Harold Arlen**

70.     Harold Arlen (1905–1986) was a master composer and a highly regarded contributor to the Great American Songbook. The son of a synagogue cantor, Arlen was born in Buffalo, New York and emerged as one of the greatest American composers and songwriters, writing extraordinarily complex melodies and harmonies that remained accessible to a broad popular audience.

71.     Early in his career, Arlen wrote songs for musicals, including the entire scores for Broadway shows such as Cotton Club Parade, Life Begins at 8:40, Bloomer Girl, St. Louis Woman, Jamaica and Saratoga, among others.

72.     Arlen was also active in Hollywood and composed the music for some of the greatest film musicals of all time, most notably all the music in the 1939 motion picture classic "The Wizard of Oz," including *Ding, Dong! The Witch Is Dead*, *We're Off To See The Wizard*, and *Over The Rainbow*.

73. *Over The Rainbow,* performed by Judy Garland in the film, won the Academy Award for Best Original Song. The song is one of the most enduring standards of the 20th century and was voted number one on the "Songs of the Century" list compiled by the Recording Industry Association of America and the National Endowment for the Arts. The American Film Institute also ranked *Over The Rainbow* the greatest movie song of all time.

74. Arlen successfully collaborated with the greatest of the Tin Pan Alley lyricists, including E.Y. "Yip" Harburg, Ira Gershwin, Johnny Mercer, Leo Robin and Ted Koehler.

75. Arlen's partnership with Harburg extended over many decades. With Billy Rose, they wrote *It's Only A Paper Moon* in 1933. They followed up with a successful revue, Life Begins at 8:40, which included lyric collaborations with his old friend, Ira Gershwin, including *Fun to Be Fooled*, *You're A Builder Upper*, and *Let's Take A Walk Around The Block*.

76. Arlen was inducted into the Songwriters Hall of Fame in 1971 and was honored with its highest accolade, the Johnny Mercer Award, in 1982.

77. In 1996, Arlen was honored and memorialized by the United States Postal Service with his own stamp:



**Plaintiffs**

78.     Harold Arlen's son, Sam Arlen, acquired the U.S. copyrights in the Subject Compositions between 1989 and 2013, by termination notices that he, as sole statutory heir under Section 304 of the Copyright Act of 1976, served and filed with Copyright Office.

79.     In 2018, Sam Arlen assigned the U.S. copyrights in the Subject Compositions, as set forth in the Composition Chart annexed as Exhibit A, along with all accrued causes of action, to his company, SA Music, LLC. SA Music, LLC is the legal and/or beneficial owner of all the Subject Compositions identified in Exhibit A, along with all accrued causes of action.

80.     Plaintiff Harold Arlen Trust acquired the U.S. copyrights identified in the Composition Chart annexed as Exhibit A by operation of will and through termination notices served and filed by Harold Arlen during his lifetime with the U.S. Copyright Office under Section 304 of the Copyright Act of 1976.

81.     Plaintiff Harold Arlen Trust is the legal owner of certain of the Subject Compositions as identified in Exhibit A, along with all accrued causes of action.

**The Subject Compositions**

82.     Plaintiffs are owners of the musical compositions listed in the Composition Chart annexed as Exhibit A (collectively, the "Subject Compositions") that are the subject of this action.

83.     The copyrights for all the Subject Compositions have been registered and renewed with the U.S. Copyright Office, and each Subject Composition is the subject of a valid U.S. copyright. The Composition Chart annexed as Exhibit A identifies the copyright registration numbers for each of the Subject Compositions.

84.     Plaintiffs are the owners of a 50% copyright interest in each of the Subject Compositions, except where a lesser percentage is indicated on Exhibit A.

85.     As discussed more fully below, the Defendants have infringed, and are continuing to infringe, the copyright in each of the Subject Compositions by willfully reproducing and distributing them without a license.

## Background

86.     Defendants each fall into at least one of three categories of participants in the digital music business: (a) online digital music stores and streaming services (listed in paragraphs 132 through 148 below); (b) distributors; and (c) pirate record imprints/labels (identified in Exhibit C).

87.     Before digital music distribution, recorded music was physically distributed through brick-and-mortar stores that were confined by the limitations of shelf space. Recording artists signed exclusive recording contracts with record labels in order to have their records pressed and distributed in national record stores.

88.     It is hard to imagine that a person walking into Tower Records, off the street, with arms full of CDs and vinyl records and claiming to be the record label for Frank Sinatra, Louis Armstrong and Ella Fitzgerald, could succeed in having that store sell their copies directly next to the same albums released by legendary record labels, Capitol, RCA and Columbia, and at a lower price.

89.     Yet, this exact practice occurs every day in the digital music business, where there is unlimited digital shelf space (for example, there are more than 40 million recordings in the iTunes store) and a complete willingness by the digital music stores and services to seek popular and iconic recordings from any source, legitimate or not, provided they participate in sharing the proceeds.

90.     The iconic status of the pirated recordings of the Subject Compositions at issue in this case cannot be overstated. Any list of the most popular singers and musicians of any period between 1930 and 1970 would be replete with the artists who have recorded Arlen's works, some of them multiple times.

91.     For example, Frank Sinatra recorded many of Arlen's works over the course of his celebrated career. In 1953, after a decline in popularity and record sales, Sinatra switched labels from Columbia to Capitol Records. One of his first recording sessions with his new label was with Capitol arranger and conductor Nelson Riddle.

92.     After recording, *I've Got The World On A String*, Sinatra told Riddle it was "Beautiful!", and could not hide his enthusiasm, exclaiming, "I'm back, baby, I'm back!" Capitol released *I've Got The World On A String* as a single in 1953:



93.     Capitol re-issued the recording on the album This Is Sinatra! in 1956:



94.     Capitol continues to sell the recording to this day, including as part of the album Frank Sinatra: The Complete Capitol Singles Collection:



95.     While Capitol (now part of Universal Music Group) is the only entity that has the right to do so, it is not the only one reproducing and distributing the Sinatra 1953 recording of *I've Got The World On A String.* Defendants have also reproduced and distributed at least 29 pirated or "bootleg" copies of this recording of Plaintiffs' composition under at least nine different imprints.

96.     Similarly, Lena Horne recorded *Stormy Weather* for the movie of the same title which, in 2001, was selected for the US National Film Registry by the Library of Congress as being "culturally, historically, or aesthetically significant." Horne first recorded *Stormy Weather* in 1942 and the track was released by RCA Victor as part of Moanin' Low – Torch Songs by Lena Horne:

 

97.     RCA continues to sell and stream this recording, including on The Classic Lena Horne, released as part of its "RCA 100 Years of Music" series:



98.     While RCA (now part of Sony) alone has the legal right to do so, it is not the only one reproducing and distributing this historic recording. Defendants have also reproduced and distributed over 100 "bootleg" copies of this recording embodying the *Stormy Weather* composition under at least 25 different imprints.

99.     As another example, the 1933 recording of *Stormy Weather* by Ethel Waters originally released by Brunswick, is one of only 500 recordings selected by the Librarian of Congress for inclusion in the National Recording Registry as "culturally, historically or aesthetically important, and/or inform or reflect life in the United States":



1    100.   Defendants have reproduced and distributed no less than 58 "bootleg"

2    copies of this recording of *Stormy Weather* under 16 different imprints.

3    101.   The Sinatra, Horne and Waters recordings identified above have all

4    been inducted into the Grammy Hall of Fame established by the Recording

5    Industry's National Trustees in 1973 to honor recordings of lasting qualitative or

6    historical significance.

7    102.   Like the Sinatra, Horne, and Waters recordings, all the recordings on

8    the Infringement Chart (Exh. B) embodying the Subject Compositions are pirated

9    copies, or "bootlegs." Defendants' digital phonorecord deliveries of these pirated

10   copies were all made without authorization from the copyright owners of the sound

11   recordings or those who originally "fixed" them as required by Section 115

12   (discussed below), or the copyright owners of the Subject Compositions.

13   103.   In many cases, the bootleggers have also appropriated the cover art

14   from the original release. For example, Amazon currently offers two copies of the

15   1964 Ethel Ennis recording of Harold Arlen's classic, *For Every Man There's A*

16   *Woman*: the legitimate RCA (Sony) release, selling for $1.29 (depicted below, left,

17   with RCA logo circled) and a pirated copy released by pirate label Stardust Records,

18

19

20

21

22

23

24

25

26

27

28

with RCA's logo removed from the album cover art, selling for $0.89 (depicted below, right):

 

**RCA single: $1.29**                    **Stardust single: $0.89**

104.    There are many other examples. The pirate label Pickwick Group Limited is selling John Towner Williams' 1958 recording of *I've Got the World On A String* under its Cool Note imprint on Amazon directly next to a legitimate copy sold by the actual label that produced the 1958 recording, Bethlehem Records. The only difference is that Pickwick has removed the Bethlehem logo from its cover art and sells its album for $2.50 less:

 

**Bethlehem album: $9.49**                 **Pickwick album: $6.99**

105.    Pickwick likewise sold pirated copies of Benny Goodman's 1955 recording of *Get Happy* in the Google Play and Amazon stores alongside the

legitimate copy from Capitol Records. Again, the only significant difference between the releases is that Pickwick removed Capitol's logo and lowered the price.

 

**Capitol album: $7.99**          **Pickwick album: $6.99**

106. Defendants all generate illicit revenue for themselves when these and other pirated copies are sold or distributed. Plaintiffs have not authorized any reproduction or distribution of these pirate recordings of the Subject Compositions (or any identified on Exhibit B) and it is an infringement for which the Pirate Label, Distributor and Online Defendants are jointly and severally liable.

### The Pirated Recordings

107. The same deceit and manipulation are at work in all of the infringements identified in Exhibit B. Defendants have taken recordings of the Subject Compositions – in which they hold no rights – and reproduced and distributed pirated copies of them to the public as downloads and interactive streams.

108. Virtually all of the recordings at issue in this case were originally made between 1930 and 1972. Because of the consolidation in the music industry, many of the record labels that originally released these recordings have been acquired or otherwise consolidated by the three remaining major labels, Sony, Universal, and Warner, and their catalogs were absorbed into the major labels' "back catalog." This consolidation occurred well before the first digital music stores started operating in the early 2000s.

109.   Since virtually none of the Pirate Label Defendants existed prior to the year 2005, let alone originally "fixed" any of the relevant recordings, the only way for them to acquire the rights to distribute them would be to purchase or license rights in these recordings.

110.   There is, however, no record of any of the Pirate Label Defendants ever having acquired permission or the rights to reproduce or distribute any of these back catalog recordings from the major labels.

111.   Upon information and belief, the Pirate Label Defendants are simply duplicating pre-existing recordings made by others without permission, and joining with the Distributor and Online Defendants to make digital phonorecord deliveries of the pirated copies of the recordings of the Subject Compositions in their stores and services.

**The Pirate Label Defendants**

112.   The Pirate Label Defendants are individuals or companies that duplicate old vinyl records, or other pre-existing recordings, "phonorecords," embodying the Subject Compositions, made by others, without permission. The Pirate Label Defendants then distribute these pirated digital recordings of the Subject Compositions to the Distributor Defendants, who make copies, and authorize the Distributor Defendants to make digital phonorecord deliveries in the Online Defendants' stores and services.

113.   The Pirate Label Defendants are modern-day descendants of "tape pirates." As explained in *Heilman v. Levi*, 391 F.Supp. 1106 (E.D. Wisc 1975): "[Tape pirates] purchase records and tapes, manufactured by others, on the open market and then duplicate or copy the recordings on their own sound equipment and offered the duplicated recordings for sale to the general public at a price well below the retail price of the original recordings. A 'tape pirate' need only purchase a single legitimate sound recording and reproduce it. The 'pirate' bears none of the costs of

arranging and recording the music and because pirates copy only successful recordings, they bear none of the risk of failure to which legitimate record companies expose themselves in acquiring musical rights and marketing appeal."

114.   In some instances, the "skips," "pops" and "crackles" of a well-worn vinyl record unlawfully duplicated by the Pirate Label Defendants is captured in the digital copies they distribute and sell through the Distributor Defendants and Online Defendants.

115.   For example, Cleopatra Records, Inc. ("Cleopatra") is one of the largest infringers in this case and is responsible for multiple pirate label imprints Burning Fire, Classic Music International, Cleopatra, Goldenlane Records, Magic Gold Records, Master Classics, Mocking Bird, Rolled Gold Classics, Screenland Records, Soundtrack Classics, Stardust, Stereo Magic Records, and Vintage Masters. Cleopatra is a California corporation started in 1992 with principal offices located at 11041 Santa Monica Blvd PMB #70, Los Angeles California 90025.

116.   Upon information and belief, Cleopatra has been one of the Online Defendants' single largest record label sources of digital recordings for their U.S. stores, at times having been the record label responsible for as much as 1% of the entire catalogs of iTunes and its competitors, with hundreds of thousands of recordings, outpacing even the major record labels.

117.   In some cases, the Pirate Label Defendant is an individual. For example, Thomas Colley is an individual residing in the United Kingdom responsible for the following pirate label imprints: Magnitude Records, Sixth Right Records, Seventh Right Records, Eighth Right Records, Ninth Right Records and Tenth Right Records.

118.   The Pirate Label Defendants are identified in the Pirate Label Chart annexed as Exhibit C which sets forth the assumed or "imprint" name used by the

Pirate Label Defendants in the Online Defendants' stores and services to sell and stream the pirated digital recordings of the Subject Compositions.

119. Upon information and belief, each Pirate Label Defendant is a person or a corporation or other business entity formed and operating under the laws of the corresponding country listed in Exhibit C. To the extent Plaintiffs have been able to identify the Pirate Label Defendant responsible for a particular imprint, the information is provided in the Pirate Label Chart. To the extent possible, the Pirate Label Chart identifies the parent entity or person that operates under the names of the pirate label imprints at issue in this case and sets forth the business address for the parent entity, including its home country.

120. The Pirate Label Defendants have made pirated copies of recordings embodying the Subject Compositions, and distributed them to the Distributor and Online Defendants, and authorized their making of digital phonorecord deliveries, as specifically set forth in the Infringement Chart annexed as Exhibit B.

121. In addition to the named Pirate Label Defendants, there are additional persons and/or labels ("John Doe Pirate Label Defendants") whose identities are not yet known who have reproduced and distributed the digital recordings embodying the Subject Compositions to the Retailer and Distributor Defendants. The identities of the John Doe Pirate Labels are known to the Distributor Defendants because they have contracts with, and make payments to, the John Doe Pirate Labels when the digital recordings they supply are sold or streamed.

122. Similarly, the Online Defendants know the identity of the distributor for each of the John Doe Pirate Labels because they pay royalties to the distributor of the John Doe Pirate Label each time its pirated recording is sold or streamed.

**The Distributor Defendants**

123.   The Distributor Defendants engage in the worldwide distribution of digital music through digital music stores and music streaming services, including the Online Defendants' stores and services.

124.   The Distributor Defendants are specifically selected and contracted by the Online Defendants (and other digital music stores and services) to provide their digital music catalogs to be sold and streamed in their respective stores and services on negotiated financial terms.

125.   The Distributor Defendants collect and aggregate recordings to distribute from the Pirate Label Defendants. The Distributor Defendants reproduce the recordings, digitally encode the recordings into multiple formats for distribution to and by digital music stores and streaming services, including those operated by the Online Defendants, and receive a share of the revenue when the recordings they distribute are sold or streamed.

126.   The Distributor Defendants have unlawfully reproduced the pirated copies of the recordings of the Subject Compositions and distributed them to the Online Defendants, and authorized their making of digital phonorecord deliveries, as specifically set forth in the Infringement Chart annexed as Exhibit B.

127.   In many cases, however, Plaintiffs have not yet identified the party responsible for distributing the pirated copies of the recordings embodying the Subject Compositions. The Online Defendants know who supplied them with these pirated copies of the recordings of the Subject Compositions because they pay royalties to these distributors when their pirated copies are sold or streamed.

128.   To the extent Plaintiffs have identified the distributor of a recording, the information is provided in the Infringement Chart annexed as Exhibit B.

129.   In addition to the named Distributor Defendants, there are a number of distributors ("John Doe Distributor Defendants") whose identity is unknown to

Plaintiffs, who have reproduced and distributed the pirated copies of the recordings embodying the Subject Compositions to the Online Defendants.

130.    The identities of these John Doe Distributors are known to the Pirate Label and Online Defendants. The Pirate Label Defendants have contracts with the John Doe Distributor Defendants, receive payments from the John Doe Distributor Defendants when the pirated copies of recordings they supply are sold or streamed, and use the John Doe Distributor Defendants' software and/or website to manage their catalogs of pirated recordings available in the Online Defendants' stores and services and to track sales and streams.

131.    Similarly, the Online Defendants have selected the John Doe Distributor Defendants for inclusion of their catalogs in their stores and streaming services, negotiated contracts with them, accepted their digital music for distribution, and made payments to the John Doe Distributor Defendants based on the number of times they make digital phonorecord deliveries of the pirated recordings.

**The Online Defendants**

132.    Apple, Amazon, Google, Microsoft and Pandora (collectively, the "Online Defendants") own and operate some of the largest digital music stores and streaming services in the world. The Online Defendants profit from selling and/or streaming digital musical recordings. The Online Defendants limit the recordings in their online stores and streaming services to those distributed by distributors they have selected and with whom they have negotiated contracts.

133.    The more recordings and albums the Online Defendants make available in their stores and services, the better they are able to attract buyers and subscribers. Throughout their short stints in the music business, the Online Defendants have frequently advertised the number of recordings available in their stores and services to attract additional streaming subscribers and download purchasers.

134.   The Online Defendants reproduce and distribute pirated copies of recordings of the Subject Compositions they receive from the Pirate Label and Distributor Defendants, including as downloads and interactive streams, among other types of digital phonorecord deliveries.

### *Apple*

135.    Apple owns and operates the U.S. iTunes Store ("iTunes"), a digital music store. iTunes opened in April 2003 and has been the largest music vendor in the United States since April 2008 and the largest music vendor in the world since February 2010. As of January 2017, the iTunes Store offered between 35–40 million recordings for download.

136.   Apple also owns and operates Apple Music, a subscription music-streaming service that enables users to select music from the iTunes catalog to stream to various devices on-demand. The Apple Music streaming service also offers subscribers the ability to download copies of the tracks that are available for streaming. In May 2018, Apple Music reportedly had over 50 million subscribers.

### *Amazon*

137.   Amazon owns and operates Amazon Music, a software-based digital media store. Amazon launched the service originally as "Amazon MP3" in September 2007. Amazon currently offers a catalog of over 40 million tracks for sale as digital downloads.

138.   In addition to digital purchases, Amazon Music also serves streaming music through Prime Music and Music Unlimited. Amazon Prime has over 100 million subscribers and offers access to a streaming catalog of over 2 million tracks. Amazon Unlimited is a full-catalog streaming service that has been available as subscription since late 2016 and currently has tens of millions of subscribers, all of whom have access to stream the entire Amazon MP3 catalog on a subscription basis

for monthly fees ranging from $3.99 to $14.99, depending on the number of devices, users, and whether the subscriber is an Amazon Prime member.

### *Google*

139.   Google has owned and operated various digital music stores and streaming services since 2011, including Google Music, Google Play, and, currently, Google Play Music.

140.   Google Play Music is a digital music store that currently has a catalog of over 40 million tracks for sale. Google offers subscription music-streaming services that enable users to select music from the Google Play catalog to stream to various devices on-demand. The Google Play Music streaming service also offers subscribers the ability to purchase download copies of the tracks that are available for streaming. Google has over 7 million streaming music subscribers.

### *Microsoft*

141.   Microsoft has owned and operated several digital music services, including Zune, Xbox Music, and Groove Music, a subscription music-streaming service that enables users to select music from the Microsoft catalog to stream to various devices on-demand.

142.   Microsoft's digital music stores offered a catalog of over 18 million tracks for sale as individual digital downloads. Groove Music subscribers had access to stream the Microsoft catalog on a subscription basis. Before it ceased operation on December 31, 2017, the Groove streaming service also offered subscribers the ability to download copies of the tracks that were available for streaming.

### *Pandora*

143.   Pandora has owned and operated several music streaming services, including Pandora Premium, a subscription music-streaming service that enables users to select music from the Pandora catalog to stream to various devices on-demand.

144.   The Pandora Premium streaming service also offers subscribers the ability to download copies of the tracks that are available for streaming. Pandora Premium currently has over 4 million subscribers who all have access to the Pandora catalog of over 30 million tracks on a paid subscription basis.

145.   iTunes, Apple Music, Amazon MP3, Amazon Music Unlimited, Amazon Prime Music, Google Music, Google Play, Google Play Music, Zune, Xbox, Groove Music and Pandora Premium are collectively referred to herein as the Online Defendants' "stores and services."

146.   The Infringement Chart at Exhibit B sets forth each pirated recording of the Subject Compositions identified thus far by Plaintiffs that the Online Defendants have reproduced and made available for digital phonorecord deliveries in their stores and services without authorization and the specific type of reproduction, distribution, and/or digital phonorecord delivery made ("Method").

147.   The Online Defendants have the right and ability to supervise or control the reproduction and distribution of pirated copies of recordings of the Subject Compositions in their stores and services and receive a direct financial interest from this activity.

148.   Upon information and belief, there are additional online music stores and streaming services that are distributing pirated recordings of the Subject Compositions without authorization, identified here as John Doe Defendants. The Pirate Label and Distributor Defendants have knowledge of the identities of these John Doe Defendants.

**Defendants Have Infringed the Subject Compositions**

149.   Section 115 of the Copyright Act expressly excludes Defendants' activity of making digital phonorecord deliveries of pirated recordings of the Subject Compositions as an activity that is eligible for a compulsory license and

1  Defendants have failed to obtain any licenses for the Subject Compositions that

2  authorize such activity.

3      150.   Upon information and belief, some Defendants may have attempted to

4  obtain licenses to make digital phonorecord deliveries of the pirated recordings of

5  the Subject Compositions identified on the Infringement Chart from the Harry Fox

6  Agency ("Harry Fox" or "HFA").

7      151.   Harry Fox licenses, however, adopt the terms of Section 115 and are

8  therefore not available for pirated recordings.

