1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11 | SA Music, LLC, et al.,        ) Case No. **CV 19-4073-JFW(RAOx)**
                                   )
12 |                Plaintiff,     ) **STANDING ORDER**
                                   )
13 |        v.                     )
                                   )
14 | Apple, Inc., et al.,          )
                                   )
15 |                Defendants.    )
   | _____ )

16

17      **READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND**

18 **DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

19      This action has been assigned to the calendar of Judge

20 John F. Walter.  Both the Court and counsel[1] bear

21 responsibility for the progress of litigation in Federal

22 Court.  To secure the just, speedy, and inexpensive

23 determination of every action, all counsel are ordered to

24 familiarize themselves with the Federal Rules of Civil

25 Procedure, the Local Rules of the Central District of

26

27 _____

28      [1]Any reference in the Court's Standing Order (or any
other court order) to "counsel" or "attorney" applies to
parties appearing pro se unless the context requires
otherwise.

California, the General Orders of the Central District and the Judge's Procedures and Schedules found on the website for the United States District Court for the Central District of California (www.cacd.uscourts.gov).

1.  **<u>Service of the Complaint</u>**:

The plaintiff shall promptly serve the Complaint in accordance with Fed.R.Civ.P. 4 and shall file the proof(s) of service pursuant to the Local Rules.  **The plaintiff is hereby notified that failure to serve the Complaint as required by Fed.R.Civ.P. 4(m) will result in the dismissal of the Complaint against the unserved defendant(s)**.

2.  **<u>Presence of Lead Counsel</u>**:

Lead trial counsel shall attend all proceedings before this Court, including all scheduling, status, and settlement conferences.  Only <u>ONE</u> attorney for a party may be designated as lead trial counsel unless otherwise permitted by the Court.

3.  **<u>Electronic Filing and Courtesy Copies</u>:**

(a) Within ten days of a party's initial appearance, lead trial counsel shall file a declaration entitled, "Declaration of Lead Trial Counsel re: Compliance with Local Rules Governing Electronic Filing" which shall notify the Court that counsel has registered as an "ECF User."  The declaration shall include counsel's "E-Mail Address of Record" and shall state whether counsel has consented or elected not to consent to service and receipt of filed documents by electronic means.

/ / /

1     If counsel has not consented to the service and receipt
2  of filed documents by electronic means, counsel shall
3  immediately file and serve via U.S. Postal Service on all
4  parties who have appeared in the action a Notice advising all
5  parties that counsel has elected not to consent to electronic
6  service of documents in this action.
7     (b) All documents that are required to be filed in an
8  electronic format pursuant to the Local Rules shall be filed
9  electronically no later than 4:00 p.m. on the date due unless
10  otherwise ordered by the Court.  Any documents filed
11  electronically after 4:00 p.m. on the date due will be
12  considered late and may be stricken by the Court.  Any
13  documents which counsel attempt to file electronically which
14  are improperly filed will not be accepted by the Court.
15     (c) Counsel are ORDERED to deliver **2 copies** of all
16  documents filed electronically in this action to Chambers**.**
17  For each document filed electronically, one copy shall be
18  marked "CHAMBERS COPY" and the other copy shall be marked
19  "COURTESY COPY."  The "CHAMBERS COPY" and "COURTESY COPY" are
20  collectively referred to herein as "Courtesy Copies." The
21  Courtesy Copies of each electronically filed document must
22  include on each page the running header created by the ECF
23  system.  In addition, on the first page of each Courtesy
24  Copy, in the space between lines 1 - 7 to the right of the
25  center, counsel shall include the date the document was
26  e-filed and the document number. The Courtesy Copies shall
27  <u>not</u> be blue-backed. All documents must be stapled only in the
28  top left-hand corner, the electronic proof of service must be

attached as the last page of each document, and the exhibits attached to any document must be tabbed.  Counsel shall not staple the "COURTESY COPY" and "CHAMBERS COPY" together. The "COURTESY COPY"  and "CHAMBERS COPY" of all documents must be three-hole punched at the left margin with oversized 13/32" hole size, not the standard 9/32" hole size.  The Courtesy Copies shall be delivered to Chambers no later than 10:00 a.m. on the next business day after the document was electronically filed.

(d) For any document that is not required to be filed electronically, counsel are ORDERED to deliver 1 conformed copy of the document, which shall be marked "COURTESY COPY," to Chambers **at the time of filing**.

