Henry L. Self III (California State Bar No. 223153)
Ryan W. Powers (California State Bar No. 291784)
SELF & POWERS
1645 Vine Street, Suite 307
Los Angeles, California 90028-8805
Phone: (323) 487-0383
Fax: (323) 487-0384
E-mail: hself@selfandpowers.com
E-mail: rpowers@selfandpowers.com

Matthew F. Schwartz  * *Pro Hac Vice application pending*
Brian S. Levenson  * *Pro Hac Vice application pending*
SCHWARTZ, PONTERIO & LEVENSON, PLLC
134 West 29th Street, Suite 1006
New York, New York 10001
Phone: (212) 714-1200
Fax: (212) 714-1264
E-mail: mschwartz@splaw.us
E-mail: blevenson@splaw.us

Oren S. Giskan  * *Pro Hac Vice application pending*
GISKAN SOLOTAROFF & ANDERSON LLP
90 Broad Street, 10th Floor
New York, New York 10004
Phone: (212) 847-8315
Fax: (646) 520-3237
E-mail: ogiskan@gslawny.com

*Attorneys for Plaintiffs*
SA MUSIC, LLC and
HAROLD ARLEN TRUST

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SA MUSIC, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., *et al.*,<br><br>Defendants | Case No. 2:19-cv-04073-JFW-RAO<br><br>**DECLARATION OF RYAN W. POWERS REGARDING JOINDER OF MULTIPLE COPYRIGHT CLAIMS**<br><br>[Local Rule 19-2] |

Pursuant to Local Rule 19-2, plaintiffs submit the following declaration setting forth the grounds that show the interests of justice will be advanced, and a multiplicity of lawsuits avoided, by the joinder of all two hundred and sixteen (216) causes of action in the Complaint (Docket No. 1).

I, RYAN W. POWERS, declare as follows:

1. I am an attorney licensed to practice law in the State of California and I have been admitted to the Bar of this Court. I am a partner in the law firm of Self & Powers, attorneys of record for plaintiffs in this action. I have personal knowledge of the matters set forth herein.

2. I make this declaration pursuant to Local Rule 19-2 regarding the joinder of Plaintiffs' claims in a single action. Local Rule 19-2 provides:

> No complaint or petition alleging violation of copyright, patent or trademark shall contain causes of action of different owners claiming violation of different copyrights, patents or trademarks, unless the complaint or petition is accompanied by a declaration of counsel setting forth grounds showing that the interests of justice will be advanced, and a multiplicity of actions avoided, by such joinder.

3. This is an action to recover damages and equitable relief for the intentional and willful infringement of 45 of Plaintiffs' copyrighted songs (identified in Exhibit A of the Complaint – Dkt No. 1-1)(the "Subject Compositions") by Defendants' unauthorized reproduction and distribution of those songs.

4. The complaint alleges that Subject Compositions have been infringed by various combinations of Defendants in two hundred sixteen separate claims of infringement.

5. Plaintiffs are the legal and/or beneficial owners of all the Subject Compositions as identified in Exhibit A,[1] along with all accrued causes of action.

6. Plaintiffs seek remedies available to them under the copyright laws of the United States, including actual or statutory damages (at Plaintiffs' election,

---

[1] Plaintiffs' ownership share of each composition is specified in Exhibit A of

when appropriate - 17 U.S.C. § 504) and costs including reasonable attorney's fees (id., § 505).

7. In the interest of judicial economy and to avoid an unnecessary multiplicity of lawsuits, the 216 claims asserted in the Complaint by two plaintiffs should be joined in one action because, as explained in the Complaint, they all arise out of the same facts and circumstances, involve many of the same defendants, raise identical issues of law, and will require testimony from the same witnesses.

8. Courts have long permitted several copyright owners to join together as plaintiffs in cases involving infringement claims implicating multiple copyrights, such as the instant action. *See, e.g., 25 Twentieth Century Music Corp. v. Aiken,* 422 U.S. 151 (1975); *K-91, Inc. v. 26 Gershwin Publ'ing Corp.*, 372 F.2d 1 (9th Cir. 1957); *Red Cloud Music Co. v. 27 Schneegarten, Inc.,* 27 U.S.P.Q.2d 1319 (C.D. Cal. 1992).

9. For the foregoing reasons, Plaintiffs should be permitted to prosecute their claims in a single action.

I declare under penalty of perjury the foregoing is true and correct. Executed on this 17 day of May, 2019, at Los Angeles, California.

_____
Ryan W. Powers