KENNETH L. STEINTHAL (Bar No. 268655)
 ksteinthal@kslaw.com
JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 jakro@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants Amazon.com, Inc.,
Amazon Digital Services LLC, The Orchard Enterprises, Inc.,
Orchard Enterprises, NY, Inc., and Believe SAS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SA MUSIC LLC et al.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC. et al.,<br><br>Defendants. | Case No. 2:19-cv-04073-JFW-RAO<br>[*The Honorable John F. Walter*]<br><br>**PRE-MOTION JOINT STATEMENT UNDER LOCAL RULE 7-3 CONCERNING DEFENDANTS AMAZON, THE ORCHARD, AND BELIEVE SAS'S MOTION TO DISMISS THE COMPLAINT**<br><br>Complaint Filed: May 9, 2019 |

By and through their attorneys of record, the parties hereby submit this Pre-Motion Joint Statement pursuant to Local Rule 7-3 and the Court's Standing Order (Dkt. No. 13) concerning Defendants Amazon.com, Inc. and Amazon Digital Services LLC ("Amazon"), The Orchard Enterprises, Inc. and Orchard Enterprises, NY, Inc. ("The Orchard"), and Believe SAS's (collectively, "Defendants") motion to dismiss the complaint.

On August 12, 2019, counsel for Plaintiffs and Defendants conferred by telephone for approximately 30 minutes pursuant to Local Rule 7-3 to discuss Defendants' contemplated motion to dismiss the complaint for lack of personal jurisdiction and improper venue.  Matthew Schwartz, Esq. and Oren Giskan, Esq. participated on behalf of Plaintiffs.  Kenneth Steinthal, Esq. and Blake Cunningham, Esq. participated on behalf of Defendants.  The parties did not resolve any disputed issues.

***Defendants' Contentions:***  Defendants contend that this court lacks personal jurisdiction over them with respect to this lawsuit.  The Supreme Court has identified two categories of personal jurisdiction: "general" and "specific or conduct-linked" jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014).  Here, general jurisdiction in California is inapplicable because none of the three Defendants is incorporated in California nor maintains its principal place of business in California. *See id.* at 139. Nor is any of the three Defendants subject to specific personal jurisdiction in California.  For specific personal jurisdiction to exist, the cause of action must "arise[] from the defendant's contacts with the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Here, Plaintiffs have fallen short of alleging specific contacts or actions aimed at California.  Accordingly, Defendants contemplate filing a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

Defendants also contend that venue is improper in this district.  Venue in a copyright action is governed by 28 U.S.C. § 1400, which provides that "civil actions . . . arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found."  A defendant in a copyright infringement litigation "may be found" in a particular district where its contacts with the particular district would support personal jurisdiction. *See, e.g., Unicolors Inc. v. Myth Clothing Co. Inc.*, 2016 WL 738289 (C.D. Cal. Feb. 22, 2016).  As stated

2

PRE-MOTION JOINT STATEMENT UNDER LOCAL RULE 7-3 CONCERNING DEFENDANTS AMAZON, THE ORCHARD, AND BELIEVE SAS'S MOTION TO DISMISS THE COMPLAINT

above, this court lacks personal jurisdiction over the Defendants. As part of the contemplated motion to dismiss, The Orchard intends to request that, as an alternative to deciding the personal jurisdiction question, the court transfer venue to the Southern District of New York under 28 USC §§ 1404, 1406 and on the basis of forum non conveniens. A transfer of venue is appropriate given (i) the location of witnesses in New York or in closer proximity to New York, (ii) that New York is a more geographically convenient venue for the majority of the parties, (iii) that more of the alleged events giving rise to the case would have occurred in the Southern District of New York than the Central District of California, and (iv) the Southern District of New York is capable of hearing this case.

***Plaintiffs' Contentions:***

A recent Ninth Circuit decision makes it clear there is personal jurisdiction over Amazon, Believe, and Orchard. *Hydentra HLP Int. Limited v. Sagan Limited*, 2019 WL 3492486 (9th Cir. Aug. 1 2019) states the personal jurisdiction analysis as follows: (1) The non-resident defendant must purposefully direct his activities **or consummate some transaction with the forum or resident thereof** . . . ; (2) the claim must be one which arises out of or relates to the defendants' forum related activites; and (3) the exercise of jurisdiction must comport with fair play and reasonable justice, i.e. it must be reasonable.