9      152.   In addition, upon information and belief, some Online Defendants may

10  have engaged third party services such as Music Reports, Inc., and RightsFlow to

11  obtain compulsory licenses for digital phonorecord deliveries the Online Defendants

12  make, however, the activity of making digital phonorecord deliveries of pirated

13  recordings of the Subject Compositions is not eligible for a compulsory license so

14  any such attempt is ineffective.

15              **Unauthorized Digital Phonorecord Deliveries**

16      153.   The various unauthorized types of unauthorized reproductions,

17  distributions, and/or digital phonorecord delivery configurations of pirated

18  recordings of the Subject Compositions by Defendants (the "Methods" in Exhibit B)

19  are discussed briefly below.

20                      *Permanent Downloads*

21      154.   Permanent download means a digital transmission of a sound recording

22  of a musical work in the form of a download, where such sound recording is

23  accessible for listening without restriction as to the amount of time or number of

24  times it may be accessed.

25      155.   All the Online Defendants except for Pandora have sold permanent

26  downloads of the pirated recordings of the Subject Compositions to their customers

27  ("PD" on the Infringement Chart).

28

1   156.   Permanent downloads of pirated recordings of the Subject

2   Compositions require licenses from the copyright owners of the Subject

3   Compositions and Defendants all failed to obtain such licenses for each entry on the

4   Infringement Chart.

5   157.   The Defendants' respective permanent downloads of pirated recordings

6   of the Subject Compositions infringe Plaintiffs' exclusive reproduction and

7   distribution rights under 17 U.S.C. § 106(1) and (3).

8   *Limited Downloads*

9   158.   Limited Download means a digital transmission of a sound recording of

10   a musical work in the form of a download, where such sound recording is accessible

11   for listening only a limited amount of time or specified number of times.

12   159.   All of the Online Defendants made or make available limited

13   downloads of pirated recordings of the Subject Compositions to their customers

14   ("LD on the Infringement Chart").

15   160.   Limited downloads of pirated recordings of the Subject Compositions

16   require licenses from the copyright owners of the Subject Compositions and

17   Defendants all failed to obtain such licenses for each entry on the Infringement

18   Chart.

19   161.   The Defendants' respective limited downloads of pirated recordings of

20   the Subject Compositions infringe Plaintiffs' exclusive reproduction and distribution

21   rights under 17 U.S.C. § 106(1) and (3).

22   *Interactive Streams*

23   162.   Interactive stream means a digital transmission of a sound recording of

24   a musical work in the form of a stream, where the performance of the sound

25   recording by means of such transmission is not exempt under 17 U.S.C. § 114(d)(1)

26   and does not in itself, or as a result of a program in which it is included, qualify for

27   statutory licensing under Section 114(d)(2).

28

163.    The Online Defendants all make or made available interactive streams of pirated recordings of the Subject Compositions to their customers ("ST" on the Infringement Chart).

164.    Interactive streams of pirated recordings of the Subject Compositions require licenses from the copyright owners of the Subject Compositions and Defendants all failed to obtain such licenses for each entry on the Infringement Chart.

165.    The Defendants' respective interactive streams of pirated recordings of the Subject Compositions infringe Plaintiffs' exclusive reproduction and distribution rights under 17 U.S.C. § 106(1) and (3).

### *Promotional Clips*

166.    The Online Defendants (except for Pandora) all have a feature in their online music stores that allow users to interactive stream a sample, promotional clip, of the recordings that are available for sale as permanent downloads.

167.    Promotional clips ("PC" on the Infringement Chart) are 30–90 seconds long and their purpose is to encourage the purchase of the tracks as permanent downloads.

168.    Promotional clips of pirated recordings of the Subject Compositions are interactive streams that require a license from the copyright owners of the Subject Compositions and Defendants all failed to obtain such licenses for each entry on the Infringement Chart.

169.    The Defendants' respective promotional clips of pirated recordings of the Subject Compositions infringe Plaintiffs' exclusive reproduction and distribution rights under 17 U.S.C. § 106(1) and (3).

### *Scan and Match*

170.    Apple, Amazon, and Google have offered scan and match services such as iTunes Match, Amazon Scan and Match, Google Scan and Match on a

subscription basis ("SM" on the Infringement Chart). For a fee, these scan and match services scan the customer's hard drive for music files contained thereon and compare the user's music files with those stored on the Online Defendant's cloud service.

171.   When a match is made, the Online Defendant makes a digital phonorecord delivery of the cloud server copy to the customer. The scan and match service requires a mechanical license.

172.   Scan and match of pirated recordings of Subject Compositions are digital phonorecord deliveries that require a license from the copyright owners of the Subject Compositions and all of the Defendants failed to obtain such licenses for each entry on the Infringement Chart.

173.   The Defendants' respective scan and match digital phonorecord deliveries of pirated recordings of the Subject Compositions infringe Plaintiffs' exclusive reproduction and distribution rights under 17 U.S.C. § 106(1) and (3).

### Server Copies

174.   Defendants have all reproduced the pirated recordings of the Subject Compositions identified in the Infringement Chart annexed as Exhibit B on their respective servers as server copies ("SC" on the Infringement Chart), including the server copies of the Online Defendants' stores and services.

175.   Server copies of pirated recordings of the Subject Compositions are reproductions that require a license from the copyright owners of the Subject Compositions and all Defendants failed to obtain such licenses for each entry on the Infringement Chart.

176.   The Defendants' respective server copies of pirated recordings of the Subject Compositions infringe Plaintiffs' exclusive reproduction and distribution rights under 17 U.S.C. § 106(1) and (3).

### *Making Available*

177.   Defendants have made and (except for Microsoft) continue to make the pirated recordings of the Subject Compositions available to the public for digital phonorecord deliveries as reflected on the Infringement Chart annexed as Exhibit B by uploading and/or offering pirated recordings of the Subject Compositions in the Online Defendants' stores and streaming services or authorizing the same.

178.   The Defendants' making available ("MA" on the Infringement Chart) pirated recordings of the Subject Compositions requires a license from the copyright owners of the Subject Compositions and Defendants all failed to obtain such licenses for each entry on the Infringement Chart and Defendants have infringed Plaintiffs' exclusive distribution rights under 17 U.S.C. § 106 as a "deemed distribution." *A&M Records v. Napster*, 239 F.3d 1004, 1014 (9th Cir. 2001); *Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d 701 718–19 (9th Cir. 2007).

### *Importation*

179.   Importation of phonorecords of a musical composition acquired outside the U.S. requires authorization of the owner of the copyright of the musical composition under Section 602 of the Copyright Act. Importation without the authority of the owner of the copyright in that composition is an infringement of the exclusive distribution rights under 17 U.S.C. § 106(3).

180.   The Online, Distributor and foreign Pirate Label Defendants have all engaged in the unauthorized importation ("IM" on the Infringement Chart) of phonorecords of the Subject Compositions, acquired outside the U.S., by digital phonorecord delivery, or other delivery of phonorecords.

181.   The Pirate Label Chart and Distributor Charts annexed as Exhibits C and D set forth the country in which each of the Pirate Labels and Distributors is based and doing business.

182.   Many of the Pirate Label Defendants are located in foreign countries. These foreign Pirate Label Defendants, together with the Distributor Defendants and Online Defendants, have engaged in the importation of phonorecords embodying pirated recordings of the Subject Compositions into the United States by digital phonorecord delivery, or other delivery of phonorecords.

183.   None of the Defendants distributing the foreign Pirate Label Defendants' recordings of the Subject Compositions identified in the Infringement Chart annexed as Exhibit B obtained importation authorization from the copyright owners of the Subject Compositions.

184.   The Defendants' respective importations of pirated recordings of the Subject Compositions infringe Plaintiffs' exclusive importation rights under 17 U.S.C. § 602 and distribution rights under 17 U.S.C. § 106(3).

### *Exportation*

185.   Exportation of phonorecords, the making of which constituted an infringement of copyright, requires authorization of the copyright owner under Section 602 of the Copyright Act.

186.   Upon information and belief, Cleopatra, Amazon, Apple, Google, and unidentified Distributor Defendants have engaged in the unauthorized exportation ("EX" on the Infringement Chart) of phonorecords of pirated recordings of the Subject Compositions as identified on the Infringement Chart at Exhibit B by digital phonorecord delivery to the Amazon and Apple's online store in the United Kingdom (identified as "Amazon (UK)" and "iTunes (UK)" on the Infringement Chart) without authorization for exportation from Plaintiffs and the co-owners of the Subject Compositions.

187.   The Defendants' respective exportation of pirated recordings of the Subject Compositions constitutes infringement of Plaintiffs' exclusive rights of exportation under 17 U.S.C. § 602.

*Illegal Downloading Prior to Exportation*

188.   Defendants Cleopatra, Amazon, Apple, Google, and the unidentified John Doe Distributor Defendants, are engaged in a systematic process of illegally downloading pirated copies of recordings of the Subject Compositions in the U.S. prior to distributing or exportation of these works to the U.K. (also "EX" on the Infringement Chart). Many of the pirated recordings of the Subject Compositions made by Cleopatra are exclusively made available for downloads and streams in Amazon's, Google's, and Apple's foreign digital music stores and services.

189.   Cleopatra, the John Doe Distributors, Amazon, Google, and Apple have each reproduced server copies of the pirated recordings of the Subject Compositions in the U.S. without any authority whatsoever to make these reproductions, the identical activity for which Ms. Thomas-Rassett and Mr. Tenenbaum were liable (see paragraphs 10–12 above).

190.   Any reproduction of the Subject Compositions in the United States without a license from the copyright owners is an infringement of the copyright owners' rights under 17 U.S.C. § 106(1) ("the owner of the copyright has the exclusive right to . . . reproduce the copyrighted work in copies or phonorecords."). Whatever foreign copyright laws may say, the U.S. Copyright Act governs reproductions in the U.S. and distributions or exportation from the U.S.

191.   Defendants' respective unauthorized downloading of pirated recordings embodying the Subject Compositions prior to exportation constitutes infringement of Plaintiffs' exclusive rights under 17 U.S.C. § 106(1).

### Willfulness

192.   The infringing conduct of all of the Defendants is willful. The Pirate Labels know that they do not have authorization for reproduction, distribution, importation and exportation of the Subject Compositions on pirated recordings.

193.   Similarly, the Distributor Defendants do not perform any investigation or due diligence to confirm that the Pirate Labels have any authorization to make, or authorize the making of digital phonorecord deliveries, or the importation and exportation, of pirated recordings of the Subject Compositions. Several of the Distributor Defendants have had knowledge of the infringing conduct of many of the Pirate Label Defendants for several years and have continued to make digital phonorecord deliveries of the pirated recordings they provide without any licenses for the musical compositions, and/or were recklessly indifferent or willfully blind to their own infringing conduct.

194.   Finally, the Online Defendants have had knowledge of their own infringing conduct and that of many of the Pirate Label and Distributor Defendants for several years and have continued to work with them and make digital phonorecord deliveries and other reproductions and distributions of the pirated recordings the Pirate Labels and Distributor Defendants provide their stores and streaming services, and/or were recklessly indifferent or willfully blind to their own infringing conduct.

195.   In addition to the recordings identified in the Infringement Charts identified below, there are believed to be many other pirated recordings of the Subject Compositions that Defendants have reproduced and distributed without authorization, including by making digital phonorecord deliveries in the Online Defendants' stores and services that Plaintiffs have not yet identified or that are no longer available.

196.   The infringement by Defendants of each Subject Composition on each pirated recording identified in the Infringement Charts at Exhibits B1–B217 began as of the date of upload, receipt, and/or reproduction by the Online Defendants of server copies of the pirated recordings designated for reproduction and distribution by the Pirate Label and Distributor Defendants and continues to the present (except

for Microsoft which ceased to do so on December 31, 2017). The infringements identified in Exhibits B1–B217 all occurred and were first discovered by the respective Plaintiffs within three years of filing this Complaint.

197.   By their conduct described above, defendants have infringed and are continuing to infringe Plaintiffs' copyrights on a regular basis in violation of 17 U.S.C. §§ 101, 106, 115, 501, 602 *et seq.*

198.   As a direct and proximate result of Defendants' infringement, Plaintiffs are entitled to statutory damages under 17 U.S.C. § 504(c).

199.   Defendants' infringement is and has been willful, intentional, purposeful and with willful disregard of the rights of Plaintiffs. Anything less than maximum statutory damage awards would encourage infringement, amount to a slap on the wrist, and reward multibillion and trillion dollar companies that rule the digital music markets for their willful infringement on a grand scale.

200.   Plaintiffs are also entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

201.   Unless enjoined by this Court, Defendants will continue to cause Plaintiffs irreparable injury that cannot be fully compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction prohibiting Defendants from reproducing, distributing, streaming, and selling the pirated recordings of the Subject Compositions without license or authorization in violation of the Copyright Act.

**First Claim – Copyright Infringement**
**Against Cleopatra Records, Inc., "John Doe" Distributor, and Amazon**

153.   Plaintiffs repeat each and every allegation of the Complaint.

154.   As a separate specific course of infringement, Defendants Cleopatra Records, Inc., "John Doe" Distributor, and Amazon have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including,

but not limited to, the recordings identified in Exhibit B-1. Exhibit B-1 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Cleopatra Records, Inc., "John Doe" Distributor, and Amazon without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-1 (or have authorized such activity) without obtaining authorization to do so.

## Second Claim – Copyright Infringement
### Against Pickwick Group Limited, Orchard, and Amazon

155.   Plaintiffs repeat each and every allegation of the Complaint.

156.   As a separate specific course of infringement, Defendants Pickwick Group Limited, Orchard, and Amazon have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-2. Exhibit B-2 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Pickwick Group Limited, Orchard, and Amazon without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-2 (or have authorized such activity) without obtaining authorization to do so.

## Third Claim – Copyright Infringement
### Against Cleopatra Records, Inc., Orchard, and Amazon

157.   Plaintiffs repeat each and every allegation of the Complaint.

158.   As a separate specific course of infringement, Defendants Cleopatra Records, Inc., Orchard, and Amazon have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-3. Exhibit B-3 sets forth a non-

1  exhaustive list of specific pirated recordings embodying Subject Compositions that

2  have been reproduced and distributed by Defendants Cleopatra Records, Inc.,

3  Orchard, and Amazon without authorization. These Defendants have willfully

4  infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

5  Compositions by the methods identified in Exhibit B-3 (or have authorized such

6  activity) without obtaining authorization to do so.

7        **Fourth Claim – Copyright Infringement**
8        **Against Wnts, Believe Digital, and Amazon**

9        159.   Plaintiffs repeat each and every allegation of the Complaint.

10       160.   As a separate specific course of infringement, Defendants Wnts,

11  Believe Digital, and Amazon have unlawfully reproduced and distributed

12  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

13  limited to, the recordings identified in Exhibit B-4. Exhibit B-4 sets forth a non-

14  exhaustive list of specific pirated recordings embodying Subject Compositions that

15  have been reproduced and distributed by Defendants Wnts, Believe Digital, and

16  Amazon without authorization. These Defendants have willfully infringed, and are

17  continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

18  methods identified in Exhibit B-4 (or have authorized such activity) without

19  obtaining authorization to do so.

20       **Fifth Claim – Copyright Infringement**
21       **Against Ideal Music, Ingrooves, and Amazon**

22       161.   Plaintiffs repeat each and every allegation of the Complaint.

23       162.   As a separate specific course of infringement, Defendants Ideal Music,

24  Ingrooves, and Amazon have unlawfully reproduced and distributed unauthorized

25  recordings of Plaintiffs' Subject Compositions including, but not limited to, the

26  recordings identified in Exhibit B-5. Exhibit B-5 sets forth a non-exhaustive list of

27  specific pirated recordings embodying Subject Compositions that have been

28

reproduced and distributed by Defendants Ideal Music, Ingrooves, and Amazon without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-5 (or have authorized such activity) without obtaining authorization to do so.

## Sixth Claim – Copyright Infringement
### Against Cugate Ltd., Believe Digital, and Amazon

163.   Plaintiffs repeat each and every allegation of the Complaint.

164.   As a separate specific course of infringement, Defendants Cugate Ltd., Believe Digital, and Amazon have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-6. Exhibit B-6 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Cugate Ltd., Believe Digital, and Amazon without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-6 (or have authorized such activity) without obtaining authorization to do so.

## Seventh Claim – Copyright Infringement
### Against Blue Sounds, Orchard, and Amazon

165.   Plaintiffs repeat each and every allegation of the Complaint.

166.   As a separate specific course of infringement, Defendants Blue Sounds, Orchard, and Amazon have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-7. Exhibit B-7 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Blue Sounds, Orchard, and Amazon

without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-7 (or have authorized such activity) without obtaining authorization to do so.

### Eighth Claim – Copyright Infringement
### Against Shami Media Inc., Believe Digital, and Amazon

167.   Plaintiffs repeat each and every allegation of the Complaint.

168.   As a separate specific course of infringement, Defendants Shami Media Inc., Believe Digital, and Amazon have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-8. Exhibit B-8 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Shami Media Inc., Believe Digital, and Amazon without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-8 (or have authorized such activity) without obtaining authorization to do so.

### Ninth Claim – Copyright Infringement
### Against J. Joes J. Edizioni Musicali, Believe Digital, and Amazon

169.   Plaintiffs repeat each and every allegation of the Complaint.

170.   As a separate specific course of infringement, Defendants J. Joes J. Edizioni Musicali, Believe Digital, and Amazon have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-9. Exhibit B-9 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants J. Joes J. Edizioni Musicali, Believe Digital, and Amazon without authorization. These Defendants

have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-9 (or have authorized such activity) without obtaining authorization to do so.

**Tenth Claim – Copyright Infringement**
**Against TVP, Inc., Orchard, and Amazon**

171.   Plaintiffs repeat each and every allegation of the Complaint.

172.   As a separate specific course of infringement, Defendants TVP, Inc., Orchard, and Amazon have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-10. Exhibit B-10 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants TVP, Inc., Orchard, and Amazon without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-10 (or have authorized such activity) without obtaining authorization to do so.

**Eleventh Claim – Copyright Infringement**
**Against Best Records, Believe Digital, and Amazon**

173.   Plaintiffs repeat each and every allegation of the Complaint.

174.   As a separate specific course of infringement, Defendants Best Records, Believe Digital, and Amazon have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-11. Exhibit B-11 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Best Records, Believe Digital, and Amazon without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

1   methods identified in Exhibit B-11 (or have authorized such activity) without

2   obtaining authorization to do so.

3                    **Twelfth Claim – Copyright Infringement**
4       **Against Werner Last's Favourites Jazz, Believe Digital, and Amazon**

5       175.   Plaintiffs repeat each and every allegation of the Complaint.

6       176.   As a separate specific course of infringement, Defendants Werner

7   Last's Favourites Jazz, Believe Digital, and Amazon have unlawfully reproduced

8   and distributed unauthorized recordings of Plaintiffs' Subject Compositions

9   including, but not limited to, the recordings identified in Exhibit B-12. Exhibit B-12

10  sets forth a non-exhaustive list of specific pirated recordings embodying Subject

11  Compositions that have been reproduced and distributed by Defendants Werner

12  Last's Favourites Jazz, Believe Digital, and Amazon without authorization. These

13  Defendants have willfully infringed, and are continuing to infringe, Plaintiffs'

14  copyrights in the Subject Compositions by the methods identified in Exhibit B-12

15  (or have authorized such activity) without obtaining authorization to do so.

16                    **Thirteenth Claim – Copyright Infringement**
17             **Against Broken Audio, Ingrooves, and Amazon**

18      177.   Plaintiffs repeat each and every allegation of the Complaint.

19      178.   As a separate specific course of infringement, Defendants Broken

20  Audio, Ingrooves, and Amazon have unlawfully reproduced and distributed

21  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22  limited to, the recordings identified in Exhibit B-13. Exhibit B-13 sets forth a non-

23  exhaustive list of specific pirated recordings embodying Subject Compositions that

24  have been reproduced and distributed by Defendants Broken Audio, Ingrooves, and

25  Amazon without authorization. These Defendants have willfully infringed, and are

26  continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

1   methods identified in Exhibit B-13 (or have authorized such activity) without

2   obtaining authorization to do so.

3                **Fourteenth Claim – Copyright Infringement**

4         **Against Pink Dot, "John Doe" Distributor, and Amazon**

5         179.   Plaintiffs repeat each and every allegation of the Complaint.

6         180.   As a separate specific course of infringement, Defendants Pink Dot,

7   "John Doe" Distributor, and Amazon have unlawfully reproduced and distributed

8   unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9   limited to, the recordings identified in Exhibit B-14. Exhibit B-14 sets forth a non-

10  exhaustive list of specific pirated recordings embodying Subject Compositions that

11  have been reproduced and distributed by Defendants Pink Dot, "John Doe"

12  Distributor, and Amazon without authorization. These Defendants have willfully

13  infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

14  Compositions by the methods identified in Exhibit B-14 (or have authorized such

15  activity) without obtaining authorization to do so.

16                **Fifteenth Claim – Copyright Infringement**

17         **Against Vintage Music SL, Orchard, and Amazon**

18        181.   Plaintiffs repeat each and every allegation of the Complaint.

19        182.   As a separate specific course of infringement, Defendants Vintage

20  Music SL, Orchard, and Amazon have unlawfully reproduced and distributed

21  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22  limited to, the recordings identified in Exhibit B-15. Exhibit B-15 sets forth a non-

23  exhaustive list of specific pirated recordings embodying Subject Compositions that

24  have been reproduced and distributed by Defendants Vintage Music SL, Orchard,

25  and Amazon without authorization. These Defendants have willfully infringed, and

26  are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

1   methods identified in Exhibit B-15 (or have authorized such activity) without

2   obtaining authorization to do so.

3                    **Sixteenth Claim – Copyright Infringement**
                **Against SendDigital, "John Doe" Distributor, and Amazon**
4

5          183.   Plaintiffs repeat each and every allegation of the Complaint.

6          184.   As a separate specific course of infringement, Defendants SendDigital,

7   "John Doe" Distributor, and Amazon have unlawfully reproduced and distributed

8   unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9   limited to, the recordings identified in Exhibit B-16. Exhibit B-16 sets forth a non-

10  exhaustive list of specific pirated recordings embodying Subject Compositions that

11  have been reproduced and distributed by Defendants SendDigital, "John Doe"

12  Distributor, and Amazon without authorization. These Defendants have willfully

13  infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

14  Compositions by the methods identified in Exhibit B-16 (or have authorized such

15  activity) without obtaining authorization to do so.