(e)  If the Court has granted an application to file documents under seal, the Court's Courtesy Copies shall include a complete version of the documents including any sealed documents. Each document that has been filed under seal shall include a notation identifying that the document has been filed under seal, and shall be highlighted to show the portion of the document that has been redacted. For example, if the Court orders Ex. A to a Declaration filed under seal, the Court's Courtesy Copies of the Declaration should include Ex. A as an attachment with a notation that it has been filed under seal pursuant to the Court's order and any redactions shall be highlighted.

(f)  In the unlikely event counsel finds it necessary to file a Notice of Errata: (1) the Notice of Errata shall specifically identify each error by page and line number and

1  set forth the correction; and (2) a corrected version of the

2  document in its entirety shall be attached to the Notice of

3  Errata.

4       (g) When a proposed order accompanies an electronic

5  filing, a WordPerfect or Word copy of the proposed order,

6  along with a copy of the PDF electronically filed main

7  document shall be e-mailed to JFW_Chambers@cacd.uscourts.gov.

8  The subject line of the e-mail shall be in the following

9  format: court's divisional office, year, case type, case

10 number, document control number assigned to the main document

11 at the time of filing, judge's initials and filer (party)

12 name.  Failure to comply with this requirement may result in

13 the denial or striking of the request or the Court may

14 withhold ruling on the request until the Court receives the

15 required documents.

16 **4.  Discovery:**

17      (a) All discovery matters have been referred to a United

18 States Magistrate Judge.  (The Magistrate Judge's initials

19 follow the Judge's initials next to the case number.)  All

20 discovery documents must include the words "DISCOVERY MATTER"

21 in the caption to ensure proper routing.  Counsel are

22 directed to contact the Magistrate Judge's Courtroom Deputy

23 to schedule matters for hearing.

24      All decisions of the Magistrate Judge shall be final,

25 subject to modification by the District Court only where it

26 is shown that the Magistrate Judge's Order is clearly

27 erroneous or contrary to law.  Any party may file and serve a

28 motion for review and reconsideration before this Court.  The

moving party must file and serve the motion within fourteen calendar days of service of a written ruling or within fourteen calendar days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling.  The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with a memorandum of points and authorities.  Counsel shall deliver a courtesy copy of the moving papers and responses to the Magistrate Judge.

(b) Counsel shall begin to actively conduct discovery before the Fed.R.Civ.P. 26(f) conference because at the Scheduling Conference the Court will impose tight deadlines to complete discovery.

**5.   Motions:**

(a) **Time for Filing and Hearing Motions:**

Motions shall be filed in accordance with the Local Rules.  This Court hears motions on **Mondays commencing at 1:30 p.m.**  Once a party has noticed a motion for hearing on a particular date, the hearing shall not be continued without leave of Court.  No supplemental briefs shall be filed without leave of Court.  Courtesy Copies shall be provided to the Court in accordance with paragraph 3 of this Order.  No motion shall be noticed for hearing for more than 35 calendar days after service of the motion unless otherwise ordered by the Court.  Documents not filed in compliance with the Court's requirements will be stricken and will not be considered by the Court.

/ / /

1      **(b) Local Rule 7-3:**

2      Among other things, Local Rule 7-3 requires counsel to

3 engage in a pre-filing conference "to discuss thoroughly,

4 *preferably in person*, the substance of the contemplated

5 motion and any potential resolution."  Counsel should discuss

6 the issues with sufficient detail so that if a motion is

7 still necessary, the briefing may be directed to those

8 substantive issues requiring resolution by the Court.

9      Many motions to dismiss or to strike could be avoided if

10 the parties confer in good faith especially for perceived

11 defects in a Complaint, Answer, or Counterclaim which could

12 be corrected by amendment.  *See, e.g., Eminence Capital, LLC*

13 *v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)(where a

14 motion to dismiss is granted, a district court should provide

15 leave to amend unless it is clear that the Complaint could

16 not be saved by any amendment).  The Ninth Circuit requires

17 that this policy favoring amendment be applied with "extreme

18 liberality." *Morongo Band of Mission Indians v. Rose*, 893

19 F.2d 1074, 1079 (9th Cir. 1990).

20      These principles require counsel for the plaintiff to

21 carefully evaluate the defendant's contentions as to the

22 deficiencies in the Complaint, and in most instances, the

23 moving party should agree to any amendment that would cure a

24 curable defect.  Counsel should, at the very least, resolve

25 minor procedural or other nonsubstantive matters during the

26 conference.