Here, (1) Amazon consummated a distribution agreement with Ingrooves, a California corporation, for the rights to sell downloads of millions of Ingrooves tracks, including the tracks identified in Exhibit B. Amazon then consummated a second series of transactions with California residents when it sold permanent downloads of the tracks on Exhibit B to California residents. (2) The copyright infringement claims in the lawsuit directly arise from Amazon's transactions with Ingrooves and California residents. (3) It is reasonable for Amazon to litigate in California because, in addition to its specific contracts with Ingrooves for pirated material and sales of pirated material consumers, Amazon is subject to general

jurisdiction as a result of enormous activities in California. *Daimler* at 761("[the Supreme Court in] *Goodyear* did not hold that a corporation is subject to general jurisdiction only in a forum where it is incorporated or has its principal place of business; it simply typed those places paradigm all-purpose forums."). The sheer scope of Amazon's economic activity in California exceeds those of all but a few of the businesses that have ever operated here. For example, Amazon presently employs over 30,000 people in California and has invested $34.5 billion in its business activities in the state, just since 2010. This includes the construction and operation of 20 customer fulfillment centers, research facilities, and cloud infrastructure, not to mention the ubiquitous delivery of products form Amazon.com to customers in California. The sheer scope of these activities and investments subject Amazon to general jurisdiction in California and undermine any attempt by Amazon to argue that it would be unreasonable for Amazon to litigate in California.

Similarly, distributors Orchard and Believe have consummated transactions with California digital music stores, Defendant Apple's iTunes and defendant Google's Google Play music store, and defendant Pandora's Pandora Premium store, to distribute their catalogs of pirated recordings, including the recordings identified in Exhibit B of the Complaint (Dkt. 1-2) to their California music stores for sale to California consumers. Plaintiffs' copyright infringement claims directly arise from the Orchard and Believe's contracts with defendants Apple, Google and Pandora. It is reasonable for the Court exercise personal jurisdiction over Orchard and Believe and they should reasonably expect to be haled into Court in California when they distribute and sell their pirated recordings to California consumers through California digital music stores.

Believe is also subject to personal jurisdiction in this Court under Federal Rule 4(k)(2).[1] Federal Rule 4(k)(2), the federal long-arm statute, authorizes a district

---

[1] Unless Believe concedes to jurisdiction in a particular location, the Court should

court's exercise of personal jurisdiction over a defendant if (1) the claim arises under federal law; (2) the defendant is not subject to personal jurisdiction of any state court of jurisdiction; and (3) exercising jurisdiction comports with due process. *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007). Here, the first and second factors are satisfied because copyright infringement is a federal claim (28 U.S.C. §1338) and Believe has not admitted it is to subject to personal jurisdiction in any state court.

The due process analysis under the third part of the federal long-arm statute is nearly identical to traditional personal jurisdiction analysis, *Holland Am. Line Inc.*, 485 F.3d at 462 (9th Cir. 2007), which requires (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident therof . . . ; (2) the claim must be one that rises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Mavrix Photo, Inc. v. Brand Tech, Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011).

The Ninth Circuit has held that "copyright infringement is a tort-like cause of action, [and] purposeful direction 'is the proper analytical framework." *Mavrix Photo, Inc. v. Brand Tech, Inc*. 647 F.3d 1218, 1228 (9th Cir. 2011); see *IO Group, Inc. v. Pivotal, Inc.*, 2004 WL 838164, at *5 (N.D. Cal. Apr. 19, 2004) ("Copyright infringement may be characterized as an intentional tort."). The Ninth Circuit has also held that "[t]he economic loss caused by the intentional infringement of a plaintiff's copyright is foreseeable." *Marvix* at 1231. In addition, the Ninth Circuit has "repeatedly held that a corporation incurs economic loss, for jurisdictional purposes, in the forum of its principal place of business," which plaintiffs allege is in the United States. Thus, as all facts must be construed in plaintiffs' favor, it is not unreasonable to infer that the foreseeable economic harm alleged would have been

---

deem it to argue it is a foreign entity not subject to jurisdiction in the United States. *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007).

PRE-MOTION JOINT STATEMENT UNDER LOCAL RULE 7-3 CONCERNING DEFENDANTS AMAZON, THE ORCHARD, AND BELIEVE SAS'S MOTION TO DISMISS THE COMPLAINT

suffered in the United States, as it was in *CollegeSource, Inc. v. Academy One, Inc.*, 653 F.3d 1066, 1079 (9th Cir. 2011).

The mere fact that defendants are foreign without more is not enough to show that exercising personal jurisdiction would be unreasonable, otherwise it would always prevent a suit against a foreign national in a United States court. Roth, 942 F.2d at 623–24 (quotations omitted). See *L.A. Gem & Jewelry Design, Inc. v. An & Associates Co. Inc.*, 2017 WL 6209816, at *9 (C.D.Cal 2017)("Rule 4(k)(2) only exists because the United States has an important interest in ensuring that federal laws are enforced in federal court against foreign defendants who might otherwise evade state long arm statutes. Fed. R. Civ. P. 4(k) advisory committee's notes to 1993 amendment (citing *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 111 (1987).