16                  **Seventeenth Claim – Copyright Infringement**
             **Against Primephonic USA Inc., Naxos of America, and Amazon**
17

18         185.   Plaintiffs repeat each and every allegation of the Complaint.

19         186.   As a separate specific course of infringement, Defendants Primephonic

20  USA Inc., Naxos of America, and Amazon have unlawfully reproduced and

21  distributed unauthorized recordings of Plaintiffs' Subject Compositions including,

22  but not limited to, the recordings identified in Exhibit B-17. Exhibit B-17 sets forth

23  a non-exhaustive list of specific pirated recordings embodying Subject

24  Compositions that have been reproduced and distributed by Defendants

25  Primephonic USA Inc., Naxos of America, and Amazon without authorization.

26  These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs'

27

28

1   copyrights in the Subject Compositions by the methods identified in Exhibit B-17

2   (or have authorized such activity) without obtaining authorization to do so.

### Eighteenth Claim – Copyright Infringement
### Against Acrobat Music Ltd., Orchard, and Amazon

5   187.   Plaintiffs repeat each and every allegation of the Complaint.

6   188.   As a separate specific course of infringement, Defendants Acrobat

7   Music Ltd., Orchard, and Amazon have unlawfully reproduced and distributed

8   unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9   limited to, the recordings identified in Exhibit B-18. Exhibit B-18 sets forth a non-

10  exhaustive list of specific pirated recordings embodying Subject Compositions that

11  have been reproduced and distributed by Defendants Acrobat Music Ltd., Orchard,

12  and Amazon without authorization. These Defendants have willfully infringed, and

13  are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

14  methods identified in Exhibit B-18 (or have authorized such activity) without

15  obtaining authorization to do so.

### Nineteenth Claim – Copyright Infringement
### Against Michael Bennett, "John Doe" Distributor, and Amazon

18  189.   Plaintiffs repeat each and every allegation of the Complaint.

19  190.   As a separate specific course of infringement, Defendants Michael

20  Bennett, "John Doe" Distributor, and Amazon have unlawfully reproduced and

21  distributed unauthorized recordings of Plaintiffs' Subject Compositions including,

22  but not limited to, the recordings identified in Exhibit B-19. Exhibit B-19 sets forth

23  a non-exhaustive list of specific pirated recordings embodying Subject

24  Compositions that have been reproduced and distributed by Defendants Michael

25  Bennett, "John Doe" Distributor, and Amazon without authorization. These

26  Defendants have willfully infringed, and are continuing to infringe, Plaintiffs'

27

28

1  copyrights in the Subject Compositions by the methods identified in Exhibit B-19

2  (or have authorized such activity) without obtaining authorization to do so.

**Twentieth Claim – Copyright Infringement**
**Against Hasmick Promotions Limited, Orchard, and Amazon**

5      191.   Plaintiffs repeat each and every allegation of the Complaint.

6      192.   As a separate specific course of infringement, Defendants Hasmick

7  Promotions Limited, Orchard, and Amazon have unlawfully reproduced and

8  distributed unauthorized recordings of Plaintiffs' Subject Compositions including,

9  but not limited to, the recordings identified in Exhibit B-20. Exhibit B-20 sets forth

10 a non-exhaustive list of specific pirated recordings embodying Subject

11 Compositions that have been reproduced and distributed by Defendants Hasmick

12 Promotions Limited, Orchard, and Amazon without authorization. These Defendants

13 have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the

14 Subject Compositions by the methods identified in Exhibit B-20 (or have authorized

15 such activity) without obtaining authorization to do so.

**Twenty-First Claim – Copyright Infringement**
**Against CTS Digital, State51, and Amazon**

18     193.   Plaintiffs repeat each and every allegation of the Complaint.

19     194.   As a separate specific course of infringement, Defendants CTS Digital,

20 State51, and Amazon have unlawfully reproduced and distributed unauthorized

21 recordings of Plaintiffs' Subject Compositions including, but not limited to, the

22 recordings identified in Exhibit B-21. Exhibit B-21 sets forth a non-exhaustive list

23 of specific pirated recordings embodying Subject Compositions that have been

24 reproduced and distributed by Defendants CTS Digital, State51, and Amazon

25 without authorization. These Defendants have willfully infringed, and are

26 continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

1  methods identified in Exhibit B-21 (or have authorized such activity) without

2  obtaining authorization to do so.

3  **Twenty-Second Claim – Copyright Infringement**
**Against Future Noise Music Limited, Orchard, and Amazon**
4

5     195.   Plaintiffs repeat each and every allegation of the Complaint.

6     196.   As a separate specific course of infringement, Defendants Future Noise

7  Music Limited, Orchard, and Amazon have unlawfully reproduced and distributed

8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9  limited to, the recordings identified in Exhibit B-22. Exhibit B-22 sets forth a non-

10 exhaustive list of specific pirated recordings embodying Subject Compositions that

11 have been reproduced and distributed by Defendants Future Noise Music Limited,

12 Orchard, and Amazon without authorization. These Defendants have willfully

13 infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

14 Compositions by the methods identified in Exhibit B-22 (or have authorized such

15 activity) without obtaining authorization to do so.

16 **Twenty-Third Claim – Copyright Infringement**
**Against Entertain Me Ltd., Orchard, and Amazon**
17

18    197.   Plaintiffs repeat each and every allegation of the Complaint.

19    198.   As a separate specific course of infringement, Defendants Entertain Me

20 Ltd., Orchard, and Amazon have unlawfully reproduced and distributed

21 unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22 limited to, the recordings identified in Exhibit B-23. Exhibit B-23 sets forth a non-

23 exhaustive list of specific pirated recordings embodying Subject Compositions that

24 have been reproduced and distributed by Defendants Entertain Me Ltd., Orchard,

25 and Amazon without authorization. These Defendants have willfully infringed, and

26 are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

1  methods identified in Exhibit B-23 (or have authorized such activity) without

2  obtaining authorization to do so.

3  **Twenty-Fourth Claim – Copyright Infringement**

4  **Against Marathon Media Int. Ltd., Second Wind Digital and Amazon**

5  199.  Plaintiffs repeat each and every allegation of the Complaint.

6  200.  As a separate specific course of infringement, Defendants Marathon

7  Media Int. Ltd., Second Wind Digital and Amazon have unlawfully reproduced and

8  distributed unauthorized recordings of Plaintiffs' Subject Compositions including,

9  but not limited to, the recordings identified in Exhibit B-24. Exhibit B-24 sets forth

10  a non-exhaustive list of specific pirated recordings embodying Subject

11  Compositions that have been reproduced and distributed by Defendants Marathon

12  Media Int. Ltd., Second Wind Digital and Amazon without authorization. These

13  Defendants have willfully infringed, and are continuing to infringe, Plaintiffs'

14  copyrights in the Subject Compositions by the methods identified in Exhibit B-24

15  (or have authorized such activity) without obtaining authorization to do so.

16  **Twenty-Fifth Claim – Copyright Infringement**

17  **Against Cherished Records, Ingrooves, and Amazon**

18  201.  Plaintiffs repeat each and every allegation of the Complaint.

19  202.  As a separate specific course of infringement, Defendants Cherished

20  Records, Ingrooves, and Amazon have unlawfully reproduced and distributed

21  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22  limited to, the recordings identified in Exhibit B-25. Exhibit B-25 sets forth a non-

23  exhaustive list of specific pirated recordings embodying Subject Compositions that

24  have been reproduced and distributed by Defendants Cherished Records, Ingrooves,

25  and Amazon without authorization. These Defendants have willfully infringed, and

26  are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

1  methods identified in Exhibit B-25 (or have authorized such activity) without

2  obtaining authorization to do so.

3  **Twenty-Sixth Claim – Copyright Infringement**
   **Against Jazzsential, Ingrooves, and Amazon**
4

5      203.   Plaintiffs repeat each and every allegation of the Complaint.

6      204.   As a separate specific course of infringement, Defendants Jazzsential,

7  Ingrooves, and Amazon have unlawfully reproduced and distributed unauthorized

8  recordings of Plaintiffs' Subject Compositions including, but not limited to, the

9  recordings identified in Exhibit B-26. Exhibit B-26 sets forth a non-exhaustive list

10 of specific pirated recordings embodying Subject Compositions that have been

11 reproduced and distributed by Defendants Jazzsential, Ingrooves, and Amazon

12 without authorization. These Defendants have willfully infringed, and are

13 continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

14 methods identified in Exhibit B-26 (or have authorized such activity) without

15 obtaining authorization to do so.

16 **Twenty-Seventh Claim – Copyright Infringement**
   **Against Mach60 Music, State51, and Amazon**
17

18     205.   Plaintiffs repeat each and every allegation of the Complaint.

19     206.   As a separate specific course of infringement, Defendants Mach60

20 Music, State51, and Amazon have unlawfully reproduced and distributed

21 unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22 limited to, the recordings identified in Exhibit B-27. Exhibit B-27 sets forth a non-

23 exhaustive list of specific pirated recordings embodying Subject Compositions that

24 have been reproduced and distributed by Defendants Mach60 Music, State51, and

25 Amazon without authorization. These Defendants have willfully infringed, and are

26 continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

1  methods identified in Exhibit B-27 (or have authorized such activity) without

2  obtaining authorization to do so.

3  **Twenty-Eighth Claim – Copyright Infringement**
**Against Thomas Colley, Believe Digital, and Amazon**

4

5    207.   Plaintiffs repeat each and every allegation of the Complaint.

6    208.   As a separate specific course of infringement, Defendants Thomas

7  Colley, Believe Digital, and Amazon have unlawfully reproduced and distributed

8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9  limited to, the recordings identified in Exhibit B-28. Exhibit B-28 sets forth a non-

10 exhaustive list of specific pirated recordings embodying Subject Compositions that

11 have been reproduced and distributed by Defendants Thomas Colley, Believe

12 Digital, and Amazon without authorization. These Defendants have willfully

13 infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

14 Compositions by the methods identified in Exhibit B-28 (or have authorized such

15 activity) without obtaining authorization to do so.

16 **Twenty-Ninth Claim – Copyright Infringement**
**Against DWK Records, Ingrooves, and Amazon**

17

18   209.   Plaintiffs repeat each and every allegation of the Complaint.

19   210.   As a separate specific course of infringement, Defendants DWK

20 Records, Ingrooves, and Amazon have unlawfully reproduced and distributed

21 unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22 limited to, the recordings identified in Exhibit B-29. Exhibit B-29 sets forth a non-

23 exhaustive list of specific pirated recordings embodying Subject Compositions that

24 have been reproduced and distributed by Defendants DWK Records, Ingrooves, and

25 Amazon without authorization. These Defendants have willfully infringed, and are

26 continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

1  methods identified in Exhibit B-29 (or have authorized such activity) without

2  obtaining authorization to do so.

3  <center>**Thirtieth Claim – Copyright Infringement**</center>

4  <center>**Against Henry Hadaway Organization Limited, Orchard, and Amazon**</center>

5      211.   Plaintiffs repeat each and every allegation of the Complaint.

6      212.   As a separate specific course of infringement, Defendants Henry

7  Hadaway Organization Limited, Orchard, and Amazon have unlawfully reproduced

8  and distributed unauthorized recordings of Plaintiffs' Subject Compositions

9  including, but not limited to, the recordings identified in Exhibit B-30. Exhibit B-30

10  sets forth a non-exhaustive list of specific pirated recordings embodying Subject

11  Compositions that have been reproduced and distributed by Defendants Henry

12  Hadaway Organization Limited, Orchard, and Amazon without authorization. These

13  Defendants have willfully infringed, and are continuing to infringe, Plaintiffs'

14  copyrights in the Subject Compositions by the methods identified in Exhibit B-30

15  (or have authorized such activity) without obtaining authorization to do so.

16  <center>**Thirty-First Claim – Copyright Infringement**</center>

17  <center>**Against Avid Group, Orchard, and Amazon**</center>

18      213.   Plaintiffs repeat each and every allegation of the Complaint.

19      214.   As a separate specific course of infringement, Defendants Avid Group,

20  Orchard, and Amazon have unlawfully reproduced and distributed unauthorized

21  recordings of Plaintiffs' Subject Compositions including, but not limited to, the

22  recordings identified in Exhibit B-31. Exhibit B-31 sets forth a non-exhaustive list

23  of specific pirated recordings embodying Subject Compositions that have been

24  reproduced and distributed by Defendants Avid Group, Orchard, and Amazon

25  without authorization. These Defendants have willfully infringed, and are

26  continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

1  methods identified in Exhibit B-31 (or have authorized such activity) without

2  obtaining authorization to do so.

3  **Thirty-Second Claim – Copyright Infringement**

4  **Against Reloaded Music, Ingrooves, and Amazon**

5      215.   Plaintiffs repeat each and every allegation of the Complaint.

6      216.   As a separate specific course of infringement, Defendants Reloaded

7  Music, Ingrooves, and Amazon have unlawfully reproduced and distributed

8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9  limited to, the recordings identified in Exhibit B-32. Exhibit B-32 sets forth a non-

10  exhaustive list of specific pirated recordings embodying Subject Compositions that

11  have been reproduced and distributed by Defendants Reloaded Music, Ingrooves,

12  and Amazon without authorization. These Defendants have willfully infringed, and

13  are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

14  methods identified in Exhibit B-32 (or have authorized such activity) without

15  obtaining authorization to do so.

16  **Thirty-Third Claim – Copyright Infringement**

17  **Against Rarity Music, Believe Digital, and Amazon**

18      217.   Plaintiffs repeat each and every allegation of the Complaint.

19      218.   As a separate specific course of infringement, Defendants Rarity

20  Music, Believe Digital, and Amazon have unlawfully reproduced and distributed

21  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22  limited to, the recordings identified in Exhibit B-33. Exhibit B-33 sets forth a non-

23  exhaustive list of specific pirated recordings embodying Subject Compositions that

24  have been reproduced and distributed by Defendants Rarity Music, Believe Digital,

25  and Amazon without authorization. These Defendants have willfully infringed, and

26  are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

methods identified in Exhibit B-33 (or have authorized such activity) without obtaining authorization to do so.

### Thirty-Fourth Claim – Copyright Infringement
### Against OVC Media, "John Doe" Distributor, and Amazon

219.   Plaintiffs repeat each and every allegation of the Complaint.

220.   As a separate specific course of infringement, Defendants OVC Media, "John Doe" Distributor, and Amazon have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-34. Exhibit B-34 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants OVC Media, "John Doe" Distributor, and Amazon without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-34 (or have authorized such activity) without obtaining authorization to do so.

### Thirty-Fifth Claim – Copyright Infringement
### Against Historical Jazz, Orchard, and Amazon

221.   Plaintiffs repeat each and every allegation of the Complaint.

222.   As a separate specific course of infringement, Defendants Historical Jazz, Orchard, and Amazon have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-35. Exhibit B-35 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Historical Jazz, Orchard, and Amazon without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

1   methods identified in Exhibit B-35 (or have authorized such activity) without

2   obtaining authorization to do so.

3                    **Thirty-Sixth Claim – Copyright Infringement**
                     **Against Jazz Co., Orchard, and Amazon**
4

5          223.   Plaintiffs repeat each and every allegation of the Complaint.

6          224.   As a separate specific course of infringement, Defendants Jazz Co.,

7   Orchard, and Amazon have unlawfully reproduced and distributed unauthorized

8   recordings of Plaintiffs' Subject Compositions including, but not limited to, the

9   recordings identified in Exhibit B-36. Exhibit B-36 sets forth a non-exhaustive list

10  of specific pirated recordings embodying Subject Compositions that have been

11  reproduced and distributed by Defendants Jazz Co., Orchard, and Amazon without

12  authorization. These Defendants have willfully infringed, and are continuing to

13  infringe, Plaintiffs' copyrights in the Subject Compositions by the methods

14  identified in Exhibit B-36 (or have authorized such activity) without obtaining

15  authorization to do so.

16                   **Thirty-Seventh Claim – Copyright Infringement**
                     **Against Jazz Moon, Orchard, and Amazon**
17

18         225.   Plaintiffs repeat each and every allegation of the Complaint.

19         226.   As a separate specific course of infringement, Defendants Jazz Moon,

20  Orchard, and Amazon have unlawfully reproduced and distributed unauthorized

21  recordings of Plaintiffs' Subject Compositions including, but not limited to, the

22  recordings identified in Exhibit B-37. Exhibit B-37 sets forth a non-exhaustive list

23  of specific pirated recordings embodying Subject Compositions that have been

24  reproduced and distributed by Defendants Jazz Moon, Orchard, and Amazon

25  without authorization. These Defendants have willfully infringed, and are

26  continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

1  methods identified in Exhibit B-37 (or have authorized such activity) without

2  obtaining authorization to do so.

3  **Thirty-Eighth Claim – Copyright Infringement**
4  **Against Plenty Jazz Records, Orchard, and Amazon**

5        227.   Plaintiffs repeat each and every allegation of the Complaint.

6        228.   As a separate specific course of infringement, Defendants Plenty Jazz

7  Records, Orchard, and Amazon have unlawfully reproduced and distributed

8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9  limited to, the recordings identified in Exhibit B-38. Exhibit B-38 sets forth a non-

10 exhaustive list of specific pirated recordings embodying Subject Compositions that

11 have been reproduced and distributed by Defendants Plenty Jazz Records, Orchard,

12 and Amazon without authorization. These Defendants have willfully infringed, and

13 are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

14 methods identified in Exhibit B-38 (or have authorized such activity) without

15 obtaining authorization to do so.

16 **Thirty-Ninth Claim – Copyright Infringement**
17 **Against Gralin Music, Ingrooves, and Amazon**

18       229.   Plaintiffs repeat each and every allegation of the Complaint.

19       230.   As a separate specific course of infringement, Defendants Gralin

20 Music, Ingrooves, and Amazon have unlawfully reproduced and distributed

21 unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22 limited to, the recordings identified in Exhibit B-39. Exhibit B-39 sets forth a non-

23 exhaustive list of specific pirated recordings embodying Subject Compositions that

24 have been reproduced and distributed by Defendants Gralin Music, Ingrooves, and

25 Amazon without authorization. These Defendants have willfully infringed, and are

26 continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

1   methods identified in Exhibit B-39 (or have authorized such activity) without

2   obtaining authorization to do so.

3   **Fortieth Claim – Copyright Infringement**

4   **Against Impressions, Orchard, and Amazon**

5        231.   Plaintiffs repeat each and every allegation of the Complaint.

6        232.   As a separate specific course of infringement, Defendants Impressions,

7   Orchard, and Amazon have unlawfully reproduced and distributed unauthorized

8   recordings of Plaintiffs' Subject Compositions including, but not limited to, the

9   recordings identified in Exhibit B-40. Exhibit B-40 sets forth a non-exhaustive list

10   of specific pirated recordings embodying Subject Compositions that have been

11   reproduced and distributed by Defendants Impressions, Orchard, and Amazon

12   without authorization. These Defendants have willfully infringed, and are

13   continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

14   methods identified in Exhibit B-40 (or have authorized such activity) without

15   obtaining authorization to do so.

16   **Forty-First Claim – Copyright Infringement**

17   **Against Lionfish Music, Believe Digital, and Amazon**

18        233.   Plaintiffs repeat each and every allegation of the Complaint.

19        234.   As a separate specific course of infringement, Defendants Lionfish

20   Music, Believe Digital, and Amazon have unlawfully reproduced and distributed

21   unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22   limited to, the recordings identified in Exhibit B-41. Exhibit B-41 sets forth a non-

23   exhaustive list of specific pirated recordings embodying Subject Compositions that

24   have been reproduced and distributed by Defendants Lionfish Music, Believe

25   Digital, and Amazon without authorization. These Defendants have willfully

26   infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

27

28

1   Compositions by the methods identified in Exhibit B-41 (or have authorized such

2   activity) without obtaining authorization to do so.

3                   **Forty-Second Claim – Copyright Infringement**
                      **Against Move, Phonofile, and Amazon**
4

5          235.   Plaintiffs repeat each and every allegation of the Complaint.

6          236.   As a separate specific course of infringement, Defendants Move,

7   Phonofile, and Amazon have unlawfully reproduced and distributed unauthorized

8   recordings of Plaintiffs' Subject Compositions including, but not limited to, the

9   recordings identified in Exhibit B-42. Exhibit B-42 sets forth a non-exhaustive list

10  of specific pirated recordings embodying Subject Compositions that have been

11  reproduced and distributed by Defendants Move, Phonofile, and Amazon without

12  authorization. These Defendants have willfully infringed, and are continuing to

13  infringe, Plaintiffs' copyrights in the Subject Compositions by the methods

14  identified in Exhibit B-42 (or have authorized such activity) without obtaining

15  authorization to do so.

16                  **Forty-Third Claim – Copyright Infringement**
                      **Against Michael Bennett, Ingrooves, and Amazon**
17

18         237.   Plaintiffs repeat each and every allegation of the Complaint.

19         238.   As a separate specific course of infringement, Defendants Michael

20  Bennett, Ingrooves, and Amazon have unlawfully reproduced and distributed

21  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22  limited to, the recordings identified in Exhibit B-43. Exhibit B-43 sets forth a non-

23  exhaustive list of specific pirated recordings embodying Subject Compositions that

24  have been reproduced and distributed by Defendants Michael Bennett, Ingrooves,

25  and Amazon without authorization. These Defendants have willfully infringed, and

26  are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

1   methods identified in Exhibit B-43 (or have authorized such activity) without

2   obtaining authorization to do so.

3   **Forty-Fourth Claim – Copyright Infringement**
    **Against Triton, Orchard, and Amazon**

4

5   239.   Plaintiffs repeat each and every allegation of the Complaint.

6   240.   As a separate specific course of infringement, Defendants Triton,

7   Orchard, and Amazon have unlawfully reproduced and distributed unauthorized

8   recordings of Plaintiffs' Subject Compositions including, but not limited to, the

9   recordings identified in Exhibit B-44. Exhibit B-44 sets forth a non-exhaustive list

10  of specific pirated recordings embodying Subject Compositions that have been

11  reproduced and distributed by Defendants Triton, Orchard, and Amazon without

12  authorization. These Defendants have willfully infringed, and are continuing to

13  infringe, Plaintiffs' copyrights in the Subject Compositions by the methods

14  identified in Exhibit B-44 (or have authorized such activity) without obtaining

15  authorization to do so.