27      All 7-3 conferences shall be conducted by lead counsel

28 and shall take place via a communication method that, at a

minimum, allows all parties to be in realtime communication (letters and e-mail, for example, do not constitute a proper 7-3 conference).  Notwithstanding the exception for preliminary injunction motions in Local Rule 7-3, counsel contemplating filing a preliminary injunction motion shall comply with Local Rule 7-3 and meet and confer at least five days prior to the filing of such a motion. The pro se status of one or more parties does not excuse compliance with Local Rule 7-3.

Within three days of the conference, counsel shall file a joint statement indicating the date, duration, and communication method of the conference and the participants in the conference.  In addition, the joint statement shall detail the issues discussed and resolved during the conference and the issues remaining.  Failure to strictly comply with the Court's requirements or Local Rule 7-3 will result in the striking and/or the denial of the motion.

**(c) Length and Format of Motion Papers:**

**Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages.  Replies shall not exceed 12 pages.**  Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations.  Courtesy Copies of all evidence in support of or in opposition to a motion, including declarations and exhibits to declarations, shall be separated by a tab divider on the bottom of the page.  If evidence in support of or in opposition to a motion exceeds twenty-five pages, the Courtesy Copies of the evidence shall

be placed in separately bound volumes and include a Table of Contents.   If such evidence exceeds fifty pages, the Court's Courtesy Copies of such evidence shall be placed in a slant D-ring binder with each item of evidence separated by a tab divider on the right side.   All documents contained in the binder must be three hole punched with the oversized 13/32" hole size, not the standard 9/32" hole size.   The binder shall include a Table of Contents and the spine of the binder shall be labeled with its contents.

**Typeface shall comply with the Local Rules. NOTE: If Times Roman is used, the font size must be no less than 14; if Courier is used, the font size must be no less than 12.** Footnotes shall be in the same typeface and font size as the text and shall be used sparingly.

Documents which do not conform to the Local Rules and this Order will not be considered.

**(d) Citations to Case Law:**

Citations to case law **must** identify not only the case being cited, but the specific page referenced. In the event it is necessary to cite to Westlaw or Lexis, the Court prefers that counsel cite to Westlaw.   Hyperlinks to case citations must be included.

**(e) Citations to Other Sources:**

Statutory references should identify, with specificity, which sections and subsections are being referenced (*e.g.*, Jurisdiction over this claim for relief may appropriately be found in 47 U.S.C. § 33, which grants the district courts jurisdiction over all offenses of the Submarine Cable Act,

1  whether the infraction occurred within the territorial waters
2  of the United States or on board a vessel of the United
3  States outside said waters).  Statutory references which do
4  not specifically indicate the appropriate section and
5  subsection (*e.g.*, Plaintiffs allege conduct in violation of
6  the Federal Electronic Communication Privacy Act, 18 U.S.C. §
7  2511, *et seq.*) are to be **avoided**.  Citations to treatises,
8  manuals, and other materials should similarly include the
9  volume and the section referenced.

10       **(f)  Proposed Statement of Decision**

11       Within two days of the deadline for filing the Reply,
12  each party shall lodge a Proposed Statement of Decision,
13  which shall contain a statement of the relevant facts and
14  applicable law with citations to case law and the record.
15  The Proposed Statement of Decision shall not exceed ten pages
16  and shall be in a form that would be appropriate for the
17  Court to enter as its final order on the motion.   The
18  Proposed Statement of Decision shall be submitted to the
19  Court in accordance with the Local Rules. Failure to lodge
20  the Proposed Statement of Decision will result in the denial
21  or granting of the motion.

22       **(g) Opposing Papers**

23       Within the deadline prescribed by the Local Rules, a
24  party opposing a motion shall file: (1) an Opposition; or (2)
25  a Notice of Non-Opposition.  If a party files a Notice of
26  Non-Opposition to a motion under Federal Rule of Civil
27  Procedure 12(b), (e), or (f), that party shall state whether
28  / / /

it intends to file an amended complaint in accordance with
Federal Rule of Civil Procedure 15(a)(1).