Believe fails to show that exercising jurisdiction would be unreasonable, particularly where Believe decided to sell pirated recordings of Plaintiffs' copyrighted musical works in the U.S. and in particular to California digital music stores such as Apple's iTunes and the Google Play music stores. Believe has not identified any burden under the seven-factor balancing test used by the Ninth Circuit to determine whether exercise of jurisdiction is reasonable. *CollegeSource*, 653 F.3d at 1079.

Furthermore, the largest pirate record label in the case is Cleopatra Records which is a California corporation with offices in Los Angeles. Orchard consummated a distribution agreement with Cleopatra to distribute its catalog to California digital music stores including Apple and Google. Finally, Orchard maintains offices in Los Angeles.

## Venue

The venue provision of the Copyright Act, 28 U.S.C. § 1400(a), provides, in pertinent part: "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights ... may be instituted in the district in which the defendant or

his agent resides or may be found." The Ninth Circuit "interprets this provision to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010). In other words, the analysis of venue under the Copyright Act is, in large part, coterminous with the analysis on a motion to dismiss for lack of personal jurisdiction. Because the Court can exercise personal jurisdiction over Amazon, Orchard and Believe, each defendant can be found in this district, and venue in this district is therefore proper under 28 U.S.C. § 1400(a).

Furthermore, this case has little connection to New York. Two of the four digital music stores, Apple and Google, are located in California (the other two, Microsoft and Amazon are in Washington), as is the distributor Ingrooves, and the largest pirate label in the case, Cleopatra. All of the records in this digital piracy case are digital and to the extent there is any witness in New York, plaintiffs will depose them there.

The venue provision of the Copyright Act, 28 U.S.C. § 1400(a), provides, in pertinent part: "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights ... may be instituted in the district in which the defendant or his agent resides or may be found." The Ninth Circuit "interprets this provision to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010). In other words, the analysis of venue under the Copyright Act is, in large part, coterminous with the analysis on a motion to dismiss for lack of personal jurisdiction. Because the Court can exercise personal jurisdiction over Amazon, Orchard and Believe, venue in this district is therefore proper under 28 U.S.C. § 1400(a).

Defendants' argument that New York is the more convenient forum is belied by the fact that their Counsel is in Los Angeles. Witnesses in this case are geographically dispersed and no one forum is convenient for everyone. The

Central District of California has a significant connection to the claims in this lawsuit and is an appropriate venue for this action.

DATED: August 15, 2019        Respectfully submitted,

By:   */s/Kenneth L. Steinthal*
Kenneth L. Steinthal (SBN 268655)
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
E-mail: ksteinthal@kslaw.com
*Attorneys for Defendants AMAZON.COM, INC., AMAZON DIGITAL SERVICES LLC, THE ORCHARD ENTERPRISES, INC., ORCHARD ENTERPRISES, NY, INC., and BELIEVE SAS*

| | | |
|---|---|---|
| DATED: August 15, 2019 | | Respectfully submitted, |
| | By: | /s/Matthew F. Schwartz |
| | | Matthew F. Schwartz (*Pro Hac Vice*) |
| | | Brian S. Levenson (*Pro Hac Vice*) |
| | | SCHWARTZ, PONTERIO & LEVENSON, PLLC |
| | | 134 West 29th Street, Suite 1006 |
| | | New York, New York 10001 |
| | | Phone: (212) 714-1200 |
| | | E-mail: mschwartz@splaw.us |
| | | E-mail: blevenson@splaw.us |
| | | |
| | | Oren S. Giskan (*Pro Hac Vice*) |
| | | GISKAN SOLOTAROFF & ANDERSON LLP |
| | | 90 Broad Street, 10th Floor |
| | | New York, New York 10004 |
| | | Phone: (212) 847-8315 |
| | | E-mail: ogiskan@gslawny.com |
| | | |
| | | Allen Hyman (California State Bar No. 73371) |
| | | LAW OFFICES OF ALLEN HYMAN |
| | | 10737 Riverside Drive |
| | | North Hollywood, CA 91602 |
| | | Phone: (818) 763-6289 |
| | | E-mail: lawoffah@aol.com |
| | | *Attorneys for Plaintiffs* |
| | | *SA MUSIC, LLC and HAROLD ARLEN TRUST* |

9

PRE-MOTION JOINT STATEMENT UNDER LOCAL RULE 7-3 CONCERNING DEFENDANTS AMAZON, THE ORCHARD, AND BELIEVE SAS'S MOTION TO DISMISS THE COMPLAINT

**ATTESTATION REGARDING SIGNATURES**

I, Kenneth Steinthal, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: August 15, 2019         By:  */s/Kenneth Steinthal*
                                    Kenneth Steinthal