16  **Forty-Fifth Claim – Copyright Infringement**
    **Against Vintage Records, Orchard, and Amazon**

17

18  241.   Plaintiffs repeat each and every allegation of the Complaint.

19  242.   As a separate specific course of infringement, Defendants Vintage

20  Records, Orchard, and Amazon have unlawfully reproduced and distributed

21  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22  limited to, the recordings identified in Exhibit B-45. Exhibit B-45 sets forth a non-

23  exhaustive list of specific pirated recordings embodying Subject Compositions that

24  have been reproduced and distributed by Defendants Vintage Records, Orchard, and

25  Amazon without authorization. These Defendants have willfully infringed, and are

26  continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

1  methods identified in Exhibit B-45 (or have authorized such activity) without

2  obtaining authorization to do so.

3  **Forty-Sixth Claim – Copyright Infringement**

4  **Against Brisa Records, Orchard, and Amazon**

5      243.   Plaintiffs repeat each and every allegation of the Complaint.

6      244.   As a separate specific course of infringement, Defendants Brisa

7  Records, Orchard, and Amazon have unlawfully reproduced and distributed

8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9  limited to, the recordings identified in Exhibit B-46. Exhibit B-46 sets forth a non-

10 exhaustive list of specific pirated recordings embodying Subject Compositions that

11 have been reproduced and distributed by Defendants Brisa Records, Orchard, and

12 Amazon without authorization. These Defendants have willfully infringed, and are

13 continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

14 methods identified in Exhibit B-46 (or have authorized such activity) without

15 obtaining authorization to do so.

16 **Forty-Seventh Claim – Copyright Infringement**

17 **Against Favorite Classics, Believe Digital, and Amazon**

18     245.   Plaintiffs repeat each and every allegation of the Complaint.

19     246.   As a separate specific course of infringement, Defendants Favorite

20 Classics, Believe Digital, and Amazon have unlawfully reproduced and distributed

21 unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22 limited to, the recordings identified in Exhibit B-47. Exhibit B-47 sets forth a non-

23 exhaustive list of specific pirated recordings embodying Subject Compositions that

24 have been reproduced and distributed by Defendants Favorite Classics, Believe

25 Digital, and Amazon without authorization. These Defendants have willfully

26 infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

27

28

1  Compositions by the methods identified in Exhibit B-47 (or have authorized such

2  activity) without obtaining authorization to do so.

3  **Forty-Eighth Claim – Copyright Infringement**
**Against Classics, "John Doe" Distributor, and Amazon**
4

5      247.    Plaintiffs repeat each and every allegation of the Complaint.

6      248.    As a separate specific course of infringement, Defendants Classics,

7  "John Doe" Distributor, and Amazon have unlawfully reproduced and distributed

8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9  limited to, the recordings identified in Exhibit B-48. Exhibit B-48 sets forth a non-

10 exhaustive list of specific pirated recordings embodying Subject Compositions that

11 have been reproduced and distributed by Defendants Classics, "John Doe"

12 Distributor, and Amazon without authorization. These Defendants have willfully

13 infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

14 Compositions by the methods identified in Exhibit B-48 (or have authorized such

15 activity) without obtaining authorization to do so.

16 **Forty-Ninth Claim – Copyright Infringement**
**Against Railroad, Orchard, and Amazon**
17

18     249.    Plaintiffs repeat each and every allegation of the Complaint.

19     250.    As a separate specific course of infringement, Defendants Railroad,

20 Orchard, and Amazon have unlawfully reproduced and distributed unauthorized

21 recordings of Plaintiffs' Subject Compositions including, but not limited to, the

22 recordings identified in Exhibit B-49. Exhibit B-49 sets forth a non-exhaustive list

23 of specific pirated recordings embodying Subject Compositions that have been

24 reproduced and distributed by Defendants Railroad, Orchard, and Amazon without

25 authorization. These Defendants have willfully infringed, and are continuing to

26 infringe, Plaintiffs' copyrights in the Subject Compositions by the methods

27

28

1   identified in Exhibit B-49 (or have authorized such activity) without obtaining

2   authorization to do so.

3                    **Fiftieth Claim – Copyright Infringement**
4              **Against Digital Gramophone, Orchard, and Amazon**

5          251.   Plaintiffs repeat each and every allegation of the Complaint.

6          252.   As a separate specific course of infringement, Defendants Digital

7   Gramophone, Orchard, and Amazon have unlawfully reproduced and distributed

8   unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9   limited to, the recordings identified in Exhibit B-50. Exhibit B-50 sets forth a non-

10  exhaustive list of specific pirated recordings embodying Subject Compositions that

11  have been reproduced and distributed by Defendants Digital Gramophone, Orchard,

12  and Amazon without authorization. These Defendants have willfully infringed, and

13  are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

14  methods identified in Exhibit B-50 (or have authorized such activity) without

15  obtaining authorization to do so.

16                 **Fifty-First Claim – Copyright Infringement**
17         **Against Plaza Mayor Company Limited, Orchard, and Amazon**

18         253.   Plaintiffs repeat each and every allegation of the Complaint.

19         254.   As a separate specific course of infringement, Defendants Plaza Mayor

20  Company Limited, Orchard, and Amazon have unlawfully reproduced and

21  distributed unauthorized recordings of Plaintiffs' Subject Compositions including,

22  but not limited to, the recordings identified in Exhibit B-51. Exhibit B-51 sets forth

23  a non-exhaustive list of specific pirated recordings embodying Subject

24  Compositions that have been reproduced and distributed by Defendants Plaza Mayor

25  Company Limited, Orchard, and Amazon without authorization. These Defendants

26  have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the

27

28

1  Subject Compositions by the methods identified in Exhibit B-51 (or have authorized

2  such activity) without obtaining authorization to do so.

3  **Fifty-Second Claim – Copyright Infringement**

4  **Against Blaricum C.D. Company (B.C.D.) BV, Orchard, and Amazon**

5        255.   Plaintiffs repeat each and every allegation of the Complaint.

6        256.   As a separate specific course of infringement, Defendants Blaricum

7  C.D. Company (B.C.D.) BV, Orchard, and Amazon have unlawfully reproduced and

8  distributed unauthorized recordings of Plaintiffs' Subject Compositions including,

9  but not limited to, the recordings identified in Exhibit B-52. Exhibit B-52 sets forth

10 a non-exhaustive list of specific pirated recordings embodying Subject

11 Compositions that have been reproduced and distributed by Defendants Blaricum

12 C.D. Company (B.C.D.) BV, Orchard, and Amazon without authorization. These

13 Defendants have willfully infringed, and are continuing to infringe, Plaintiffs'

14 copyrights in the Subject Compositions by the methods identified in Exhibit B-52

15 (or have authorized such activity) without obtaining authorization to do so.

16 **Fifty-Third Claim – Copyright Infringement**

17 **Against AP Music Ltd, "John Doe" Distributor, and Amazon**

18       257.   Plaintiffs repeat each and every allegation of the Complaint.

19       258.   As a separate specific course of infringement, Defendants AP Music

20 Ltd, "John Doe" Distributor, and Amazon have unlawfully reproduced and

21 distributed unauthorized recordings of Plaintiffs' Subject Compositions including,

22 but not limited to, the recordings identified in Exhibit B-53. Exhibit B-53 sets forth

23 a non-exhaustive list of specific pirated recordings embodying Subject

24 Compositions that have been reproduced and distributed by Defendants AP Music

25 Ltd, "John Doe" Distributor, and Amazon without authorization. These Defendants

26 have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the

27

28

1   Subject Compositions by the methods identified in Exhibit B-53 (or have authorized

2   such activity) without obtaining authorization to do so.

3   **Fifty-Fourth Claim – Copyright Infringement**

4   **Against ROBA Music Verlag GmbH, Believe Digital, and Amazon**

5        259.   Plaintiffs repeat each and every allegation of the Complaint.

6        260.   As a separate specific course of infringement, Defendants ROBA

7   Music Verlag GmbH, Believe Digital, and Amazon have unlawfully reproduced and

8   distributed unauthorized recordings of Plaintiffs' Subject Compositions including,

9   but not limited to, the recordings identified in Exhibit B-54. Exhibit B-54 sets forth

10  a non-exhaustive list of specific pirated recordings embodying Subject

11  Compositions that have been reproduced and distributed by Defendants ROBA

12  Music Verlag GmbH, Believe Digital, and Amazon without authorization. These

13  Defendants have willfully infringed, and are continuing to infringe, Plaintiffs'

14  copyrights in the Subject Compositions by the methods identified in Exhibit B-54

15  (or have authorized such activity) without obtaining authorization to do so.

16  **Fifty-Fifth Claim – Copyright Infringement**

17  **Against Cleopatra Records, Inc., "John Doe" Distributor, and Apple**

18       261.   Plaintiffs repeat each and every allegation of the Complaint.

19       262.   As a separate specific course of infringement, Defendants Cleopatra

20  Records, Inc., "John Doe" Distributor, and Apple have unlawfully reproduced and

21  distributed unauthorized recordings of Plaintiffs' Subject Compositions including,

22  but not limited to, the recordings identified in Exhibit B-55. Exhibit B-55 sets forth

23  a non-exhaustive list of specific pirated recordings embodying Subject

24  Compositions that have been reproduced and distributed by Defendants Cleopatra

25  Records, Inc., "John Doe" Distributor, and Apple without authorization. These

26  Defendants have willfully infringed, and are continuing to infringe, Plaintiffs'

27

28

1  copyrights in the Subject Compositions by the methods identified in Exhibit B-55

2  (or have authorized such activity) without obtaining authorization to do so.

3

### Fifty-Sixth Claim – Copyright Infringement
### Against Pickwick Group Limited, Orchard, and Apple

4

5  263.   Plaintiffs repeat each and every allegation of the Complaint.

6  264.   As a separate specific course of infringement, Defendants Pickwick

7  Group Limited, Orchard, and Apple have unlawfully reproduced and distributed

8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9  limited to, the recordings identified in Exhibit B-56. Exhibit B-56 sets forth a non-

10  exhaustive list of specific pirated recordings embodying Subject Compositions that

11  have been reproduced and distributed by Defendants Pickwick Group Limited,

12  Orchard, and Apple without authorization. These Defendants have willfully

13  infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

14  Compositions by the methods identified in Exhibit B-56 (or have authorized such

15  activity) without obtaining authorization to do so.

16

### Fifty-Seventh Claim – Copyright Infringement
### Against Cleopatra Records, Inc., Orchard, and Apple

17

18  265.   Plaintiffs repeat each and every allegation of the Complaint.

19  266.   As a separate specific course of infringement, Defendants Cleopatra

20  Records, Inc., Orchard, and Apple have unlawfully reproduced and distributed

21  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22  limited to, the recordings identified in Exhibit B-57. Exhibit B-57 sets forth a non-

23  exhaustive list of specific pirated recordings embodying Subject Compositions that

24  have been reproduced and distributed by Defendants Cleopatra Records, Inc.,

25  Orchard, and Apple without authorization. These Defendants have willfully

26  infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

27

28

1  Compositions by the methods identified in Exhibit B-57 (or have authorized such
2  activity) without obtaining authorization to do so.

3      **Fifty-Eighth Claim – Copyright Infringement**
4      **Against Cugate Ltd., Believe Digital, and Apple**

5      267.  Plaintiffs repeat each and every allegation of the Complaint.

6      268.  As a separate specific course of infringement, Defendants Cugate Ltd.,
7  Believe Digital, and Apple have unlawfully reproduced and distributed unauthorized
8  recordings of Plaintiffs' Subject Compositions including, but not limited to, the
9  recordings identified in Exhibit B-58. Exhibit B-58 sets forth a non-exhaustive list
10 of specific pirated recordings embodying Subject Compositions that have been
11 reproduced and distributed by Defendants Cugate Ltd., Believe Digital, and Apple
12 without authorization. These Defendants have willfully infringed, and are
13 continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the
14 methods identified in Exhibit B-58 (or have authorized such activity) without
15 obtaining authorization to do so.

16     **Fifty-Ninth Claim – Copyright Infringement**
17     **Against Ideal Music, Ingrooves, and Apple**

18     269.  Plaintiffs repeat each and every allegation of the Complaint.

19     270.  As a separate specific course of infringement, Defendants Ideal Music,
20 Ingrooves, and Apple have unlawfully reproduced and distributed unauthorized
21 recordings of Plaintiffs' Subject Compositions including, but not limited to, the
22 recordings identified in Exhibit B-59. Exhibit B-59 sets forth a non-exhaustive list
23 of specific pirated recordings embodying Subject Compositions that have been
24 reproduced and distributed by Defendants Ideal Music, Ingrooves, and Apple
25 without authorization. These Defendants have willfully infringed, and are
26 continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the
27
28

1   methods identified in Exhibit B-59 (or have authorized such activity) without

2   obtaining authorization to do so.

3   **Sixtieth Claim – Copyright Infringement**
    **Against Blue Sounds, Orchard, and Apple**
4

5   271.   Plaintiffs repeat each and every allegation of the Complaint.

6   272.   As a separate specific course of infringement, Defendants Blue Sounds,

7   Orchard, and Apple have unlawfully reproduced and distributed unauthorized

8   recordings of Plaintiffs' Subject Compositions including, but not limited to, the

9   recordings identified in Exhibit B-60. Exhibit B-60 sets forth a non-exhaustive list

10  of specific pirated recordings embodying Subject Compositions that have been

11  reproduced and distributed by Defendants Blue Sounds, Orchard, and Apple without

12  authorization. These Defendants have willfully infringed, and are continuing to

13  infringe, Plaintiffs' copyrights in the Subject Compositions by the methods

14  identified in Exhibit B-60 (or have authorized such activity) without obtaining

15  authorization to do so.

16  **Sixty-First Claim – Copyright Infringement**
    **Against Wnts, Believe Digital, and Apple**
17

18  273.   Plaintiffs repeat each and every allegation of the Complaint.

19  274.   As a separate specific course of infringement, Defendants Wnts,

20  Believe Digital, and Apple have unlawfully reproduced and distributed unauthorized

21  recordings of Plaintiffs' Subject Compositions including, but not limited to, the

22  recordings identified in Exhibit B-61. Exhibit B-61 sets forth a non-exhaustive list

23  of specific pirated recordings embodying Subject Compositions that have been

24  reproduced and distributed by Defendants Wnts, Believe Digital, and Apple without

25  authorization. These Defendants have willfully infringed, and are continuing to

26  infringe, Plaintiffs' copyrights in the Subject Compositions by the methods

27

28

1  identified in Exhibit B-61 (or have authorized such activity) without obtaining

2  authorization to do so.

3  **Sixty-Second Claim – Copyright Infringement**

4  **Against TVP, Inc., Orchard, and Apple**

5      275.   Plaintiffs repeat each and every allegation of the Complaint.

6      276.   As a separate specific course of infringement, Defendants TVP, Inc.,

7  Orchard, and Apple have unlawfully reproduced and distributed unauthorized

8  recordings of Plaintiffs' Subject Compositions including, but not limited to, the

9  recordings identified in Exhibit B-62. Exhibit B-62 sets forth a non-exhaustive list

10 of specific pirated recordings embodying Subject Compositions that have been

11 reproduced and distributed by Defendants TVP, Inc., Orchard, and Apple without

12 authorization. These Defendants have willfully infringed, and are continuing to

13 infringe, Plaintiffs' copyrights in the Subject Compositions by the methods

14 identified in Exhibit B-62 (or have authorized such activity) without obtaining

15 authorization to do so.

16 **Sixty-Third Claim – Copyright Infringement**

17 **Against Smith & Co B.V., Orchard, and Apple**

18     277.   Plaintiffs repeat each and every allegation of the Complaint.

19     278.   As a separate specific course of infringement, Defendants Smith & Co

20 B.V., Orchard, and Apple have unlawfully reproduced and distributed unauthorized

21 recordings of Plaintiffs' Subject Compositions including, but not limited to, the

22 recordings identified in Exhibit B-63. Exhibit B-63 sets forth a non-exhaustive list

23 of specific pirated recordings embodying Subject Compositions that have been

24 reproduced and distributed by Defendants Smith & Co B.V., Orchard, and Apple

25 without authorization. These Defendants have willfully infringed, and are

26 continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

1   methods identified in Exhibit B-63 (or have authorized such activity) without

2   obtaining authorization to do so.

3   **Sixty-Fourth Claim – Copyright Infringement**
**Against Xelon Entertainment Pty. Ltd., "John Doe" Distributor, and Apple**

4

5   279.   Plaintiffs repeat each and every allegation of the Complaint.

6   280.   As a separate specific course of infringement, Defendants Xelon

7   Entertainment Pty. Ltd., "John Doe" Distributor, and Apple have unlawfully

8   reproduced and distributed unauthorized recordings of Plaintiffs' Subject

9   Compositions including, but not limited to, the recordings identified in Exhibit B-

10   64. Exhibit B-64 sets forth a non-exhaustive list of specific pirated recordings

11   embodying Subject Compositions that have been reproduced and distributed by

12   Defendants Xelon Entertainment Pty. Ltd., "John Doe" Distributor, and Apple

13   without authorization. These Defendants have willfully infringed, and are

14   continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

15   methods identified in Exhibit B-64 (or have authorized such activity) without

16   obtaining authorization to do so.

17   **Sixty-Fifth Claim – Copyright Infringement**
**Against Broken Audio, Ingrooves, and Apple**

18

19   281.   Plaintiffs repeat each and every allegation of the Complaint.

20   282.   As a separate specific course of infringement, Defendants Broken

21   Audio, Ingrooves, and Apple have unlawfully reproduced and distributed

22   unauthorized recordings of Plaintiffs' Subject Compositions including, but not

23   limited to, the recordings identified in Exhibit B-65. Exhibit B-65 sets forth a non-

24   exhaustive list of specific pirated recordings embodying Subject Compositions that

25   have been reproduced and distributed by Defendants Broken Audio, Ingrooves, and

26   Apple without authorization. These Defendants have willfully infringed, and are

27   continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

28

1   methods identified in Exhibit B-65 (or have authorized such activity) without

2   obtaining authorization to do so.

3                **Sixty-Sixth Claim – Copyright Infringement**
           **Against Bacci Bros Records, "John Doe" Distributor, and Apple**
4

5        283.   Plaintiffs repeat each and every allegation of the Complaint.

6        284.   As a separate specific course of infringement, Defendants Bacci Bros

7   Records, "John Doe" Distributor, and Apple have unlawfully reproduced and

8   distributed unauthorized recordings of Plaintiffs' Subject Compositions including,

9   but not limited to, the recordings identified in Exhibit B-66. Exhibit B-66 sets forth

10  a non-exhaustive list of specific pirated recordings embodying Subject

11  Compositions that have been reproduced and distributed by Defendants Bacci Bros

12  Records, "John Doe" Distributor, and Apple without authorization. These

13  Defendants have willfully infringed, and are continuing to infringe, Plaintiffs'

14  copyrights in the Subject Compositions by the methods identified in Exhibit B-66

15  (or have authorized such activity) without obtaining authorization to do so.

16               **Sixty-Seventh Claim – Copyright Infringement**
              **Against Vintage Music SL, Orchard, and Apple**
17

18       285.   Plaintiffs repeat each and every allegation of the Complaint.

19       286.   As a separate specific course of infringement, Defendants Vintage

20  Music SL, Orchard, and Apple have unlawfully reproduced and distributed

21  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22  limited to, the recordings identified in Exhibit B-67. Exhibit B-67 sets forth a non-

23  exhaustive list of specific pirated recordings embodying Subject Compositions that

24  have been reproduced and distributed by Defendants Vintage Music SL, Orchard,

25  and Apple without authorization. These Defendants have willfully infringed, and are

26  continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

1  methods identified in Exhibit B-67 (or have authorized such activity) without

2  obtaining authorization to do so.

3  **Sixty-Eighth Claim – Copyright Infringement**
4  **Against Adasam Limited and Apple**

5  287.   Plaintiffs repeat each and every allegation of the Complaint.

6  288.   As a separate specific course of infringement, Defendants Adasam

7  Limited and Apple have unlawfully reproduced and distributed unauthorized

8  recordings of Plaintiffs' Subject Compositions including, but not limited to, the

9  recordings identified in Exhibit B-68. Exhibit B-68 sets forth a non-exhaustive list

10 of specific pirated recordings embodying Subject Compositions that have been

11 reproduced and distributed by Defendants Adasam Limited and Apple without

12 authorization. These Defendants have willfully infringed, and are continuing to

13 infringe, Plaintiffs' copyrights in the Subject Compositions by the methods

14 identified in Exhibit B-68 (or have authorized such activity) without obtaining

15 authorization to do so.

16 **Sixty-Ninth Claim – Copyright Infringement**
17 **Against Best Records, Believe Digital, and Apple**

18 289.   Plaintiffs repeat each and every allegation of the Complaint.

19 290.   As a separate specific course of infringement, Defendants Best

20 Records, Believe Digital, and Apple have unlawfully reproduced and distributed

21 unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22 limited to, the recordings identified in Exhibit B-69. Exhibit B-69 sets forth a non-

23 exhaustive list of specific pirated recordings embodying Subject Compositions that

24 have been reproduced and distributed by Defendants Best Records, Believe Digital,

25 and Apple without authorization. These Defendants have willfully infringed, and are

26 continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

1   methods identified in Exhibit B-69 (or have authorized such activity) without

2   obtaining authorization to do so.

3                    **Seventieth Claim – Copyright Infringement**
**Against Future Noise Music Limited, Orchard, and Apple**
4

5          291.   Plaintiffs repeat each and every allegation of the Complaint.

6          292.   As a separate specific course of infringement, Defendants Future Noise

7   Music Limited, Orchard, and Apple have unlawfully reproduced and distributed

8   unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9   limited to, the recordings identified in Exhibit B-70. Exhibit B-70 sets forth a non-

10  exhaustive list of specific pirated recordings embodying Subject Compositions that

11  have been reproduced and distributed by Defendants Future Noise Music Limited,

12  Orchard, and Apple without authorization. These Defendants have willfully

13  infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

14  Compositions by the methods identified in Exhibit B-70 (or have authorized such

15  activity) without obtaining authorization to do so.

16                  **Seventy-First Claim – Copyright Infringement**
**Against Acrobat Music Ltd., Orchard, and Apple**
17

18         293.   Plaintiffs repeat each and every allegation of the Complaint.