**Failure to timely respond to any motion shall be deemed
by the Court as consent to the granting of the motion.  *See*
Local Rules.**

**(h)   Amended Pleadings**

Whenever a plaintiff files an amended pleading, a
redlined version of the amended pleading shall be filed and
delivered to Chambers indicating all additions and deletions
to the prior version of that pleading.

In addition to the requirements of the Local Rules, all
motions to amend the pleadings shall: (1) state the effect of
the amendment; and (2) state the page, line number(s), and
wording of any proposed change or addition of material.

In the event the Court grants a motion to dismiss without
prejudice to filing an amended complaint, the plaintiff shall
file an amended complaint within the time period specified by
the Court.  If no time period is specified by the Court, the
plaintiff shall file an amended complaint within fourteen
calendar days of the date of the order granting the plaintiff
leave to file an amended complaint.  Failure to file an
amended complaint within the time allotted will result in the
dismissal of the action with prejudice.

**6.   Ex Parte Applications:**

Ex parte applications are solely for extraordinary
relief.  *See Mission Power Eng'g Co. v. Continental Cas. Co.*,
883 F. Supp. 488 (C.D. Cal. 1995).  Applications that fail to
conform with the Local Rules, including a statement of

opposing counsel's position, will not be considered.  In addition to electronic service, the moving party shall immediately serve the opposing party by fax or hand service and shall notify the opposing party that any opposition must be filed not later than twenty-four hours after the filing of the ex parte application.  If counsel does not intend to oppose the ex parte application, counsel shall immediately inform the Courtroom Deputy by e-mail and immediately file a Notice of Non-Opposition.  The Court considers ex parte applications on the papers and usually does not set the matters for hearing.  Courtesy Copies of all moving, opposition, or non-opposition papers shall be provided to the Court in accordance with paragraph 3 of this Order.  The Courtroom Deputy will notify counsel of the Court's ruling or a hearing date and time, if the Court determines a hearing is necessary.

**7.   Applications or Stipulations to Extend the Time to File any Required Document or to Continue Any Date:**

No applications or stipulations extending the time to file any required document or to continue any date are effective until and unless the Court approves them. Applications and/or stipulations to extend the time to file any required document or to continue any hearing, Pre-Trial date, or the Trial date, must set forth the following:

(a)  the existing due date or hearing date, as well as all dates set by the Court, including the discovery cut-off date, the Pre-Trial Conference date, and the Trial date;

(b) the new dates proposed by the parties;

12

1    (c) specific, concrete reasons supporting good cause for

2    granting the extension; and

3    (d) whether there have been prior requests for extensions

4    by any party, and whether those requests were granted or

5    denied by the Court.

6    All applications and stipulations must be accompanied by

7    a separate and independent proposed order which must be

8    submitted to the Court in accordance with the Local Rules.

9    Failure to submit a separate proposed order may result in the

10   denial of the application or stipulation or the Court may

11   withhold ruling on the application or stipulation until the

12   Court receives a separate proposed order.

13   **8.    Temporary Restraining Orders and Injunctions:**

14   **(a)  Documentation Required:**

15   Parties seeking emergency or provisional relief shall

16   comply with Fed.R.Civ.P.65 and the Local Rules.  An ex parte

17   application for a temporary restraining order must be

18   accompanied by:  (1) a copy of the complaint; (2) a separate

19   memorandum of points and authorities in support of the

20   application; (3) the proposed temporary restraining order and

21   a proposed order to show cause why a preliminary injunction

22   should not issue; and (4) such other documents in support of

23   the application which the party wishes the Court to consider.

24   Courtesy Copies of these documents shall be immediately

25   delivered to Chambers.

26   **(b)  Notice of Ex Parte Applications:**

27   Unless relieved by order of the Court for good cause

28   shown, on or before the day counsel files an ex parte

application for a temporary restraining order, counsel must
personally serve notice and all documents in support of the
ex parte application and a copy of the Court's Standing Order
on opposing counsel or party.  Counsel shall also notify the
opposing party that any opposition must be filed no later
than twenty-four hours after the service of the ex parte
application.  Counsel shall immediately file a Proof of
Service.