19         294.   As a separate specific course of infringement, Defendants Acrobat

20  Music Ltd., Orchard, and Apple have unlawfully reproduced and distributed

21  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22  limited to, the recordings identified in Exhibit B-71. Exhibit B-71 sets forth a non-

23  exhaustive list of specific pirated recordings embodying Subject Compositions that

24  have been reproduced and distributed by Defendants Acrobat Music Ltd., Orchard,

25  and Apple without authorization. These Defendants have willfully infringed, and are

26  continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

1   methods identified in Exhibit B-71 (or have authorized such activity) without

2   obtaining authorization to do so.

3   **Seventy-Second Claim – Copyright Infringement**

4   **Against J. Joes J. Edizioni Musicali, Believe Digital, and Apple**

5       295.   Plaintiffs repeat each and every allegation of the Complaint.

6       296.   As a separate specific course of infringement, Defendants J. Joes J.

7   Edizioni Musicali, Believe Digital, and Apple have unlawfully reproduced and

8   distributed unauthorized recordings of Plaintiffs' Subject Compositions including,

9   but not limited to, the recordings identified in Exhibit B-72. Exhibit B-72 sets forth

10  a non-exhaustive list of specific pirated recordings embodying Subject

11  Compositions that have been reproduced and distributed by Defendants J. Joes J.

12  Edizioni Musicali, Believe Digital, and Apple without authorization. These

13  Defendants have willfully infringed, and are continuing to infringe, Plaintiffs'

14  copyrights in the Subject Compositions by the methods identified in Exhibit B-72

15  (or have authorized such activity) without obtaining authorization to do so.

16  **Seventy-Third Claim – Copyright Infringement**

17  **Against Impressions, Orchard, and Apple**

18      297.   Plaintiffs repeat each and every allegation of the Complaint.

19      298.   As a separate specific course of infringement, Defendants Impressions,

20  Orchard, and Apple have unlawfully reproduced and distributed unauthorized

21  recordings of Plaintiffs' Subject Compositions including, but not limited to, the

22  recordings identified in Exhibit B-73. Exhibit B-73 sets forth a non-exhaustive list

23  of specific pirated recordings embodying Subject Compositions that have been

24  reproduced and distributed by Defendants Impressions, Orchard, and Apple without

25  authorization. These Defendants have willfully infringed, and are continuing to

26  infringe, Plaintiffs' copyrights in the Subject Compositions by the methods

27

28

1   identified in Exhibit B-73 (or have authorized such activity) without obtaining

2   authorization to do so.

3   **Seventy-Fourth Claim – Copyright Infringement**

4   **Against Pink Dot, "John Doe" Distributor, and Apple**

5        299.   Plaintiffs repeat each and every allegation of the Complaint.

6        300.   As a separate specific course of infringement, Defendants Pink Dot,

7   "John Doe" Distributor, and Apple have unlawfully reproduced and distributed

8   unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9   limited to, the recordings identified in Exhibit B-74. Exhibit B-74 sets forth a non-

10  exhaustive list of specific pirated recordings embodying Subject Compositions that

11  have been reproduced and distributed by Defendants Pink Dot, "John Doe"

12  Distributor, and Apple without authorization. These Defendants have willfully

13  infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

14  Compositions by the methods identified in Exhibit B-74 (or have authorized such

15  activity) without obtaining authorization to do so.

16  **Seventy-Fifth Claim – Copyright Infringement**

17  **Against Henry Hadaway Organization Limited, Orchard, and Apple**

18       301.   Plaintiffs repeat each and every allegation of the Complaint.

19       302.   As a separate specific course of infringement, Defendants Henry

20  Hadaway Organization Limited, Orchard, and Apple have unlawfully reproduced

21  and distributed unauthorized recordings of Plaintiffs' Subject Compositions

22  including, but not limited to, the recordings identified in Exhibit B-75. Exhibit B-75

23  sets forth a non-exhaustive list of specific pirated recordings embodying Subject

24  Compositions that have been reproduced and distributed by Defendants Henry

25  Hadaway Organization Limited, Orchard, and Apple without authorization. These

26  Defendants have willfully infringed, and are continuing to infringe, Plaintiffs'

27

28

1  copyrights in the Subject Compositions by the methods identified in Exhibit B-75

2  (or have authorized such activity) without obtaining authorization to do so.

3  **Seventy-Sixth Claim – Copyright Infringement**

4  **Against Railroad, Orchard, and Apple**

5      303.   Plaintiffs repeat each and every allegation of the Complaint.

6      304.   As a separate specific course of infringement, Defendants Railroad,

7  Orchard, and Apple have unlawfully reproduced and distributed unauthorized

8  recordings of Plaintiffs' Subject Compositions including, but not limited to, the

9  recordings identified in Exhibit B-76. Exhibit B-76 sets forth a non-exhaustive list

10 of specific pirated recordings embodying Subject Compositions that have been

11 reproduced and distributed by Defendants Railroad, Orchard, and Apple without

12 authorization. These Defendants have willfully infringed, and are continuing to

13 infringe, Plaintiffs' copyrights in the Subject Compositions by the methods

14 identified in Exhibit B-76 (or have authorized such activity) without obtaining

15 authorization to do so.

16 **Seventy-Seventh Claim – Copyright Infringement**

17 **Against Move, Phonofile, and Apple**

18      305.   Plaintiffs repeat each and every allegation of the Complaint.

19      306.   As a separate specific course of infringement, Defendants Move,

20 Phonofile, and Apple have unlawfully reproduced and distributed unauthorized

21 recordings of Plaintiffs' Subject Compositions including, but not limited to, the

22 recordings identified in Exhibit B-77. Exhibit B-77 sets forth a non-exhaustive list

23 of specific pirated recordings embodying Subject Compositions that have been

24 reproduced and distributed by Defendants Move, Phonofile, and Apple without

25 authorization. These Defendants have willfully infringed, and are continuing to

26 infringe, Plaintiffs' copyrights in the Subject Compositions by the methods

27

28

1   identified in Exhibit B-77 (or have authorized such activity) without obtaining

2   authorization to do so.

3                    **Seventy-Eighth Claim – Copyright Infringement**
                **Against Thomas Colley, Believe Digital, and Apple**
4

5          307.   Plaintiffs repeat each and every allegation of the Complaint.

6          308.   As a separate specific course of infringement, Defendants Thomas

7   Colley, Believe Digital, and Apple have unlawfully reproduced and distributed

8   unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9   limited to, the recordings identified in Exhibit B-78. Exhibit B-78 sets forth a non-

10  exhaustive list of specific pirated recordings embodying Subject Compositions that

11  have been reproduced and distributed by Defendants Thomas Colley, Believe

12  Digital, and Apple without authorization. These Defendants have willfully infringed,

13  and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by

14  the methods identified in Exhibit B-78 (or have authorized such activity) without

15  obtaining authorization to do so.

16                    **Seventy-Ninth Claim – Copyright Infringement**
                **Against OVC Media, "John Doe" Distributor, and Apple**
17

18         309.   Plaintiffs repeat each and every allegation of the Complaint.

19         310.   As a separate specific course of infringement, Defendants OVC Media,

20  "John Doe" Distributor, and Apple have unlawfully reproduced and distributed

21  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22  limited to, the recordings identified in Exhibit B-79. Exhibit B-79 sets forth a non-

23  exhaustive list of specific pirated recordings embodying Subject Compositions that

24  have been reproduced and distributed by Defendants OVC Media, "John Doe"

25  Distributor, and Apple without authorization. These Defendants have willfully

26  infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

27

28

1    Compositions by the methods identified in Exhibit B-79 (or have authorized such

2    activity) without obtaining authorization to do so.

3                    **Eightieth Claim – Copyright Infringement**

4             **Against Favorite Classics, Believe Digital, and Apple**

5          311.   Plaintiffs repeat each and every allegation of the Complaint.

6          312.   As a separate specific course of infringement, Defendants Favorite

7    Classics, Believe Digital, and Apple have unlawfully reproduced and distributed

8    unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9    limited to, the recordings identified in Exhibit B-80. Exhibit B-80 sets forth a non-

10   exhaustive list of specific pirated recordings embodying Subject Compositions that

11   have been reproduced and distributed by Defendants Favorite Classics, Believe

12   Digital, and Apple without authorization. These Defendants have willfully infringed,

13   and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by

14   the methods identified in Exhibit B-80 (or have authorized such activity) without

15   obtaining authorization to do so.

16                 **Eighty-First Claim – Copyright Infringement**

17                 **Against Brisa Records, Orchard, and Apple**

18         313.   Plaintiffs repeat each and every allegation of the Complaint.

19         314.   As a separate specific course of infringement, Defendants Brisa

20   Records, Orchard, and Apple have unlawfully reproduced and distributed

21   unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22   limited to, the recordings identified in Exhibit B-81. Exhibit B-81 sets forth a non-

23   exhaustive list of specific pirated recordings embodying Subject Compositions that

24   have been reproduced and distributed by Defendants Brisa Records, Orchard, and

25   Apple without authorization. These Defendants have willfully infringed, and are

26   continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

1  methods identified in Exhibit B-81 (or have authorized such activity) without

2  obtaining authorization to do so.

3  **Eighty-Second Claim – Copyright Infringement**
**Against DWK Records, Ingrooves, and Apple**
4

5  315.   Plaintiffs repeat each and every allegation of the Complaint.

6  316.   As a separate specific course of infringement, Defendants DWK

7  Records, Ingrooves, and Apple have unlawfully reproduced and distributed

8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9  limited to, the recordings identified in Exhibit B-82. Exhibit B-82 sets forth a non-

10  exhaustive list of specific pirated recordings embodying Subject Compositions that

11  have been reproduced and distributed by Defendants DWK Records, Ingrooves, and

12  Apple without authorization. These Defendants have willfully infringed, and are

13  continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

14  methods identified in Exhibit B-82 (or have authorized such activity) without

15  obtaining authorization to do so.

16  **Eighty-Third Claim – Copyright Infringement**
**Against Michael Bennett, Ingrooves, and Apple**
17

18  317.   Plaintiffs repeat each and every allegation of the Complaint.

19  318.   As a separate specific course of infringement, Defendants Michael

20  Bennett, Ingrooves, and Apple have unlawfully reproduced and distributed

21  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22  limited to, the recordings identified in Exhibit B-83. Exhibit B-83 sets forth a non-

23  exhaustive list of specific pirated recordings embodying Subject Compositions that

24  have been reproduced and distributed by Defendants Michael Bennett, Ingrooves,

25  and Apple without authorization. These Defendants have willfully infringed, and are

26  continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

1   methods identified in Exhibit B-83 (or have authorized such activity) without

2   obtaining authorization to do so.

3                     **Eighty-Fourth Claim – Copyright Infringement**
                  **Against Gralin Music, Ingrooves, and Apple**
4

5        319.   Plaintiffs repeat each and every allegation of the Complaint.

6        320.   As a separate specific course of infringement, Defendants Gralin

7   Music, Ingrooves, and Apple have unlawfully reproduced and distributed

8   unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9   limited to, the recordings identified in Exhibit B-84. Exhibit B-84 sets forth a non-

10  exhaustive list of specific pirated recordings embodying Subject Compositions that

11  have been reproduced and distributed by Defendants Gralin Music, Ingrooves, and

12  Apple without authorization. These Defendants have willfully infringed, and are

13  continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

14  methods identified in Exhibit B-84 (or have authorized such activity) without

15  obtaining authorization to do so.

16                    **Eighty-Fifth Claim – Copyright Infringement**
           **Against ROBA Music Verlag GmbH, Believe Digital, and Apple**
17

18       321.   Plaintiffs repeat each and every allegation of the Complaint.

19       322.   As a separate specific course of infringement, Defendants ROBA

20  Music Verlag GmbH, Believe Digital, and Apple have unlawfully reproduced and

21  distributed unauthorized recordings of Plaintiffs' Subject Compositions including,

22  but not limited to, the recordings identified in Exhibit B-85. Exhibit B-85 sets forth

23  a non-exhaustive list of specific pirated recordings embodying Subject

24  Compositions that have been reproduced and distributed by Defendants ROBA

25  Music Verlag GmbH, Believe Digital, and Apple without authorization. These

26  Defendants have willfully infringed, and are continuing to infringe, Plaintiffs'

27

28

1  copyrights in the Subject Compositions by the methods identified in Exhibit B-85

2  (or have authorized such activity) without obtaining authorization to do so.

3  **Eighty-Sixth Claim – Copyright Infringement**
**Against Primephonic USA Inc., Naxos of America, and Apple**

4

5     323.  Plaintiffs repeat each and every allegation of the Complaint.

6     324.  As a separate specific course of infringement, Defendants Primephonic

7  USA Inc., Naxos of America, and Apple have unlawfully reproduced and distributed

8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9  limited to, the recordings identified in Exhibit B-86. Exhibit B-86 sets forth a non-

10  exhaustive list of specific pirated recordings embodying Subject Compositions that

11  have been reproduced and distributed by Defendants Primephonic USA Inc., Naxos

12  of America, and Apple without authorization. These Defendants have willfully

13  infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

14  Compositions by the methods identified in Exhibit B-86 (or have authorized such

15  activity) without obtaining authorization to do so.

16  **Eighty-Seventh Claim – Copyright Infringement**
**Against Jazzsential, Ingrooves, and Apple**

17

18     325.  Plaintiffs repeat each and every allegation of the Complaint.

19     326.  As a separate specific course of infringement, Defendants Jazzsential,

20  Ingrooves, and Apple have unlawfully reproduced and distributed unauthorized

21  recordings of Plaintiffs' Subject Compositions including, but not limited to, the

22  recordings identified in Exhibit B-87. Exhibit B-87 sets forth a non-exhaustive list

23  of specific pirated recordings embodying Subject Compositions that have been

24  reproduced and distributed by Defendants Jazzsential, Ingrooves, and Apple without

25  authorization. These Defendants have willfully infringed, and are continuing to

26  infringe, Plaintiffs' copyrights in the Subject Compositions by the methods

27

28

1  identified in Exhibit B-87 (or have authorized such activity) without obtaining

2  authorization to do so.

### Eighty-Eighth Claim – Copyright Infringement
### Against AP Music Ltd, "John Doe" Distributor, and Apple

5       327.   Plaintiffs repeat each and every allegation of the Complaint.

6       328.   As a separate specific course of infringement, Defendants AP Music

7  Ltd, "John Doe" Distributor, and Apple have unlawfully reproduced and distributed

8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9  limited to, the recordings identified in Exhibit B-88. Exhibit B-88 sets forth a non-

10 exhaustive list of specific pirated recordings embodying Subject Compositions that

11 have been reproduced and distributed by Defendants AP Music Ltd, "John Doe"

12 Distributor, and Apple without authorization. These Defendants have willfully

13 infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

14 Compositions by the methods identified in Exhibit B-88 (or have authorized such

15 activity) without obtaining authorization to do so.

### Eighty-Ninth Claim – Copyright Infringement
### Against Mach60 Music, State51, and Apple

18      329.   Plaintiffs repeat each and every allegation of the Complaint.

19      330.   As a separate specific course of infringement, Defendants Mach60

20 Music, State51, and Apple have unlawfully reproduced and distributed unauthorized

21 recordings of Plaintiffs' Subject Compositions including, but not limited to, the

22 recordings identified in Exhibit B-89. Exhibit B-89 sets forth a non-exhaustive list

23 of specific pirated recordings embodying Subject Compositions that have been

24 reproduced and distributed by Defendants Mach60 Music, State51, and Apple

25 without authorization. These Defendants have willfully infringed, and are

26 continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

1   methods identified in Exhibit B-89 (or have authorized such activity) without

2   obtaining authorization to do so.

3   **Ninetieth Claim – Copyright Infringement**
4   **Against Blaricum C.D. Company (B.C.D.) BV, Orchard, and Apple**

5       331.   Plaintiffs repeat each and every allegation of the Complaint.

6       332.   As a separate specific course of infringement, Defendants Blaricum

7   C.D. Company (B.C.D.) BV, Orchard, and Apple have unlawfully reproduced and

8   distributed unauthorized recordings of Plaintiffs' Subject Compositions including,

9   but not limited to, the recordings identified in Exhibit B-90. Exhibit B-90 sets forth

10  a non-exhaustive list of specific pirated recordings embodying Subject

11  Compositions that have been reproduced and distributed by Defendants Blaricum

12  C.D. Company (B.C.D.) BV, Orchard, and Apple without authorization. These

13  Defendants have willfully infringed, and are continuing to infringe, Plaintiffs'

14  copyrights in the Subject Compositions by the methods identified in Exhibit B-90

15  (or have authorized such activity) without obtaining authorization to do so.

16  **Ninety-First Claim – Copyright Infringement**
17  **Against Digital Gramophone, Orchard, and Apple**

18      333.   Plaintiffs repeat each and every allegation of the Complaint.

19      334.   As a separate specific course of infringement, Defendants Digital

20  Gramophone, Orchard, and Apple have unlawfully reproduced and distributed

21  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22  limited to, the recordings identified in Exhibit B-91. Exhibit B-91 sets forth a non-

23  exhaustive list of specific pirated recordings embodying Subject Compositions that

24  have been reproduced and distributed by Defendants Digital Gramophone, Orchard,

25  and Apple without authorization. These Defendants have willfully infringed, and are

26  continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

1  methods identified in Exhibit B-91 (or have authorized such activity) without

2  obtaining authorization to do so.

3
### Ninety-Second Claim – Copyright Infringement
### Against Classics, "John Doe" Distributor, and Apple
4

5      335.   Plaintiffs repeat each and every allegation of the Complaint.

6      336.   As a separate specific course of infringement, Defendants Classics,

7  "John Doe" Distributor, and Apple have unlawfully reproduced and distributed

8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9  limited to, the recordings identified in Exhibit B-92. Exhibit B-92 sets forth a non-

10  exhaustive list of specific pirated recordings embodying Subject Compositions that

11  have been reproduced and distributed by Defendants Classics, "John Doe"

12  Distributor, and Apple without authorization. These Defendants have willfully

13  infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

14  Compositions by the methods identified in Exhibit B-92 (or have authorized such

15  activity) without obtaining authorization to do so.

16
### Ninety-Third Claim – Copyright Infringement
### Against Vintage Records, Orchard, and Apple
17

18      337.   Plaintiffs repeat each and every allegation of the Complaint.

19      338.   As a separate specific course of infringement, Defendants Vintage

20  Records, Orchard, and Apple have unlawfully reproduced and distributed

21  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22  limited to, the recordings identified in Exhibit B-93. Exhibit B-93 sets forth a non-

23  exhaustive list of specific pirated recordings embodying Subject Compositions that

24  have been reproduced and distributed by Defendants Vintage Records, Orchard, and

25  Apple without authorization. These Defendants have willfully infringed, and are

26  continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

1  methods identified in Exhibit B-93 (or have authorized such activity) without

2  obtaining authorization to do so.

3       **Ninety-Fourth Claim – Copyright Infringement**

4  **Against Cleopatra Records, Inc., "John Doe" Distributor, and Google**

5       339.   Plaintiffs repeat each and every allegation of the Complaint.

6       340.   As a separate specific course of infringement, Defendants Cleopatra

7  Records, Inc., "John Doe" Distributor, and Google have unlawfully reproduced and

8  distributed unauthorized recordings of Plaintiffs' Subject Compositions including,

9  but not limited to, the recordings identified in Exhibit B-94. Exhibit B-94 sets forth

10 a non-exhaustive list of specific pirated recordings embodying Subject

11 Compositions that have been reproduced and distributed by Defendants Cleopatra

12 Records, Inc., "John Doe" Distributor, and Google without authorization. These

13 Defendants have willfully infringed, and are continuing to infringe, Plaintiffs'

14 copyrights in the Subject Compositions by the methods identified in Exhibit B-94

15 (or have authorized such activity) without obtaining authorization to do so.

16       **Ninety-Fifth Claim – Copyright Infringement**

17  **Against Cleopatra Records, Inc., Orchard, and Google**

18       341.   Plaintiffs repeat each and every allegation of the Complaint.

19       342.   As a separate specific course of infringement, Defendants Cleopatra

20 Records, Inc., Orchard, and Google have unlawfully reproduced and distributed

21 unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22 limited to, the recordings identified in Exhibit B-95. Exhibit B-95 sets forth a non-

23 exhaustive list of specific pirated recordings embodying Subject Compositions that

24 have been reproduced and distributed by Defendants Cleopatra Records, Inc.,

25 Orchard, and Google without authorization. These Defendants have willfully

26 infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

27

28

1   Compositions by the methods identified in Exhibit B-95 (or have authorized such

2   activity) without obtaining authorization to do so.

3       **Ninety-Sixth Claim – Copyright Infringement**
        **Against Pickwick Group Limited, Orchard, and Google**
4

5       343.   Plaintiffs repeat each and every allegation of the Complaint.

6       344.   As a separate specific course of infringement, Defendants Pickwick

7   Group Limited, Orchard, and Google have unlawfully reproduced and distributed

8   unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9   limited to, the recordings identified in Exhibit B-96. Exhibit B-96 sets forth a non-

10  exhaustive list of specific pirated recordings embodying Subject Compositions that

11  have been reproduced and distributed by Defendants Pickwick Group Limited,

12  Orchard, and Google without authorization. These Defendants have willfully

13  infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

14  Compositions by the methods identified in Exhibit B-96 (or have authorized such

15  activity) without obtaining authorization to do so.

16      **Ninety-Seventh Claim – Copyright Infringement**
        **Against Marathon Media Int. Ltd., Second Wind Digital and Google**
17

18      345.   Plaintiffs repeat each and every allegation of the Complaint.

19      346.   As a separate specific course of infringement, Defendants Marathon

20  Media Int. Ltd., Second Wind Digital and Google have unlawfully reproduced and

21  distributed unauthorized recordings of Plaintiffs' Subject Compositions including,

22  but not limited to, the recordings identified in Exhibit B-97. Exhibit B-97 sets forth

23  a non-exhaustive list of specific pirated recordings embodying Subject

24  Compositions that have been reproduced and distributed by Defendants Marathon

25  Media Int. Ltd., Second Wind Digital and Google without authorization. These

26  Defendants have willfully infringed, and are continuing to infringe, Plaintiffs'

27

28

1  copyrights in the Subject Compositions by the methods identified in Exhibit B-97

2  (or have authorized such activity) without obtaining authorization to do so.