    If counsel does not intend to oppose the ex parte
application, counsel shall immediately inform the Courtroom
Deputy by e-mail and immediately file a Notice of Non-
Opposition.  The Court considers ex parte applications on the
papers and usually does not set the matter for hearing.
Courtesy Copies of all moving, opposition, or non-opposition
papers shall be provided to the Court in accordance with
paragraph 3 of this Order.  The Courtroom Deputy will notify
counsel of the Court's ruling or a hearing date and time, if
the Court determines a hearing is necessary.

**9.   <u>Proposed Protective Orders and Filings Under Seal</u>:**

    Protective orders pertaining to discovery must be
submitted to the assigned Magistrate Judge.  Proposed
protective orders should not purport to allow, without
further order of Court, the filing under seal of pleadings or
documents filed in connection with a hearing or trial before
the Court.  The existence of a protective order does not
alone justify the filing of pleadings or other documents
under seal, in whole or in part.
/ / /

An application to file documents under seal must meet the requirements of the Local Rules and shall be limited to three documents by a party, unless otherwise ordered by the Court. The application to file documents under seal should not be filed under seal.  There is a strong presumption of the public's right of access to judicial proceedings and records in civil cases.  In order to overcome the presumption in favor of access, the movant must demonstrate compelling reasons (as opposed to good cause) for the sealing if the sealing is requested in connection with a dispositive motion or trial, and the relief sought shall be narrowly tailored to serve the specific interest sought to be protected. *Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665 (9th Cir. 2010), *Kamakana v. City and County of* Honolulu, 447 F.3d 1172 (9th Cir. 2006), *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

For each document or other type of information sought to be filed under seal, the party seeking protection must articulate compelling reasons supported by specific facts or legal justification that the document or type of information should be protected.  The facts supporting the application to file documents under seal must be provided by a declaration. The declaration shall attach an unredacted copy of each document to be filed under seal.  The parties are ordered to highlight the portion of the document containing counsel's proposed redactions.  Documents that are not confidential or privileged in their entirety will not be filed under seal if the confidential portions can be redacted and filed

separately.  The declarations in support of the application to file documents under seal shall include an explanation of why redaction is not feasible.

If the parties anticipate requesting the Court to file more than three documents under seal in connection with any motion, they shall identify all such documents that will be required to support and oppose the motion during the Local Rule 7-3 conference.  The parties shall then meet and confer in order to determine if the documents satisfy the "compelling need" standard for "sealing" each document. Thereafter, the parties shall file a joint application and lodge a proposed order to file under seal all such documents with the required showing as to each document.  The joint application shall be filed promptly so that the Court may rule on the application before the filing date for the motion.  The parties shall not file any pleadings containing documents they have requested the Court to file under seal until the Court acts on the application to file under seal.

If a party wishes to file a document that has been designated confidential by another party, the submitting party must give any designating party five calendar days notice of intent to file.  If the designating party objects, it should notify the submitting party and file an application to file documents under seal within two court days.

If an application to file documents under seal is denied in part or in full, the lodged documents will not be filed. The Courtroom Deputy will notify the submitting party, and hold the lodged documents for three court days to allow the

submitting party to retrieve the documents.  If the documents
are not retrieved, the Courtroom Deputy will dispose of the
documents.

If the Court grants an application to file documents
under seal, the parties shall file within two days of the
Court's Order a complete version of the documents under seal
and a redacted version for public viewing (omitting only such
portions as the Court has ordered to be filed under seal).
The Court's Courtesy Copies of all documents filed under seal
shall include a complete version of the documents with a
notation identifying that the document has been filed under
seal and shall be highlighted to show the portion of the
document that has been redacted. Should counsel fail to file
the under seal version and redacted version of the documents,
the Court will strike any motion that relies on or relates to
those documents and/or file those documents in the public
record.

**10.  <u>Cases Removed From State Court</u>:**

All documents filed in state court, including documents
attached to the Complaint, Answer(s), and Motion(s), must be
re-filed in this Court as a separate supplement to the Notice
of Removal.  The supplement must be in a separately bound
volume and shall include a Table of Contents.  If the
defendant has not yet answered or moved, the Answer or
responsive pleading filed in this Court must comply with the
Federal Rules of Civil Procedure and the Local Rules of the
Central District.  If before the case was removed a motion
/ / /

1   was pending in state court, it must be re-noticed in
2   accordance with the Local Rules.