3  **Ninety-Eighth Claim – Copyright Infringement**

4  **Against Cugate Ltd., Believe Digital, and Google**

5  347.  Plaintiffs repeat each and every allegation of the Complaint.

6  348.  As a separate specific course of infringement, Defendants Cugate Ltd.,

7  Believe Digital, and Google have unlawfully reproduced and distributed

8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9  limited to, the recordings identified in Exhibit B-98. Exhibit B-98 sets forth a non-

10  exhaustive list of specific pirated recordings embodying Subject Compositions that

11  have been reproduced and distributed by Defendants Cugate Ltd., Believe Digital,

12  and Google without authorization. These Defendants have willfully infringed, and

13  are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

14  methods identified in Exhibit B-98 (or have authorized such activity) without

15  obtaining authorization to do so.

16  **Ninety-Ninth Claim – Copyright Infringement**

17  **Against Shami Media Inc., Believe Digital, and Google**

18  349.  Plaintiffs repeat each and every allegation of the Complaint.

19  350.  As a separate specific course of infringement, Defendants Shami Media

20  Inc., Believe Digital, and Google have unlawfully reproduced and distributed

21  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22  limited to, the recordings identified in Exhibit B-99. Exhibit B-99 sets forth a non-

23  exhaustive list of specific pirated recordings embodying Subject Compositions that

24  have been reproduced and distributed by Defendants Shami Media Inc., Believe

25  Digital, and Google without authorization. These Defendants have willfully

26  infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

27

28

Compositions by the methods identified in Exhibit B-99 (or have authorized such activity) without obtaining authorization to do so.

**One Hundredth Claim – Copyright Infringement**
**Against Wnts, Believe Digital, and Google**

351.   Plaintiffs repeat each and every allegation of the Complaint.

352.   As a separate specific course of infringement, Defendants Wnts, Believe Digital, and Google have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-100. Exhibit B-100 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Wnts, Believe Digital, and Google without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-100 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred First Claim – Copyright Infringement**
**Against Ideal Music, Ingrooves, and Google**

353.   Plaintiffs repeat each and every allegation of the Complaint.

354.   As a separate specific course of infringement, Defendants Ideal Music, Ingrooves, and Google have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-101. Exhibit B-101 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Ideal Music, Ingrooves, and Google without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

1   methods identified in Exhibit B-101 (or have authorized such activity) without

2   obtaining authorization to do so.

3   **One Hundred Second Claim – Copyright Infringement**

4   **Against J. Joes J. Edizioni Musicali, Believe Digital, and Google**

5       355.   Plaintiffs repeat each and every allegation of the Complaint.

6       356.   As a separate specific course of infringement, Defendants J. Joes J.

7   Edizioni Musicali, Believe Digital, and Google have unlawfully reproduced and

8   distributed unauthorized recordings of Plaintiffs' Subject Compositions including,

9   but not limited to, the recordings identified in Exhibit B-102. Exhibit B-102 sets

10  forth a non-exhaustive list of specific pirated recordings embodying Subject

11  Compositions that have been reproduced and distributed by Defendants J. Joes J.

12  Edizioni Musicali, Believe Digital, and Google without authorization. These

13  Defendants have willfully infringed, and are continuing to infringe, Plaintiffs'

14  copyrights in the Subject Compositions by the methods identified in Exhibit B-102

15  (or have authorized such activity) without obtaining authorization to do so.

16  **One Hundred Third Claim – Copyright Infringement**

17  **Against Reloaded Music, Ingrooves, and Google**

18      357.   Plaintiffs repeat each and every allegation of the Complaint.

19      358.   As a separate specific course of infringement, Defendants Reloaded

20  Music, Ingrooves, and Google have unlawfully reproduced and distributed

21  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22  limited to, the recordings identified in Exhibit B-103. Exhibit B-103 sets forth a

23  non-exhaustive list of specific pirated recordings embodying Subject Compositions

24  that have been reproduced and distributed by Defendants Reloaded Music,

25  Ingrooves, and Google without authorization. These Defendants have willfully

26  infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

27

28

Compositions by the methods identified in Exhibit B-103 (or have authorized such activity) without obtaining authorization to do so.

### One Hundred Fourth Claim – Copyright Infringement
### Against TVP, Inc., Orchard, and Google

359.   Plaintiffs repeat each and every allegation of the Complaint.

360.   As a separate specific course of infringement, Defendants TVP, Inc., Orchard, and Google have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-104. Exhibit B-104 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants TVP, Inc., Orchard, and Google without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-104 (or have authorized such activity) without obtaining authorization to do so.

### One Hundred Fifth Claim – Copyright Infringement
### Against Best Records, Believe Digital, and Google

361.   Plaintiffs repeat each and every allegation of the Complaint.

362.   As a separate specific course of infringement, Defendants Best Records, Believe Digital, and Google have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-105. Exhibit B-105 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Best Records, Believe Digital, and Google without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

Compositions by the methods identified in Exhibit B-105 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Sixth Claim – Copyright Infringement**
**Against Werner Last's Favourites Jazz, Believe Digital, and Google**

363.   Plaintiffs repeat each and every allegation of the Complaint.

364.   As a separate specific course of infringement, Defendants Werner Last's Favourites Jazz, Believe Digital, and Google have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-106. Exhibit B-106 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Werner Last's Favourites Jazz, Believe Digital, and Google without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-106 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Seventh Claim – Copyright Infringement**
**Against Blue Sounds, Orchard, and Google**

365.   Plaintiffs repeat each and every allegation of the Complaint.

366.   As a separate specific course of infringement, Defendants Blue Sounds, Orchard, and Google have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-107. Exhibit B-107 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Blue Sounds, Orchard, and Google without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

1  methods identified in Exhibit B-107 (or have authorized such activity) without

2  obtaining authorization to do so.

3  **One Hundred Eighth Claim – Copyright Infringement**

4  **Against Broken Audio, Ingrooves, and Google**

5      367.   Plaintiffs repeat each and every allegation of the Complaint.

6      368.   As a separate specific course of infringement, Defendants Broken

7  Audio, Ingrooves, and Google have unlawfully reproduced and distributed

8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9  limited to, the recordings identified in Exhibit B-108. Exhibit B-108 sets forth a

10  non-exhaustive list of specific pirated recordings embodying Subject Compositions

11  that have been reproduced and distributed by Defendants Broken Audio, Ingrooves,

12  and Google without authorization. These Defendants have willfully infringed, and

13  are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

14  methods identified in Exhibit B-108 (or have authorized such activity) without

15  obtaining authorization to do so.

16  **One Hundred Ninth Claim – Copyright Infringement**

17  **Against Acrobat Music Ltd., Orchard, and Google**

18      369.   Plaintiffs repeat each and every allegation of the Complaint.

19      370.   As a separate specific course of infringement, Defendants Acrobat

20  Music Ltd., Orchard, and Google have unlawfully reproduced and distributed

21  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22  limited to, the recordings identified in Exhibit B-109. Exhibit B-109 sets forth a

23  non-exhaustive list of specific pirated recordings embodying Subject Compositions

24  that have been reproduced and distributed by Defendants Acrobat Music Ltd.,

25  Orchard, and Google without authorization. These Defendants have willfully

26  infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

27

28

Compositions by the methods identified in Exhibit B-109 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Tenth Claim – Copyright Infringement
Against CTS Digital, State51, and Google**

371.   Plaintiffs repeat each and every allegation of the Complaint.

372.   As a separate specific course of infringement, Defendants CTS Digital, State51, and Google have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-110. Exhibit B-110 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants CTS Digital, State51, and Google without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-110 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Eleventh Claim – Copyright Infringement
Against DWK Records, Ingrooves, and Google**

373.   Plaintiffs repeat each and every allegation of the Complaint.

374.   As a separate specific course of infringement, Defendants DWK Records, Ingrooves, and Google have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-111. Exhibit B-111 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants DWK Records, Ingrooves, and Google without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

1  methods identified in Exhibit B-111 (or have authorized such activity) without

2  obtaining authorization to do so.

3  **One Hundred Twelfth Claim – Copyright Infringement**

4  **Against SendDigital, "John Doe" Distributor, and Google**

5     375.   Plaintiffs repeat each and every allegation of the Complaint.

6     376.   As a separate specific course of infringement, Defendants SendDigital,

7  "John Doe" Distributor, and Google have unlawfully reproduced and distributed

8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9  limited to, the recordings identified in Exhibit B-112. Exhibit B-112 sets forth a

10 non-exhaustive list of specific pirated recordings embodying Subject Compositions

11 that have been reproduced and distributed by Defendants SendDigital, "John Doe"

12 Distributor, and Google without authorization. These Defendants have willfully

13 infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

14 Compositions by the methods identified in Exhibit B-112 (or have authorized such

15 activity) without obtaining authorization to do so.

16 **One Hundred Thirteenth Claim – Copyright Infringement**

17 **Against Future Noise Music Limited, Orchard, and Google**

18    377.   Plaintiffs repeat each and every allegation of the Complaint.

19    378.   As a separate specific course of infringement, Defendants Future Noise

20 Music Limited, Orchard, and Google have unlawfully reproduced and distributed

21 unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22 limited to, the recordings identified in Exhibit B-113. Exhibit B-113 sets forth a

23 non-exhaustive list of specific pirated recordings embodying Subject Compositions

24 that have been reproduced and distributed by Defendants Future Noise Music

25 Limited, Orchard, and Google without authorization. These Defendants have

26 willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the

27

28

1  Subject Compositions by the methods identified in Exhibit B-113 (or have

2  authorized such activity) without obtaining authorization to do so.

3       **One Hundred Fourteenth Claim – Copyright Infringement**
4             **Against Jazzsential, Ingrooves, and Google**

5       379.   Plaintiffs repeat each and every allegation of the Complaint.

6       380.   As a separate specific course of infringement, Defendants Jazzsential,

7  Ingrooves, and Google have unlawfully reproduced and distributed unauthorized

8  recordings of Plaintiffs' Subject Compositions including, but not limited to, the

9  recordings identified in Exhibit B-114. Exhibit B-114 sets forth a non-exhaustive list

10 of specific pirated recordings embodying Subject Compositions that have been

11 reproduced and distributed by Defendants Jazzsential, Ingrooves, and Google

12 without authorization. These Defendants have willfully infringed, and are

13 continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

14 methods identified in Exhibit B-114 (or have authorized such activity) without

15 obtaining authorization to do so.

16      **One Hundred Fifteenth Claim – Copyright Infringement**
17   **Against Primephonic USA Inc., Naxos of America, and Google**

18      381.   Plaintiffs repeat each and every allegation of the Complaint.

19      382.   As a separate specific course of infringement, Defendants Primephonic

20 USA Inc., Naxos of America, and Google have unlawfully reproduced and

21 distributed unauthorized recordings of Plaintiffs' Subject Compositions including,

22 but not limited to, the recordings identified in Exhibit B-115. Exhibit B-115 sets

23 forth a non-exhaustive list of specific pirated recordings embodying Subject

24 Compositions that have been reproduced and distributed by Defendants

25 Primephonic USA Inc., Naxos of America, and Google without authorization. These

26 Defendants have willfully infringed, and are continuing to infringe, Plaintiffs'

27

28

1  copyrights in the Subject Compositions by the methods identified in Exhibit B-115

2  (or have authorized such activity) without obtaining authorization to do so.

3  **One Hundred Sixteenth Claim – Copyright Infringement**

4  **Against Entertain Me Ltd., Orchard, and Google**

5      383.   Plaintiffs repeat each and every allegation of the Complaint.

6      384.   As a separate specific course of infringement, Defendants Entertain Me

7  Ltd., Orchard, and Google have unlawfully reproduced and distributed unauthorized

8  recordings of Plaintiffs' Subject Compositions including, but not limited to, the

9  recordings identified in Exhibit B-116. Exhibit B-116 sets forth a non-exhaustive list

10  of specific pirated recordings embodying Subject Compositions that have been

11  reproduced and distributed by Defendants Entertain Me Ltd., Orchard, and Google

12  without authorization. These Defendants have willfully infringed, and are

13  continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

14  methods identified in Exhibit B-116 (or have authorized such activity) without

15  obtaining authorization to do so.

16  **One Hundred Seventeenth Claim – Copyright Infringement**

17  **Against Vintage Music SL, Orchard, and Google**

18      385.   Plaintiffs repeat each and every allegation of the Complaint.

19      386.   As a separate specific course of infringement, Defendants Vintage

20  Music SL, Orchard, and Google have unlawfully reproduced and distributed

21  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22  limited to, the recordings identified in Exhibit B-117. Exhibit B-117 sets forth a

23  non-exhaustive list of specific pirated recordings embodying Subject Compositions

24  that have been reproduced and distributed by Defendants Vintage Music SL,

25  Orchard, and Google without authorization. These Defendants have willfully

26  infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

27

28

1   Compositions by the methods identified in Exhibit B-117 (or have authorized such

2   activity) without obtaining authorization to do so.

3   **One Hundred Eighteenth Claim – Copyright Infringement**
**Against Jazz Co., Orchard, and Google**

4

5        387.   Plaintiffs repeat each and every allegation of the Complaint.

6        388.   As a separate specific course of infringement, Defendants Jazz Co.,

7   Orchard, and Google have unlawfully reproduced and distributed unauthorized

8   recordings of Plaintiffs' Subject Compositions including, but not limited to, the

9   recordings identified in Exhibit B-118. Exhibit B-118 sets forth a non-exhaustive list

10  of specific pirated recordings embodying Subject Compositions that have been

11  reproduced and distributed by Defendants Jazz Co., Orchard, and Google without

12  authorization. These Defendants have willfully infringed, and are continuing to

13  infringe, Plaintiffs' copyrights in the Subject Compositions by the methods

14  identified in Exhibit B-118 (or have authorized such activity) without obtaining

15  authorization to do so.

16  **One Hundred Nineteenth Claim – Copyright Infringement**
**Against Mach60 Music, State51, and Google**

17

18       389.   Plaintiffs repeat each and every allegation of the Complaint.

19       390.   As a separate specific course of infringement, Defendants Mach60

20  Music, State51, and Google have unlawfully reproduced and distributed

21  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22  limited to, the recordings identified in Exhibit B-119. Exhibit B-119 sets forth a

23  non-exhaustive list of specific pirated recordings embodying Subject Compositions

24  that have been reproduced and distributed by Defendants Mach60 Music, State51,

25  and Google without authorization. These Defendants have willfully infringed, and

26  are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

27

28

1  methods identified in Exhibit B-119 (or have authorized such activity) without

2  obtaining authorization to do so.

3  **One Hundred Twentieth Claim – Copyright Infringement**

4  **Against Vintage Records, Orchard, and Google**

5      391.   Plaintiffs repeat each and every allegation of the Complaint.

6      392.   As a separate specific course of infringement, Defendants Vintage

7  Records, Orchard, and Google have unlawfully reproduced and distributed

8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9  limited to, the recordings identified in Exhibit B-120. Exhibit B-120 sets forth a

10  non-exhaustive list of specific pirated recordings embodying Subject Compositions

11  that have been reproduced and distributed by Defendants Vintage Records, Orchard,

12  and Google without authorization. These Defendants have willfully infringed, and

13  are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

14  methods identified in Exhibit B-120 (or have authorized such activity) without

15  obtaining authorization to do so.

16  **One Hundred Twenty-First Claim – Copyright Infringement**

17  **Against ROBA Music Verlag GmbH, Believe Digital, and Google**

18      393.   Plaintiffs repeat each and every allegation of the Complaint.

19      394.   As a separate specific course of infringement, Defendants ROBA

20  Music Verlag GmbH, Believe Digital, and Google have unlawfully reproduced and

21  distributed unauthorized recordings of Plaintiffs' Subject Compositions including,

22  but not limited to, the recordings identified in Exhibit B-121. Exhibit B-121 sets

23  forth a non-exhaustive list of specific pirated recordings embodying Subject

24  Compositions that have been reproduced and distributed by Defendants ROBA

25  Music Verlag GmbH, Believe Digital, and Google without authorization. These

26  Defendants have willfully infringed, and are continuing to infringe, Plaintiffs'

27

28

copyrights in the Subject Compositions by the methods identified in Exhibit B-121 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Twenty-Second Claim – Copyright Infringement
Against OVC Media, "John Doe" Distributor, and Google**

395.   Plaintiffs repeat each and every allegation of the Complaint.

396.   As a separate specific course of infringement, Defendants OVC Media, "John Doe" Distributor, and Google have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-122. Exhibit B-122 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants OVC Media, "John Doe" Distributor, and Google without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-122 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Twenty-Third Claim – Copyright Infringement
Against Plenty Jazz Records, Orchard, and Google**

397.   Plaintiffs repeat each and every allegation of the Complaint.

398.   As a separate specific course of infringement, Defendants Plenty Jazz Records, Orchard, and Google have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-123. Exhibit B-123 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Plenty Jazz Records, Orchard, and Google without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

Compositions by the methods identified in Exhibit B-123 (or have authorized such activity) without obtaining authorization to do so.

### One Hundred Twenty-Fourth Claim – Copyright Infringement Against Impressions, Orchard, and Google

399.   Plaintiffs repeat each and every allegation of the Complaint.

400.   As a separate specific course of infringement, Defendants Impressions, Orchard, and Google have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-124. Exhibit B-124 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Impressions, Orchard, and Google without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-124 (or have authorized such activity) without obtaining authorization to do so.

### One Hundred Twenty-Fifth Claim – Copyright Infringement Against Move, Phonofile, and Google

401.   Plaintiffs repeat each and every allegation of the Complaint.

402.   As a separate specific course of infringement, Defendants Move, Phonofile, and Google have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-125. Exhibit B-125 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Move, Phonofile, and Google without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods

1  identified in Exhibit B-125 (or have authorized such activity) without obtaining

2  authorization to do so.

### One Hundred Twenty-Sixth Claim – Copyright Infringement
### Against Favorite Classics, Believe Digital, and Google

5      403.   Plaintiffs repeat each and every allegation of the Complaint.

6      404.   As a separate specific course of infringement, Defendants Favorite

7  Classics, Believe Digital, and Google have unlawfully reproduced and distributed

8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9  limited to, the recordings identified in Exhibit B-126. Exhibit B-126 sets forth a

10  non-exhaustive list of specific pirated recordings embodying Subject Compositions

11  that have been reproduced and distributed by Defendants Favorite Classics, Believe

12  Digital, and Google without authorization. These Defendants have willfully

13  infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

14  Compositions by the methods identified in Exhibit B-126 (or have authorized such

15  activity) without obtaining authorization to do so.

### One Hundred Twenty-Seventh Claim – Copyright Infringement
### Against Jazz Moon, Orchard, and Google

18      405.   Plaintiffs repeat each and every allegation of the Complaint.

19      406.   As a separate specific course of infringement, Defendants Jazz Moon,

20  Orchard, and Google have unlawfully reproduced and distributed unauthorized

21  recordings of Plaintiffs' Subject Compositions including, but not limited to, the

22  recordings identified in Exhibit B-127. Exhibit B-127 sets forth a non-exhaustive list

23  of specific pirated recordings embodying Subject Compositions that have been

24  reproduced and distributed by Defendants Jazz Moon, Orchard, and Google without

25  authorization. These Defendants have willfully infringed, and are continuing to

26  infringe, Plaintiffs' copyrights in the Subject Compositions by the methods

27

28

1  identified in Exhibit B-127 (or have authorized such activity) without obtaining
2  authorization to do so.

### One Hundred Twenty-Eighth Claim – Copyright Infringement Against Gralin Music, Ingrooves, and Google

5    407.   Plaintiffs repeat each and every allegation of the Complaint.

6    408.   As a separate specific course of infringement, Defendants Gralin
7  Music, Ingrooves, and Google have unlawfully reproduced and distributed
8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not
9  limited to, the recordings identified in Exhibit B-128. Exhibit B-128 sets forth a
10 non-exhaustive list of specific pirated recordings embodying Subject Compositions
11 that have been reproduced and distributed by Defendants Gralin Music, Ingrooves,
12 and Google without authorization. These Defendants have willfully infringed, and
13 are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the
14 methods identified in Exhibit B-128 (or have authorized such activity) without
15 obtaining authorization to do so.

### One Hundred Twenty-Ninth Claim – Copyright Infringement Against Triton, Orchard, and Google

18   409.   Plaintiffs repeat each and every allegation of the Complaint.

19   410.   As a separate specific course of infringement, Defendants Triton,
20 Orchard, and Google have unlawfully reproduced and distributed unauthorized
21 recordings of Plaintiffs' Subject Compositions including, but not limited to, the
22 recordings identified in Exhibit B-129. Exhibit B-129 sets forth a non-exhaustive list
23 of specific pirated recordings embodying Subject Compositions that have been
24 reproduced and distributed by Defendants Triton, Orchard, and Google without
25 authorization. These Defendants have willfully infringed, and are continuing to
26 infringe, Plaintiffs' copyrights in the Subject Compositions by the methods

27
28

1  identified in Exhibit B-129 (or have authorized such activity) without obtaining
2  authorization to do so.

3  **One Hundred Thirtieth Claim – Copyright Infringement**
4  **Against Avid Group, Orchard, and Google**

5      411.   Plaintiffs repeat each and every allegation of the Complaint.

6      412.   As a separate specific course of infringement, Defendants Avid Group,
7  Orchard, and Google have unlawfully reproduced and distributed unauthorized
8  recordings of Plaintiffs' Subject Compositions including, but not limited to, the
9  recordings identified in Exhibit B-130. Exhibit B-130 sets forth a non-exhaustive list
10  of specific pirated recordings embodying Subject Compositions that have been
11  reproduced and distributed by Defendants Avid Group, Orchard, and Google
12  without authorization. These Defendants have willfully infringed, and are
13  continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the
14  methods identified in Exhibit B-130 (or have authorized such activity) without
15  obtaining authorization to do so.

16  **One Hundred Thirty-First Claim – Copyright Infringement**
17  **Against Henry Hadaway Organization Limited, Orchard, and Google**

18      413.   Plaintiffs repeat each and every allegation of the Complaint.