3   **11.   <u>Actions Transferred From Another District</u>**

4        Counsel shall file, within ten days of transfer, a Joint
5   Report summarizing the status of the action which shall
6   include a description of all motions filed in the action and
7   the transferor court's ruling on the motions.  In addition,
8   counsel shall deliver (but not file) one courtesy copy to
9   Chambers of each document on the docket of the transferor
10  court.  On the first page of each courtesy copy, in the space
11  between lines 1 - 7, to the right of the center, counsel
12  shall include the date the document was filed and the
13  document number.  The courtesy copies shall be placed in a
14  slant D-ring binder in chronological order with each document
15  separated by a tab divider on the right side.  All documents
16  contained in the binder must be three hole punched with the
17  oversized 13/32" hole size, not the standard 9/32" hole size.
18  The binder shall include a Table of Contents and the spine of
19  each binder shall be labeled with its contents.  The courtesy
20  copies shall be delivered to Chambers within ten days of the
21  transfer.

22  **12.   <u>Status of Fictitiously Named Defendants</u>:**

23       This Court adheres to the following procedures when a
24  matter is removed to this Court on diversity grounds with
25  fictitiously named defendants referred to in the Complaint:

26       (a) Plaintiff shall ascertain the identity of and serve
27  any fictitiously named defendants within 90 days of the date
28  that the Complaint was filed in State Court.

(b) If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within the 90-day period, an ex parte application requesting permission to extend the period to effectuate service may be filed with the Court.  Such application shall state the reasons therefore, and will be granted only upon a showing of good cause.  The ex parte application shall be served upon all appearing parties, and shall state that appearing parties may respond within seven calendar days of the filing of the ex parte application.

(c) If plaintiff desires to substitute a named defendant for one of the fictitiously named defendants, plaintiff shall first seek the consent of counsel for all defendants (and counsel for the fictitiously named party, if that party has separate counsel). If consent is withheld or denied, plaintiff shall file an ex parte application requesting such amendment, with notice to all appearing parties.  Each party shall have seven calendar days to respond.  The ex parte application and any response should comment not only on the substitution of the named party for a fictitiously named defendant, but on the question of whether the matter should thereafter be remanded to the Superior Court if diversity of citizenship is destroyed by the addition of the new substituted party.

**13.  Bankruptcy Appeals:**

Counsel shall comply with the Notice Regarding Appeal From Bankruptcy Court issued at the time the appeal is filed in the District Court.  Counsel are ordered to notify the Court in a joint report if the Certificate of Readiness has

1 not been prepared by the Clerk of the Bankruptcy Court and

2 submitted to the Clerk of the District Court within 90 days

3 of the date of this Order.

4       The matter is considered submitted upon the filing of the

5 final brief.  No oral argument is held unless ordered by the

6 Court.

7 **14.   Communications with Chambers:**

8       Counsel shall not attempt to contact the Court or its

9 Chambers staff by telephone or by any other ex parte means,

10 although counsel may contact the Courtroom Deputy at

11 shannon_reilly@cacd.uscourts.gov with appropriate inquiries.

12 To facilitate communication with the Courtroom Deputy,

13 counsel should list their facsimile transmission numbers and

14 e-mail address along with their telephone numbers on all

15 papers.

16 **15.   Notice of This Order:**

17       Counsel for plaintiff shall immediately serve this Order

18 on all parties, including any new parties to the action.  If

19 this case came to the Court by noticed removal, defendant

20 shall serve this Order on all other parties.

21 **Caveat:  If counsel fail to cooperate in the preparation of**

22 **the required Joint Rule 26 Report or fail to file the**

23 **required Joint Rule 26 Report, or if counsel fail to appear**

24 **at the Scheduling Conference, the Pre-Trial Conference and/or**

25 **any other proceeding scheduled by the Court, and such failure**

26 **is not otherwise satisfactorily explained to the Court: (a)**

27 **the cause shall stand dismissed for failure to prosecute, if**

28 **such failure occurs on the part of the plaintiff; (b) default**

1 | **judgment shall be entered if such failure occurs on the part**
2 | **of the defendant; or (c) the Court may take such action as it**
3 | **deems appropriate.**
4 |
5 |         IT IS SO ORDERED.
6 |
7 | DATED:    May 13, 2019    _____
8 |                                JOHN F. WALTER
                                   UNITED STATES DISTRICT JUDGE
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
Rev. 8/1/17
28 |