19      414.   As a separate specific course of infringement, Defendants Henry
20  Hadaway Organization Limited, Orchard, and Google have unlawfully reproduced
21  and distributed unauthorized recordings of Plaintiffs' Subject Compositions
22  including, but not limited to, the recordings identified in Exhibit B-131. Exhibit B-
23  131 sets forth a non-exhaustive list of specific pirated recordings embodying Subject
24  Compositions that have been reproduced and distributed by Defendants Henry
25  Hadaway Organization Limited, Orchard, and Google without authorization. These
26  Defendants have willfully infringed, and are continuing to infringe, Plaintiffs'

27
28

1  copyrights in the Subject Compositions by the methods identified in Exhibit B-131

2  (or have authorized such activity) without obtaining authorization to do so.

3
4
### One Hundred Thirty-Second Claim – Copyright Infringement
### Against Railroad, Orchard, and Google

5       415.   Plaintiffs repeat each and every allegation of the Complaint.

6       416.   As a separate specific course of infringement, Defendants Railroad,

7  Orchard, and Google have unlawfully reproduced and distributed unauthorized

8  recordings of Plaintiffs' Subject Compositions including, but not limited to, the

9  recordings identified in Exhibit B-132. Exhibit B-132 sets forth a non-exhaustive list

10 of specific pirated recordings embodying Subject Compositions that have been

11 reproduced and distributed by Defendants Railroad, Orchard, and Google without

12 authorization. These Defendants have willfully infringed, and are continuing to

13 infringe, Plaintiffs' copyrights in the Subject Compositions by the methods

14 identified in Exhibit B-132 (or have authorized such activity) without obtaining

15 authorization to do so.

16
17
### One Hundred Thirty-Third Claim – Copyright Infringement
### Against AP Music Ltd, "John Doe" Distributor, and Google

18      417.   Plaintiffs repeat each and every allegation of the Complaint.

19      418.   As a separate specific course of infringement, Defendants AP Music

20 Ltd, "John Doe" Distributor, and Google have unlawfully reproduced and

21 distributed unauthorized recordings of Plaintiffs' Subject Compositions including,

22 but not limited to, the recordings identified in Exhibit B-133. Exhibit B-133 sets

23 forth a non-exhaustive list of specific pirated recordings embodying Subject

24 Compositions that have been reproduced and distributed by Defendants AP Music

25 Ltd, "John Doe" Distributor, and Google without authorization. These Defendants

26 have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the

27
28

1  Subject Compositions by the methods identified in Exhibit B-133 (or have

2  authorized such activity) without obtaining authorization to do so.

3
**One Hundred Thirty-Fourth Claim – Copyright Infringement
Against Lionfish Music, Believe Digital, and Google**

4

5      419.   Plaintiffs repeat each and every allegation of the Complaint.

6      420.   As a separate specific course of infringement, Defendants Lionfish

7  Music, Believe Digital, and Google have unlawfully reproduced and distributed

8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9  limited to, the recordings identified in Exhibit B-134. Exhibit B-134 sets forth a

10  non-exhaustive list of specific pirated recordings embodying Subject Compositions

11  that have been reproduced and distributed by Defendants Lionfish Music, Believe

12  Digital, and Google without authorization. These Defendants have willfully

13  infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

14  Compositions by the methods identified in Exhibit B-134 (or have authorized such

15  activity) without obtaining authorization to do so.

16
**One Hundred Thirty-Fifth Claim – Copyright Infringement
Against Pink Dot, "John Doe" Distributor, and Google**

17

18      421.   Plaintiffs repeat each and every allegation of the Complaint.

19      422.   As a separate specific course of infringement, Defendants Pink Dot,

20  "John Doe" Distributor, and Google have unlawfully reproduced and distributed

21  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22  limited to, the recordings identified in Exhibit B-135. Exhibit B-135 sets forth a

23  non-exhaustive list of specific pirated recordings embodying Subject Compositions

24  that have been reproduced and distributed by Defendants Pink Dot, "John Doe"

25  Distributor, and Google without authorization. These Defendants have willfully

26  infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

27

28

1   Compositions by the methods identified in Exhibit B-135 (or have authorized such

2   activity) without obtaining authorization to do so.

3   **One Hundred Thirty-Sixth Claim – Copyright Infringement**

4   **Against Historical Jazz, Orchard, and Google**

5   423.   Plaintiffs repeat each and every allegation of the Complaint.

6   424.   As a separate specific course of infringement, Defendants Historical

7   Jazz, Orchard, and Google have unlawfully reproduced and distributed unauthorized

8   recordings of Plaintiffs' Subject Compositions including, but not limited to, the

9   recordings identified in Exhibit B-136. Exhibit B-136 sets forth a non-exhaustive list

10  of specific pirated recordings embodying Subject Compositions that have been

11  reproduced and distributed by Defendants Historical Jazz, Orchard, and Google

12  without authorization. These Defendants have willfully infringed, and are

13  continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

14  methods identified in Exhibit B-136 (or have authorized such activity) without

15  obtaining authorization to do so.

16  **One Hundred Thirty-Seventh Claim – Copyright Infringement**

17  **Against Classics, "John Doe" Distributor, and Google**

18  425.   Plaintiffs repeat each and every allegation of the Complaint.

19  426.   As a separate specific course of infringement, Defendants Classics,

20  "John Doe" Distributor, and Google have unlawfully reproduced and distributed

21  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22  limited to, the recordings identified in Exhibit B-137. Exhibit B-137 sets forth a

23  non-exhaustive list of specific pirated recordings embodying Subject Compositions

24  that have been reproduced and distributed by Defendants Classics, "John Doe"

25  Distributor, and Google without authorization. These Defendants have willfully

26  infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

27

28

1  Compositions by the methods identified in Exhibit B-137 (or have authorized such

2  activity) without obtaining authorization to do so.

3  **One Hundred Thirty-Eighth Claim – Copyright Infringement**

4  **Against Brisa Records, Orchard, and Google**

5      427.  Plaintiffs repeat each and every allegation of the Complaint.

6      428.  As a separate specific course of infringement, Defendants Brisa

7  Records, Orchard, and Google have unlawfully reproduced and distributed

8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9  limited to, the recordings identified in Exhibit B-138. Exhibit B-138 sets forth a

10  non-exhaustive list of specific pirated recordings embodying Subject Compositions

11  that have been reproduced and distributed by Defendants Brisa Records, Orchard,

12  and Google without authorization. These Defendants have willfully infringed, and

13  are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the

14  methods identified in Exhibit B-138 (or have authorized such activity) without

15  obtaining authorization to do so.

16  **One Hundred Thirty-Ninth Claim – Copyright Infringement**

17  **Against Cherished Records, Ingrooves, and Google**

18      429.  Plaintiffs repeat each and every allegation of the Complaint.

19      430.  As a separate specific course of infringement, Defendants Cherished

20  Records, Ingrooves, and Google have unlawfully reproduced and distributed

21  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22  limited to, the recordings identified in Exhibit B-139. Exhibit B-139 sets forth a

23  non-exhaustive list of specific pirated recordings embodying Subject Compositions

24  that have been reproduced and distributed by Defendants Cherished Records,

25  Ingrooves, and Google without authorization. These Defendants have willfully

26  infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

27

28

1  Compositions by the methods identified in Exhibit B-139 (or have authorized such
2  activity) without obtaining authorization to do so.

3          **One Hundred Fortieth Claim – Copyright Infringement**
4          **Against Rarity Music, Believe Digital, and Google**

5          431.   Plaintiffs repeat each and every allegation of the Complaint.

6          432.   As a separate specific course of infringement, Defendants Rarity

7  Music, Believe Digital, and Google have unlawfully reproduced and distributed

8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9  limited to, the recordings identified in Exhibit B-140. Exhibit B-140 sets forth a

10 non-exhaustive list of specific pirated recordings embodying Subject Compositions

11 that have been reproduced and distributed by Defendants Rarity Music, Believe

12 Digital, and Google without authorization. These Defendants have willfully

13 infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

14 Compositions by the methods identified in Exhibit B-140 (or have authorized such

15 activity) without obtaining authorization to do so.

16        **One Hundred Forty-First Claim – Copyright Infringement**
17        **Against Michael Bennett, Ingrooves, and Google**

18        433.   Plaintiffs repeat each and every allegation of the Complaint.

19        434.   As a separate specific course of infringement, Defendants Michael

20 Bennett, Ingrooves, and Google have unlawfully reproduced and distributed

21 unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22 limited to, the recordings identified in Exhibit B-141. Exhibit B-141 sets forth a

23 non-exhaustive list of specific pirated recordings embodying Subject Compositions

24 that have been reproduced and distributed by Defendants Michael Bennett,

25 Ingrooves, and Google without authorization. These Defendants have willfully

26 infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject

27

28

1  Compositions by the methods identified in Exhibit B-141 (or have authorized such
2  activity) without obtaining authorization to do so.

3       **One Hundred Forty-Second Claim – Copyright Infringement**
4            **Against Digital Gramophone, Orchard, and Google**

5       435.   Plaintiffs repeat each and every allegation of the Complaint.

6       436.   As a separate specific course of infringement, Defendants Digital
7  Gramophone, Orchard, and Google have unlawfully reproduced and distributed
8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not
9  limited to, the recordings identified in Exhibit B-142. Exhibit B-142 sets forth a
10 non-exhaustive list of specific pirated recordings embodying Subject Compositions
11 that have been reproduced and distributed by Defendants Digital Gramophone,
12 Orchard, and Google without authorization. These Defendants have willfully
13 infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject
14 Compositions by the methods identified in Exhibit B-142 (or have authorized such
15 activity) without obtaining authorization to do so.

16      **One Hundred Forty-Third Claim – Copyright Infringement**
17      **Against Blaricum C.D. Company (B.C.D.) BV, Orchard, and Google**

18      437.   Plaintiffs repeat each and every allegation of the Complaint.

19      438.   As a separate specific course of infringement, Defendants Blaricum
20 C.D. Company (B.C.D.) BV, Orchard, and Google have unlawfully reproduced and
21 distributed unauthorized recordings of Plaintiffs' Subject Compositions including,
22 but not limited to, the recordings identified in Exhibit B-143. Exhibit B-143 sets
23 forth a non-exhaustive list of specific pirated recordings embodying Subject
24 Compositions that have been reproduced and distributed by Defendants Blaricum
25 C.D. Company (B.C.D.) BV, Orchard, and Google without authorization. These
26 Defendants have willfully infringed, and are continuing to infringe, Plaintiffs'

27

28

1  copyrights in the Subject Compositions by the methods identified in Exhibit B-143

2  (or have authorized such activity) without obtaining authorization to do so.

3  **One Hundred Forty-Fourth Claim – Copyright Infringement**
**Against Plaza Mayor Company Limited, Orchard, and Google**

4

5      439.   Plaintiffs repeat each and every allegation of the Complaint.

6      440.   As a separate specific course of infringement, Defendants Plaza Mayor

7  Company Limited, Orchard, and Google have unlawfully reproduced and distributed

8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9  limited to, the recordings identified in Exhibit B-144. Exhibit B-144 sets forth a

10 non-exhaustive list of specific pirated recordings embodying Subject Compositions

11 that have been reproduced and distributed by Defendants Plaza Mayor Company

12 Limited, Orchard, and Google without authorization. These Defendants have

13 willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the

14 Subject Compositions by the methods identified in Exhibit B-144 (or have

15 authorized such activity) without obtaining authorization to do so.

16 **One Hundred Forty-Fifth Claim – Copyright Infringement**
**Against Cleopatra Records, Inc., Orchard, and Microsoft**

17

18     441.   Plaintiffs repeat each and every allegation of the Complaint.

19     442.   As a separate specific course of infringement, Defendants Cleopatra

20 Records, Inc., Orchard, and Microsoft have unlawfully reproduced and distributed

21 unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22 limited to, the recordings identified in Exhibit B-145. Exhibit B-145 sets forth a

23 non-exhaustive list of specific pirated recordings embodying Subject Compositions

24 that have been reproduced and distributed by Defendants Cleopatra Records, Inc.,

25 Orchard, and Microsoft without authorization. These Defendants have willfully

26 infringed Plaintiffs' copyrights in the Subject Compositions by the methods

27

28

1  identified in Exhibit B-145 (or have authorized such activity) without obtaining

2  authorization to do so.

**One Hundred Forty-Sixth Claim – Copyright Infringement
Against Pickwick Group Limited, Orchard, and Microsoft**

5      443.   Plaintiffs repeat each and every allegation of the Complaint.

6      444.   As a separate specific course of infringement, Defendants Pickwick

7  Group Limited, Orchard, and Microsoft have unlawfully reproduced and distributed

8  unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9  limited to, the recordings identified in Exhibit B-146. Exhibit B-146 sets forth a

10 non-exhaustive list of specific pirated recordings embodying Subject Compositions

11 that have been reproduced and distributed by Defendants Pickwick Group Limited,

12 Orchard, and Microsoft without authorization. These Defendants have willfully

13 infringed Plaintiffs' copyrights in the Subject Compositions by the methods

14 identified in Exhibit B-146 (or have authorized such activity) without obtaining

15 authorization to do so.

**One Hundred Forty-Seventh Claim – Copyright Infringement
Against Thomas Colley, Believe Digital, and Microsoft**

18     445.   Plaintiffs repeat each and every allegation of the Complaint.

19     446.   As a separate specific course of infringement, Defendants Thomas

20 Colley, Believe Digital, and Microsoft have unlawfully reproduced and distributed

21 unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22 limited to, the recordings identified in Exhibit B-147. Exhibit B-147 sets forth a

23 non-exhaustive list of specific pirated recordings embodying Subject Compositions

24 that have been reproduced and distributed by Defendants Thomas Colley, Believe

25 Digital, and Microsoft without authorization. These Defendants have willfully

26 infringed Plaintiffs' copyrights in the Subject Compositions by the methods

1 identified in Exhibit B-147 (or have authorized such activity) without obtaining

2 authorization to do so.

**One Hundred Forty-Eighth Claim – Copyright Infringement**
**Against Shami Media Inc., Believe Digital, and Microsoft**

5     447.   Plaintiffs repeat each and every allegation of the Complaint.

6     448.   As a separate specific course of infringement, Defendants Shami Media

7 Inc., Believe Digital, and Microsoft have unlawfully reproduced and distributed

8 unauthorized recordings of Plaintiffs' Subject Compositions including, but not

9 limited to, the recordings identified in Exhibit B-148. Exhibit B-148 sets forth a

10 non-exhaustive list of specific pirated recordings embodying Subject Compositions

11 that have been reproduced and distributed by Defendants Shami Media Inc., Believe

12 Digital, and Microsoft without authorization. These Defendants have willfully

13 infringed Plaintiffs' copyrights in the Subject Compositions by the methods

14 identified in Exhibit B-148 (or have authorized such activity) without obtaining

15 authorization to do so.

**One Hundred Forty-Ninth Claim – Copyright Infringement**
**Against Wnts, Believe Digital, and Microsoft**

18     449.   Plaintiffs repeat each and every allegation of the Complaint.

19     450.   As a separate specific course of infringement, Defendants Wnts,

20 Believe Digital, and Microsoft have unlawfully reproduced and distributed

21 unauthorized recordings of Plaintiffs' Subject Compositions including, but not

22 limited to, the recordings identified in Exhibit B-149. Exhibit B-149 sets forth a

23 non-exhaustive list of specific pirated recordings embodying Subject Compositions

24 that have been reproduced and distributed by Defendants Wnts, Believe Digital, and

25 Microsoft without authorization. These Defendants have willfully infringed

26 Plaintiffs' copyrights in the Subject Compositions by the methods identified in

27

28

Exhibit B-149 (or have authorized such activity) without obtaining authorization to do so.

### One Hundred Fiftieth Claim – Copyright Infringement
### Against Ideal Music, Ingrooves, and Microsoft

451.   Plaintiffs repeat each and every allegation of the Complaint.

452.   As a separate specific course of infringement, Defendants Ideal Music, Ingrooves, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-150. Exhibit B-150 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Ideal Music, Ingrooves, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-150 (or have authorized such activity) without obtaining authorization to do so.

### One Hundred Fifty-First Claim – Copyright Infringement
### Against Cugate Ltd., Believe Digital, and Microsoft

453.   Plaintiffs repeat each and every allegation of the Complaint.

454.   As a separate specific course of infringement, Defendants Cugate Ltd., Believe Digital, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-151. Exhibit B-151 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Cugate Ltd., Believe Digital, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-151 (or have authorized such activity) without obtaining authorization to do so.

### One Hundred Fifty-Second Claim – Copyright Infringement
### Against J. Joes J. Edizioni Musicali, Believe Digital, and Microsoft

455.   Plaintiffs repeat each and every allegation of the Complaint.

456.   As a separate specific course of infringement, Defendants J. Joes J. Edizioni Musicali, Believe Digital, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-152. Exhibit B-152 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants J. Joes J. Edizioni Musicali, Believe Digital, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-152 (or have authorized such activity) without obtaining authorization to do so.

### One Hundred Fifty-Third Claim – Copyright Infringement
### Against Reloaded Music, Ingrooves, and Microsoft

457.   Plaintiffs repeat each and every allegation of the Complaint.

458.   As a separate specific course of infringement, Defendants Reloaded Music, Ingrooves, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-153. Exhibit B-153 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Reloaded Music, Ingrooves, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-153 (or have authorized such activity) without obtaining authorization to do so.

## One Hundred Fifty-Fourth Claim – Copyright Infringement
### Against Blue Sounds, Orchard, and Microsoft

459.   Plaintiffs repeat each and every allegation of the Complaint.

460.   As a separate specific course of infringement, Defendants Blue Sounds, Orchard, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-154. Exhibit B-154 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Blue Sounds, Orchard, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-154 (or have authorized such activity) without obtaining authorization to do so.

## One Hundred Fifty-Fifth Claim – Copyright Infringement
### Against Werner Last's Favourites Jazz, Believe Digital, and Microsoft

461.   Plaintiffs repeat each and every allegation of the Complaint.

462.   As a separate specific course of infringement, Defendants Werner Last's Favourites Jazz, Believe Digital, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-155. Exhibit B-155 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Werner Last's Favourites Jazz, Believe Digital, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-155 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Fifty-Sixth Claim – Copyright Infringement
Against Best Records, Believe Digital, and Microsoft**

463.   Plaintiffs repeat each and every allegation of the Complaint.

464.   As a separate specific course of infringement, Defendants Best Records, Believe Digital, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-156. Exhibit B-156 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Best Records, Believe Digital, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-156 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Fifty-Seventh Claim – Copyright Infringement
Against AP Music Ltd, "John Doe" Distributor, and Microsoft**

465.   Plaintiffs repeat each and every allegation of the Complaint.

466.   As a separate specific course of infringement, Defendants AP Music Ltd, "John Doe" Distributor, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-157. Exhibit B-157 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants AP Music Ltd, "John Doe" Distributor, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-157 (or have authorized such activity) without obtaining authorization to do so.

## One Hundred Fifty-Eighth Claim – Copyright Infringement
## Against TVP, Inc., Orchard, and Microsoft

467.   Plaintiffs repeat each and every allegation of the Complaint.

468.   As a separate specific course of infringement, Defendants TVP, Inc., Orchard, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-158. Exhibit B-158 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants TVP, Inc., Orchard, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-158 (or have authorized such activity) without obtaining authorization to do so.

## One Hundred Fifty-Ninth Claim – Copyright Infringement
## Against Broken Audio, Ingrooves, and Microsoft

469.   Plaintiffs repeat each and every allegation of the Complaint.

470.   As a separate specific course of infringement, Defendants Broken Audio, Ingrooves, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-159. Exhibit B-159 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Broken Audio, Ingrooves, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-159 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Sixtieth Claim – Copyright Infringement**
**Against Hasmick Promotions Limited, Orchard, and Microsoft**

471.   Plaintiffs repeat each and every allegation of the Complaint.

472.   As a separate specific course of infringement, Defendants Hasmick Promotions Limited, Orchard, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-160. Exhibit B-160 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Hasmick Promotions Limited, Orchard, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-160 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Sixty-First Claim – Copyright Infringement**
**Against Marathon Media Int. Ltd., Second Wind Digital and Microsoft**

473.   Plaintiffs repeat each and every allegation of the Complaint.

474.   As a separate specific course of infringement, Defendants Marathon Media Int. Ltd., Second Wind Digital and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-161. Exhibit B-161 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Marathon Media Int. Ltd., Second Wind Digital and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-161 (or have authorized such activity) without obtaining authorization to do so.

## One Hundred Sixty-Second Claim – Copyright Infringement
## Against Vintage Music SL, Orchard, and Microsoft

475.   Plaintiffs repeat each and every allegation of the Complaint.

476.   As a separate specific course of infringement, Defendants Vintage Music SL, Orchard, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-162. Exhibit B-162 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Vintage Music SL, Orchard, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-162 (or have authorized such activity) without obtaining authorization to do so.

## One Hundred Sixty-Third Claim – Copyright Infringement
## Against Acrobat Music Ltd., Orchard, and Microsoft

477.   Plaintiffs repeat each and every allegation of the Complaint.

478.   As a separate specific course of infringement, Defendants Acrobat Music Ltd., Orchard, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-163. Exhibit B-163 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Acrobat Music Ltd., Orchard, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-163 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Sixty-Fourth Claim – Copyright Infringement**
**Against DWK Records, Ingrooves, and Microsoft**

479.   Plaintiffs repeat each and every allegation of the Complaint.

480.   As a separate specific course of infringement, Defendants DWK Records, Ingrooves, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-164. Exhibit B-164 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants DWK Records, Ingrooves, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-164 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Sixty-Fifth Claim – Copyright Infringement**
**Against Henry Hadaway Organization Limited, Orchard, and Microsoft**

481.   Plaintiffs repeat each and every allegation of the Complaint.

482.   As a separate specific course of infringement, Defendants Henry Hadaway Organization Limited, Orchard, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-165. Exhibit B-165 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Henry Hadaway Organization Limited, Orchard, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-165 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Sixty-Sixth Claim – Copyright Infringement**
**Against Primephonic USA Inc., Naxos of America, and Microsoft**

483.   Plaintiffs repeat each and every allegation of the Complaint.

484.   As a separate specific course of infringement, Defendants Primephonic USA Inc., Naxos of America, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-166. Exhibit B-166 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Primephonic USA Inc., Naxos of America, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-166 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Sixty-Seventh Claim – Copyright Infringement**
**Against Future Noise Music Limited, Orchard, and Microsoft**

485.   Plaintiffs repeat each and every allegation of the Complaint.

486.   As a separate specific course of infringement, Defendants Future Noise Music Limited, Orchard, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-167. Exhibit B-167 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Future Noise Music Limited, Orchard, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-167 (or have authorized such activity) without obtaining authorization to do so.

### One Hundred Sixty-Eighth Claim – Copyright Infringement
### Against CTS Digital, State51, and Microsoft

487.    Plaintiffs repeat each and every allegation of the Complaint.

488.    As a separate specific course of infringement, Defendants CTS Digital, State51, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-168. Exhibit B-168 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants CTS Digital, State51, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-168 (or have authorized such activity) without obtaining authorization to do so.

### One Hundred Sixty-Ninth Claim – Copyright Infringement
### Against Pink Dot, "John Doe" Distributor, and Microsoft

489.    Plaintiffs repeat each and every allegation of the Complaint.

490.    As a separate specific course of infringement, Defendants Pink Dot, "John Doe" Distributor, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-169. Exhibit B-169 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Pink Dot, "John Doe" Distributor, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-169 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Seventieth Claim – Copyright Infringement**
**Against SendDigital, "John Doe" Distributor, and Microsoft**

491.    Plaintiffs repeat each and every allegation of the Complaint.

492.    As a separate specific course of infringement, Defendants SendDigital, "John Doe" Distributor, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-170. Exhibit B-170 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants SendDigital, "John Doe" Distributor, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-170 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Seventy-First Claim – Copyright Infringement**
**Against Jazzsential, Ingrooves, and Microsoft**

493.    Plaintiffs repeat each and every allegation of the Complaint.

494.    As a separate specific course of infringement, Defendants Jazzsential, Ingrooves, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-171. Exhibit B-171 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Jazzsential, Ingrooves, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-171 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Seventy-Second Claim – Copyright Infringement
Against Avid Group, Orchard, and Microsoft**

495.   Plaintiffs repeat each and every allegation of the Complaint.

496.   As a separate specific course of infringement, Defendants Avid Group, Orchard, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-172. Exhibit B-172 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Avid Group, Orchard, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-172 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Seventy-Third Claim – Copyright Infringement
Against Michael Bennett, Ingrooves, and Microsoft**

497.   Plaintiffs repeat each and every allegation of the Complaint.

498.   As a separate specific course of infringement, Defendants Michael Bennett, Ingrooves, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-173. Exhibit B-173 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Michael Bennett, Ingrooves, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-173 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Seventy-Fourth Claim – Copyright Infringement
Against Entertain Me Ltd., Orchard, and Microsoft**

499.   Plaintiffs repeat each and every allegation of the Complaint.

500.   As a separate specific course of infringement, Defendants Entertain Me Ltd., Orchard, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-174. Exhibit B-174 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Entertain Me Ltd., Orchard, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-174 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Seventy-Fifth Claim – Copyright Infringement
Against Cherished Records, Ingrooves, and Microsoft**

501.   Plaintiffs repeat each and every allegation of the Complaint.

502.   As a separate specific course of infringement, Defendants Cherished Records, Ingrooves, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-175. Exhibit B-175 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Cherished Records, Ingrooves, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-175 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Seventy-Sixth Claim – Copyright Infringement
Against Vintage Records, Orchard, and Microsoft**

503.   Plaintiffs repeat each and every allegation of the Complaint.

504.   As a separate specific course of infringement, Defendants Vintage
Records, Orchard, and Microsoft have unlawfully reproduced and distributed
unauthorized recordings of Plaintiffs' Subject Compositions including, but not
limited to, the recordings identified in Exhibit B-176. Exhibit B-176 sets forth a
non-exhaustive list of specific pirated recordings embodying Subject Compositions
that have been reproduced and distributed by Defendants Vintage Records, Orchard,
and Microsoft without authorization. These Defendants have willfully infringed
Plaintiffs' copyrights in the Subject Compositions by the methods identified in
Exhibit B-176 (or have authorized such activity) without obtaining authorization to
do so.

**One Hundred Seventy-Seventh Claim – Copyright Infringement
Against Gralin Music, Ingrooves, and Microsoft**

505.   Plaintiffs repeat each and every allegation of the Complaint.

506.   As a separate specific course of infringement, Defendants Gralin
Music, Ingrooves, and Microsoft have unlawfully reproduced and distributed
unauthorized recordings of Plaintiffs' Subject Compositions including, but not
limited to, the recordings identified in Exhibit B-177. Exhibit B-177 sets forth a
non-exhaustive list of specific pirated recordings embodying Subject Compositions
that have been reproduced and distributed by Defendants Gralin Music, Ingrooves,
and Microsoft without authorization. These Defendants have willfully infringed
Plaintiffs' copyrights in the Subject Compositions by the methods identified in
Exhibit B-177 (or have authorized such activity) without obtaining authorization to
do so.

**One Hundred Seventy-Eighth Claim – Copyright Infringement
Against Mach60 Music, State51, and Microsoft**

507.   Plaintiffs repeat each and every allegation of the Complaint.

508.   As a separate specific course of infringement, Defendants Mach60 Music, State51, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-178. Exhibit B-178 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Mach60 Music, State51, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-178 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Seventy-Ninth Claim – Copyright Infringement
Against Xelon Entertainment Pty. Ltd., "John Doe" Distributor, and Microsoft**

509.   Plaintiffs repeat each and every allegation of the Complaint.

510.   As a separate specific course of infringement, Defendants Xelon Entertainment Pty. Ltd., "John Doe" Distributor, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-179. Exhibit B-179 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Xelon Entertainment Pty. Ltd., "John Doe" Distributor, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-179 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Eightieth Claim – Copyright Infringement**
**Against Jazz Moon, Orchard, and Microsoft**

511.   Plaintiffs repeat each and every allegation of the Complaint.

512.   As a separate specific course of infringement, Defendants Jazz Moon, Orchard, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-180. Exhibit B-180 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Jazz Moon, Orchard, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-180 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Eighty-First Claim – Copyright Infringement**
**Against Jazz Co., Orchard, and Microsoft**

513.   Plaintiffs repeat each and every allegation of the Complaint.

514.   As a separate specific course of infringement, Defendants Jazz Co., Orchard, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-181. Exhibit B-181 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Jazz Co., Orchard, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-181 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Eighty-Second Claim – Copyright Infringement
Against Plenty Jazz Records, Orchard, and Microsoft**

515.   Plaintiffs repeat each and every allegation of the Complaint.

516.   As a separate specific course of infringement, Defendants Plenty Jazz Records, Orchard, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-182. Exhibit B-182 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Plenty Jazz Records, Orchard, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-182 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Eighty-Third Claim – Copyright Infringement
Against Move, Phonofile, and Microsoft**

517.   Plaintiffs repeat each and every allegation of the Complaint.

518.   As a separate specific course of infringement, Defendants Move, Phonofile, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-183. Exhibit B-183 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Move, Phonofile, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-183 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Eighty-Fourth Claim – Copyright Infringement**
**Against Railroad, Orchard, and Microsoft**

519.   Plaintiffs repeat each and every allegation of the Complaint.

520.   As a separate specific course of infringement, Defendants Railroad, Orchard, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-184. Exhibit B-184 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Railroad, Orchard, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-184 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Eighty-Fifth Claim – Copyright Infringement**
**Against Triton, Orchard, and Microsoft**

521.   Plaintiffs repeat each and every allegation of the Complaint.

522.   As a separate specific course of infringement, Defendants Triton, Orchard, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-185. Exhibit B-185 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Triton, Orchard, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-185 (or have authorized such activity) without obtaining authorization to do so.

### One Hundred Eighty-Sixth Claim – Copyright Infringement
### Against Rarity Music, Believe Digital, and Microsoft

523.   Plaintiffs repeat each and every allegation of the Complaint.

524.   As a separate specific course of infringement, Defendants Rarity Music, Believe Digital, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-186. Exhibit B-186 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Rarity Music, Believe Digital, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-186 (or have authorized such activity) without obtaining authorization to do so.

### One Hundred Eighty-Seventh Claim – Copyright Infringement
### Against Lionfish Music, Believe Digital, and Microsoft

525.   Plaintiffs repeat each and every allegation of the Complaint.

526.   As a separate specific course of infringement, Defendants Lionfish Music, Believe Digital, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-187. Exhibit B-187 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Lionfish Music, Believe Digital, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-187 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Eighty-Eighth Claim – Copyright Infringement
Against OVC Media, "John Doe" Distributor, and Microsoft**

527.   Plaintiffs repeat each and every allegation of the Complaint.

528.   As a separate specific course of infringement, Defendants OVC Media, "John Doe" Distributor, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-188. Exhibit B-188 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants OVC Media, "John Doe" Distributor, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-188 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Eighty-Ninth Claim – Copyright Infringement
Against Favorite Classics, Believe Digital, and Microsoft**

529.   Plaintiffs repeat each and every allegation of the Complaint.

530.   As a separate specific course of infringement, Defendants Favorite Classics, Believe Digital, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-189. Exhibit B-189 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Favorite Classics, Believe Digital, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-189 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Ninetieth Claim – Copyright Infringement
Against Historical Jazz, Orchard, and Microsoft**

531.   Plaintiffs repeat each and every allegation of the Complaint.

532.   As a separate specific course of infringement, Defendants Historical Jazz, Orchard, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-190. Exhibit B-190 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Historical Jazz, Orchard, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-190 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Ninety-First Claim – Copyright Infringement
Against Classics, "John Doe" Distributor, and Microsoft**

533.   Plaintiffs repeat each and every allegation of the Complaint.

534.   As a separate specific course of infringement, Defendants Classics, "John Doe" Distributor, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-191. Exhibit B-191 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Classics, "John Doe" Distributor, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-191 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Ninety-Second Claim – Copyright Infringement**
**Against Impressions, Orchard, and Microsoft**

535.   Plaintiffs repeat each and every allegation of the Complaint.

536.   As a separate specific course of infringement, Defendants Impressions, Orchard, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-192. Exhibit B-192 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Impressions, Orchard, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-192 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Ninety-Third Claim – Copyright Infringement**
**Against Plaza Mayor Company Limited, Orchard, and Microsoft**

537.   Plaintiffs repeat each and every allegation of the Complaint.

538.   As a separate specific course of infringement, Defendants Plaza Mayor Company Limited, Orchard, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-193. Exhibit B-193 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Plaza Mayor Company Limited, Orchard, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-193 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Ninety-Fourth Claim – Copyright Infringement
Against Digital Gramophone, Orchard, and Microsoft**

539.   Plaintiffs repeat each and every allegation of the Complaint.

540.   As a separate specific course of infringement, Defendants Digital Gramophone, Orchard, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-194. Exhibit B-194 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Digital Gramophone, Orchard, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-194 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Ninety-Fifth Claim – Copyright Infringement
Against Brisa Records, Orchard, and Microsoft**

541.   Plaintiffs repeat each and every allegation of the Complaint.

542.   As a separate specific course of infringement, Defendants Brisa Records, Orchard, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-195. Exhibit B-195 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Brisa Records, Orchard, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-195 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Ninety-Sixth Claim – Copyright Infringement**
**Against Blaricum C.D. Company (B.C.D.) BV, Orchard, and Microsoft**

543.   Plaintiffs repeat each and every allegation of the Complaint.

544.   As a separate specific course of infringement, Defendants Blaricum C.D. Company (B.C.D.) BV, Orchard, and Microsoft have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-196. Exhibit B-196 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Blaricum C.D. Company (B.C.D.) BV, Orchard, and Microsoft without authorization. These Defendants have willfully infringed Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-196 (or have authorized such activity) without obtaining authorization to do so.

**One Hundred Ninety-Seventh Claim – Copyright Infringement**
**Against Pickwick Group Limited, Orchard, and Pandora**

545.   Plaintiffs repeat each and every allegation of the Complaint.

546.   As a separate specific course of infringement, Defendants Pickwick Group Limited, Orchard, and Pandora have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-197. Exhibit B-197 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Pickwick Group Limited, Orchard, and Pandora without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-197 (or have authorized such activity) without obtaining authorization to do so.

### One Hundred Ninety-Eighth Claim – Copyright Infringement
### Against Cleopatra Records, Inc., Orchard, and Pandora

547.   Plaintiffs repeat each and every allegation of the Complaint.

548.   As a separate specific course of infringement, Defendants Cleopatra Records, Inc., Orchard, and Pandora have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-198. Exhibit B-198 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Cleopatra Records, Inc., Orchard, and Pandora without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-198 (or have authorized such activity) without obtaining authorization to do so.

### One Hundred Ninety-Ninth Claim – Copyright Infringement
### Against TVP, Inc., Orchard, and Pandora

549.   Plaintiffs repeat each and every allegation of the Complaint.

550.   As a separate specific course of infringement, Defendants TVP, Inc., Orchard, and Pandora have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-199. Exhibit B-199 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants TVP, Inc., Orchard, and Pandora without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-199 (or have authorized such activity) without obtaining authorization to do so.

## Two Hundredth Claim – Copyright Infringement
### Against Marathon Media Int. Ltd., Second Wind Digital and Pandora

551.   Plaintiffs repeat each and every allegation of the Complaint.

552.   As a separate specific course of infringement, Defendants Marathon Media Int. Ltd., Second Wind Digital and Pandora have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-200. Exhibit B-200 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Marathon Media Int. Ltd., Second Wind Digital and Pandora without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-200 (or have authorized such activity) without obtaining authorization to do so.

## Two Hundred First Claim – Copyright Infringement
### Against Avid Group, Orchard, and Pandora

553.   Plaintiffs repeat each and every allegation of the Complaint.

554.   As a separate specific course of infringement, Defendants Avid Group, Orchard, and Pandora have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-201. Exhibit B-201 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Avid Group, Orchard, and Pandora without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-201 (or have authorized such activity) without obtaining authorization to do so.

**Two Hundred Second Claim – Copyright Infringement
Against Impressions, Orchard, and Pandora**

555.    Plaintiffs repeat each and every allegation of the Complaint.

556.    As a separate specific course of infringement, Defendants Impressions, Orchard, and Pandora have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-202. Exhibit B-202 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Impressions, Orchard, and Pandora without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-202 (or have authorized such activity) without obtaining authorization to do so.

**Two Hundred Third Claim – Copyright Infringement
Against Classics, "John Doe" Distributor, and Pandora**

557.    Plaintiffs repeat each and every allegation of the Complaint.

558.    As a separate specific course of infringement, Defendants Classics, "John Doe" Distributor, and Pandora have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-203. Exhibit B-203 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Classics, "John Doe" Distributor, and Pandora without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-203 (or have authorized such activity) without obtaining authorization to do so.

## Two Hundred Fourth Claim – Copyright Infringement
### Against Ideal Music, Ingrooves, and Pandora

559.   Plaintiffs repeat each and every allegation of the Complaint.

560.   As a separate specific course of infringement, Defendants Ideal Music, Ingrooves, and Pandora have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-204. Exhibit B-204 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Ideal Music, Ingrooves, and Pandora without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-204 (or have authorized such activity) without obtaining authorization to do so.

## Two Hundred Fifth Claim – Copyright Infringement
### Against OVC Media, "John Doe" Distributor, and Pandora

561.   Plaintiffs repeat each and every allegation of the Complaint.

562.   As a separate specific course of infringement, Defendants OVC Media, "John Doe" Distributor, and Pandora have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-205. Exhibit B-205 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants OVC Media, "John Doe" Distributor, and Pandora without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-205 (or have authorized such activity) without obtaining authorization to do so.

**Two Hundred Sixth Claim – Copyright Infringement**
**Against Gralin Music, Ingrooves, and Pandora**

563.   Plaintiffs repeat each and every allegation of the Complaint.

564.   As a separate specific course of infringement, Defendants Gralin Music, Ingrooves, and Pandora have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-206. Exhibit B-206 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Gralin Music, Ingrooves, and Pandora without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-206 (or have authorized such activity) without obtaining authorization to do so.

**Two Hundred Seventh Claim – Copyright Infringement**
**Against Jazz Co., Orchard, and Pandora**

565.   Plaintiffs repeat each and every allegation of the Complaint.

566.   As a separate specific course of infringement, Defendants Jazz Co., Orchard, and Pandora have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-207. Exhibit B-207 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Jazz Co., Orchard, and Pandora without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-207 (or have authorized such activity) without obtaining authorization to do so.

## Two Hundred Eighth Claim – Copyright Infringement
## Against Historical Jazz, Orchard, and Pandora

567.   Plaintiffs repeat each and every allegation of the Complaint.

568.   As a separate specific course of infringement, Defendants Historical Jazz, Orchard, and Pandora have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-208. Exhibit B-208 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Historical Jazz, Orchard, and Pandora without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-208 (or have authorized such activity) without obtaining authorization to do so.

## Two Hundred Ninth Claim – Copyright Infringement
## Against Hasmick Promotions Limited, Orchard, and Pandora

569.   Plaintiffs repeat each and every allegation of the Complaint.

570.   As a separate specific course of infringement, Defendants Hasmick Promotions Limited, Orchard, and Pandora have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-209. Exhibit B-209 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Hasmick Promotions Limited, Orchard, and Pandora without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-209 (or have authorized such activity) without obtaining authorization to do so.

**Two Hundred Tenth Claim – Copyright Infringement**
**Against Digital Gramophone, Orchard, and Pandora**

571.   Plaintiffs repeat each and every allegation of the Complaint.

572.   As a separate specific course of infringement, Defendants Digital Gramophone, Orchard, and Pandora have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-210. Exhibit B-210 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Digital Gramophone, Orchard, and Pandora without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-210 (or have authorized such activity) without obtaining authorization to do so.

**Two Hundred Eleventh Claim – Copyright Infringement**
**Against Plenty Jazz Records, Orchard, and Pandora**

573.   Plaintiffs repeat each and every allegation of the Complaint.

574.   As a separate specific course of infringement, Defendants Plenty Jazz Records, Orchard, and Pandora have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-211. Exhibit B-211 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Plenty Jazz Records, Orchard, and Pandora without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-211 (or have authorized such activity) without obtaining authorization to do so.

### Two Hundred Twelfth Claim – Copyright Infringement
### Against Broken Audio, Ingrooves, and Pandora

575.   Plaintiffs repeat each and every allegation of the Complaint.

576.   As a separate specific course of infringement, Defendants Broken Audio, Ingrooves, and Pandora have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-212. Exhibit B-212 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Broken Audio, Ingrooves, and Pandora without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-212 (or have authorized such activity) without obtaining authorization to do so.

### Two Hundred Thirteenth Claim – Copyright Infringement
### Against Railroad, Orchard, and Pandora

577.   Plaintiffs repeat each and every allegation of the Complaint.

578.   As a separate specific course of infringement, Defendants Railroad, Orchard, and Pandora have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-213. Exhibit B-213 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Railroad, Orchard, and Pandora without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-213 (or have authorized such activity) without obtaining authorization to do so.

**Two Hundred Fourteenth Claim – Copyright Infringement
Against Primephonic USA Inc., Naxos of America, and Pandora**

579.   Plaintiffs repeat each and every allegation of the Complaint.

580.   As a separate specific course of infringement, Defendants Primephonic USA Inc., Naxos of America, and Pandora have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-214. Exhibit B-214 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Primephonic USA Inc., Naxos of America, and Pandora without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-214 (or have authorized such activity) without obtaining authorization to do so.

**Two Hundred Fifteenth Claim – Copyright Infringement
Against Shami Media Inc., Believe Digital, and Pandora**

581.   Plaintiffs repeat each and every allegation of the Complaint.

582.   As a separate specific course of infringement, Defendants Shami Media Inc., Believe Digital, and Pandora have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-215. Exhibit B-215 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Shami Media Inc., Believe Digital, and Pandora without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-215 (or have authorized such activity) without obtaining authorization to do so.

**Two Hundred Sixteenth Claim – Copyright Infringement
Against Reloaded Music, Ingrooves, and Pandora**

583.   Plaintiffs repeat each and every allegation of the Complaint.

584.   As a separate specific course of infringement, Defendants Reloaded Music, Ingrooves, and Pandora have unlawfully reproduced and distributed unauthorized recordings of Plaintiffs' Subject Compositions including, but not limited to, the recordings identified in Exhibit B-216. Exhibit B-216 sets forth a non-exhaustive list of specific pirated recordings embodying Subject Compositions that have been reproduced and distributed by Defendants Reloaded Music, Ingrooves, and Pandora without authorization. These Defendants have willfully infringed, and are continuing to infringe, Plaintiffs' copyrights in the Subject Compositions by the methods identified in Exhibit B-216 (or have authorized such activity) without obtaining authorization to do so.

**Demand for Jury Trial**

585.   Pursuant to Federal Rule of Civil Procedure 38(b), and otherwise, Plaintiffs respectfully demand a trial by jury on all issues.

**Prayer for Relief**

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendants, jointly and severally on each Claim, as follows:

1.   A declaration that Defendants have infringed Plaintiffs' copyrights in the Subject Compositions in violation of the Copyright Act;

2.   A declaration that each of Defendants' infringements was willful;

3.   An award of statutory damages in amounts to be determined by the jury for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally;

1    4.    A permanent injunction barring the Defendants from continued

2  infringement of Plaintiffs' copyrights in the Subject Compositions pursuant to 17

3  U.S.C. § 502; and

4    5.    Reasonable attorneys' fees and costs of this action, statutory pre-

5  judgment interest, and such other relief as this Court may deem just and proper.

6

7  Dated:      Los Angeles, California

8             May 9, 2019

9                              SELF & POWERS

10

11             By:     /s/ Henry L. Self III
                     Henry L. Self III

12                   1645 Vine Street, Suite 307
                     Los Angeles, California 90028

13                   Telephone: (323) 487-0383

14                   SCHWARTZ, PONTERIO & LEVENSON, PLLC
                     Matthew F. Schwartz *

15                   Brian S. Levenson  *
                     134 West 29th Street, Suite 1006

16                   New York, New York 10001
                     Telephone: (212) 714-1200

17                   GISKAN SOLOTAROFF & ANDERSON LLP

18                   Oren S. Giskan  *
                     90 Broad Street, 10th Floor

19                   New York, New York 10004
                     Telephone: (212) 847-8315

20
                     ***Attorneys for Plaintiffs*    * *Pro Hac Vice to be filed*

21                   SA MUSIC, LLC and
                     HAROLD ARLEN TRUST

22

23

24

25

26

27

28